UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CARL A. BARNES                    )
DC Jail                           )
1903 E Street, SE                 )
Washington, DC 20021              )
DCDC 278-872,                     )
                                  )
DERNARD HAWKINS                   )
DC Jail                           )
1903 E Street, SE                 )
Washington, DC 20021              )
DCDC 281-828                      )
                                  )
TONEY JAMES MALLOY                )
DC Jail                           )
1903 E Street, SE                 )
Washington, DC 20021              )
DCDC 289-872                      )
_____         )
DAVID PETERSON_____     )
DC Jail                           )
1903 E Street, SE                 )
Washington, DC 20021              )
DCDC 252-552                      )
            and                   )
                                  )
MAURICE WILLIAMS                  )                              )
DC Jail                           )
1903 E Street, SE                 )
Washington, DC 20021              )
DCDC 197-245                      )
                                  )
On behalf of all others           )
similarly situated,               )
                                  )

1

```
         Plaintiffs              )
                                 )
              v.                 )
                                 )
GOVERNMENT OF THE DISTRICT OF COLUMBIA)

SERVE:  Mayor ANTHONY WILLIAMS)
Or his designee                  )
Office of the Secretary          )
Gladys Herring                   )
John Wilson Building             )
1350 Pennsylvania Avenue, N.W.   )
Washington, D.C.  20004          )
                      Defendant  )

_____ )
```

<u>CLASS ACTION</u>

<u>FIRST AMENDED COMPLAINT FOR INDIVIDUAL MONEY DAMAGES
AND CLASS INJUNCTIVE RELIEF AND JURY DEMAND</u>

**Formatted:** Underline

<u>Introduction</u>

1.     This is an action brought by each of Carl A. Barnes, Dernard

Hawkins, David Peterson, Toney James Malloy and Maurice Williams (the

"Overdetention Named Plaintiffs") on his own behalf and on behalf of the class

defined below injured (or presently subject to injury) by the Government of the

District of Columbia's recently revived pattern and practice of allowing its

Department of Corrections to overdetain inmates, and by the District's deliberate

indifference to the effect of the practice of overdetention on the rights of inmates.

To overdetain means holding a detainee or prisoner in a District of Columbia

Department of Corrections ("Department of Corrections") facility past midnight of his or her release date, as defined below.

2.      This is also an action brought by Carl A. Barnes, David Peterson, Toney James Malloy and Maurice Williams (the "Strip Search Named Plaintiffs") on his own behalf and on behalf of a Strip Search Class of individuals who were injured (or presently subject to injury) by the District's conduct in subjecting them to blanket strip searches and visual body cavity searches (both described below) after they were returned to a Department of Corrections facility after a judicial determination that there was no longer a basis for their detention, other than to be processed for release, and by District's deliberate indifference to the effect of the practice of blanket strip searches and visual body cavity searches on the rights of inmates.

3.      The Overdetained Named Plaintiffs bring this action against the Government of the District of Columbia under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, to enforce the Fourth, Fifth and Eighth Amendments, for injuries suffered by them, because the District overdetained them and other members of the class at a Department of Corrections facility.

4.      The Strip Search Named Plaintiffs bring this action against the Government of the District of Columbia under Section 1983 of the Civil Rights

Act of 1871, 42 U.S.C. § 1983, to enforce the Fourth and Fifth Amendments, for injuries suffered by them, because the District subjected them and the class to the blanket strip searches.

Jurisdiction and Venue

5.     This Court has jurisdiction over the Overdetained Named Plaintiffs and Strip Search Named Plaintiffs' § 1983 claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

6.     Venue is appropriate in this District.  Each of the claims for relief arose in this judicial district.

Class Action Allegations

7.     The Overdetained Named Plaintiffs bring this action under Rules 23(a), 23(b) (2), of the Federal Rules of Civil Procedure on behalf of a class consisting of: (a) Each person who has been, is, or in the future will be incarcerated in any District of Columbia Department of Corrections facility from September 1, 2005 forward; and (b) who was not released, or, in the future, will not be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired.

8.     The Strip Search Named Plaintiffs also bring this action under Rules 23(a), 23(b) (2) of the Federal Rules of Civil Procedure on behalf of a class

consisting of each member of the class who was, or in the future will be, from September 1, 2005, forward: (i) in the custody of the Department of Corrections; (ii) taken to court from a Department of Corrections facility; (iii) ordered released by the court or otherwise became entitled to release by virtue of the court appearance because the charge on which he had been held was no longer pending or was dismissed at the hearing, was ordered released on his own recognizance, or had posted bail, was sentenced to time served, was acquitted or was otherwise entitled to release; (iv) was not the subject of any other pending case or cases which imposed any condition of release other than personal recognizance; (v) was not the subject of any detainer or warrant; (vi) was returned from court to the DC Jail or CTF or other District facility, to be processed out of Department of Corrections custody; and (vii) was subjected to a strip search and/or visual body cavity search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons; before being released, regardless of whether he was overdetained.

9. Certification of these two classes under Federal Rule of Civil Procedure 23(b)(2) is appropriate, because the District of Columbia has a pattern and practice that has uniformly affected all members of both classes, and injunctive relief against the District will benefit each and every plaintiff and class member.

Although the District had agreed to stop these practices, and indeed had done so in

the context of the settlement of <u>Bynum v. District of Columbia</u> , Civil Action No.

02-956 (RCL), the final approval order did not require that the practices stop.

These practices have recently been revived, making it clear that a court order is

necessary to ensure the rights of the class members.

10.    The classes are entitled to injunctive relief, for example, setting up an

independent monitor to supervise the Department of Corrections' inmate

management system to ensure that all inmates are released on or before their

release dates, and other relief as specified below.

11.    Regarding the Overdetained Named Plaintiffs, and members of the

class, there are no individual questions on the issue of liability other than whether

an individual has been overdetained, and the answer to that question can be

determined by ministerial inspection of the Department of Corrections' records.

12.    Computer records are available for inspection on the overdetentions.

13.    Regarding the Strip Search Named Plaintiffs, and members of the

Strip Search Class, there are no individual questions on the issue of liability,

because neither the DC Jail nor CTF keeps records of the searches and therefore

neither the DC Jail nor CTF can show that any of the searches were conducted

based on an individual determination of reasonable suspicion.

14.   Among the questions of law and fact common to the classes are:

a)     whether the Constitution provides a maximum length of time measured in hours beyond which the District cannot hold a person to perform administrative tasks incident to release before releasing that person from jail;

b)     whether the District has exceeded that maximum for each class member;

c)     whether the District has a pattern and practice of holding detainees and inmates past their release dates;

d)     whether the District has a pattern and practice of being deliberately indifferent to the rights of detainees and inmates by holding them past their release dates;

e)     whether the District's acts as alleged herein violate the Constitution of the United States by holding detainees and inmates past their release dates;

f)     whether the District has a policy of and practice of subjecting persons to blanket strip searches and visual body cavity searches after they have become entitled to release;

7

g)  whether such policy, if found to exist, violates the Fourth and/or Fifth Amendments; and

h)  whether plaintiffs and the members of the Overdetention Class and the Strip Search Class and future members are entitled to equitable relief, and, if so, what is the nature of that relief.

15.  Each of the Overdetention Class and the Strip Search Class is so numerous that joinder of all members is impracticable.  The exact number of Overdetention Class and Strip Search Class members is unknown to plaintiffs at this time, but is likely to consist of at least one hundred people, and likely substantially more than that.

16.  The Overdetained Named Plaintiffs' claims are typical of the claims of the other members of the class, as plaintiffs and all other members of the class were injured by exactly the same means, that is, by the overdetentions.

17.  The Strip Search Named Plaintiffs' claims are typical of the claims of the other members of the Strip Search Class, as the Strip Search Named Plaintiffs and all other members of the Strip Search Class were injured by exactly the same means, that is, by the blanket strip searches.

18.  The Overdetained Named Plaintiffs and the Strip Search Named Plaintiffs will fairly and adequately protect the interests of the members of the

8

Overdetention Class and Strip Search Class and have retained counsel who are competent and experienced in complex federal civil rights class action litigation and/or complex federal prisoner rights litigation.

19.    The Overdetained Named Plaintiffs and Strip Search Named Plaintiffs have no interests that are contrary to or in conflict with those of the class or Strip Search Class.

<u>Parties</u>

20.    Plaintiff Carl A. Barnes is currently being held past his Release Date at the DC Jail and was strip searched without reasonable suspicion after being ordered to be released from custody.

21.    Plaintiff Dernard Hawkins is currently being held past his Release Date at the DC Jail.

22.    Plaintiff David Peterson is currently being held past his Release Date at the DC Jail and was strip searched without reasonable suspicion after being ordered to be released from custody.

23.    Plaintiff Maurice Williams is currently held in the DC Jail on a show cause order for probation violation issued by a District of Columbia Superior Court Judge, who has a hearing scheduled for 2/27/06, at which he is likely to be

released, and after which he is likely to be overdetained and subjected to an illegal

court return strip search.

24.   Plaintiff Toney James Malloy is an inmate in the custody of the

Department of Corrections who as of the time of the filing of this amended

complaint is being held in the District of Columbia Superior Court lock up for

return to the DC Jail or the holding facility at DC General after being sentenced to

probation with no confinement with no other charges on which he is being held, no

warrants, detainers or other basis for detention.

25.   The District Government of the District of Columbia (hereinafter the

District of Columbia or the District) is a municipal corporation capable of being

sued under D.C. Code § 1-102.

## FACTUAL ALLEGATIONS

### Components of the Department of Corrections

26.   The District of Columbia Department of Corrections holds prisoners

committed by the District of Columbia Superior Court, the District of Columbia

District Court, and other agencies, in the Central Detention Facility ("DC Jail"),

the Correctional Treatment Facility ("CTF") and at various halfway houses located

in the District of Columbia.

10

27.   Most prisoners held in the custody of the Department of Corrections are either pre-trial detainees, misdemeanants serving sentences, or parole and probation violators.

<u>The Inmate Management System</u>

28.   The records office located at the DC Jail ("Records Office") is responsible for administering and maintaining the records, including the judgment and commitment files, of all persons housed at the DC Jail, CTF and the halfway houses.

**Formatted:** Bullets and Numbering

29.   The Records Office is responsible for ensuring that all persons housed at the DC Jail, CTF and the halfway houses are released according to their Release Dates specified in their court orders.

30.   The District of Columbia Superior Court enforces a policy pursuant to which an in-custody-defendant or a defendant ordered into custody may not leave the courtroom without an order (commitment order or release order) for each case on which he appeared.

<u>The Overdetention Problem</u>

31.   "Overdetain" means holding a detainee or prisoner in Department of Corrections' custody past the person's release date.

**Formatted:** Bullets and Numbering

11

32.    "Release Date" for each detainee or inmate is the day on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired.

33.    "Exit Date" for each detainee or inmate is the day on which the person is actually released from the custody of the District of Columbia Department of Corrections.

34.    The Department of Corrections had a long and documented history of overdetaining detainees and inmates past their release dates.

35.    The Department of Corrections, in response to a class action lawsuit, instituted reforms that ameliorated and for periods eliminated the overdetention problem.

36.    However, in the last few weeks before the filing of this complaint, and, on information and belief, particularly since late December 2005, the Department of Corrections has again begun overdetaining large numbers of inmates.

37.    The overdetention problem has been especially severe in the last few weeks because of problems with the Department of Corrections' computerized inmate population accounting system and for other reasons.

<u>The Court Return Strip Search Problem</u>

Formatted: Bullets and Numbering

38.   Prior to late 2000 or early 2001, the Department of Corrections followed a practice under which most inmates taken from custody of the Department of Corrections to court and ordered released by a judicial officer because the charge was no longer pending or because of a change in conditions of release was returned to the DC Jail or CTF for processing for release rather than being released from the courthouse.

39.   In late 2000 or early 2001, the Department of Corrections instituted a policy under which every inmates taken from custody of the Department of Corrections to court and ordered released by a judicial officer because the charge was no longer pending or because of a change in conditions of release was returned to the DC Jail or CTF for processing for release rather than being released from the courthouse.

40.   In August 2005 the Department of Corrections instituted a policy of diverting in-custody defendants ordered released or otherwise entitled to release from the Superior Court of the District of Columbia to a holding facility on the grounds of DC General Hospital where they would not be subject to a strip search, absent individualized suspicion, while the record review for detainers and warrants and property retrieval was conducted prior to release.

13

41.   However, in the last few weeks before the filing of this complaint, and, , on information and belief, particularly since late December 2005, the Department of Corrections has been returning some in-custody defendants entitled to release from the courthouses to the DC Jail or CTF and subjecting them to strip searches after a judge has ordered their release without a finding of individual reasonable suspicion.

42.   The exact cause of the recent overdetentions and illegal court return strip searches is not known, but the causes, on information and belief, include recurring problems with the DC Jail's computerized inmate population accounting system and the deliberate indifference of the acting warden Patricia Britton and the acting director Elwood York and the resignation of competent managers from the Records Office.

43.   Records Room staff have communicated the overdetention problem to their superiors by e-mail and by other written and oral communications to their superiors.

44.   Their superiors are disregarding the problem and acquiescing in the current overdetention and strip search problem.

14

<u>Carl A. Barnes' Overdetention by the DC Jail</u>

45.    On or about 11/17/06 Plaintiff Carl A. Barnes was committed to the DC Jail.

46.    Plaintiff Barnes' Release Date was 2/15/06.

47.    Plaintiff Barnes is currently being overdetained in the DC Jail.

48.    Plaintiff Barnes has suffered damages as a result of the over detention.

<u>Dernard Hawkins' Overdetention by the DC Jail</u>

49.    On or about 2/15/06 Plaintiff Dernard Hawkins was committed to the DC Jail.

50.    Plaintiff Dernard Hawkins' Release Date was on or about 2/16/06.

51.    Plaintiff Dernard Hawkins is currently being overdetained at the DC Jail.

52.    Plaintiff Dernard Hawkins has suffered damages as a result of the overdetention.

<u>Plaintiff David Peterson's Overdetention by the DC Jail</u>

53.    On or about 2/13/06 Plaintiff David Peterson was committed to the DC Jail.

54.    Plaintiff Peterson's Release Date was 2/20/06.

15

55.    But Plaintiff David Peterson was not released on 2/20/06 even though the Department of Corrections lacked a basis to continue detaining him.

56.    Plaintiff Peterson's is currently being overdetained in the DC Jail.

57.    Plaintiff Peterson has suffered damages as a result of the overdetention.

<u>Plaintiff Carl A. Barnes's Strip Search</u>

> **Formatted:** Bullets and Numbering

58.    On 2/15/06 Plaintiff Carl A. Barnes was taken to the Superior Court and the Superior Court judge sentenced him to time served.

59.    Plaintiff Carl A. Barnes was entitled to release on 2/15/05.

60.    But, instead of being released or diverted to the holding facility at DC General on 2/15/06, Plaintiff Carl A. Barnes was returned to the DC Jail's general population and subjected to a strip search and visual body cavity search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons even though a court had ordered his release.

61.    Plaintiff Barnes has suffered damages as a result.

<u>Plaintiff David Peterson's Strip Search</u>

> **Formatted:** Bullets and Numbering

62.    On 2/21/06 Plaintiff David Peterson was again taken to the Superior Court and the Superior Court judge ordered his immediate release.

63.     On 2/21/06 Plaintiff David Peterson was diverted to the holding

facility at DC General because the judge in his case had previously ordered that he

be released on 2/20/06 and again on 2/21/06 ordered his release.

64.     Plaintiff David Peterson was entitled to release on 2/20/05.

65.     But, instead of being released from the holding facility at DC General

on 2/21/06, Plaintiff David Peterson was returned to the DC Jail's general

population and subjected to a strip search and visual body cavity search without

any individualized finding of reasonable suspicion or probable cause that he was

concealing contraband or weapons even though a court had ordered his release.

66.     Plaintiff Peterson has suffered damages as a result.

<u>Plaintiff Maurice Williams</u>

67.     Plaintiff Maurice Williams is currently held in the DC Jail on a show

cause order for probation violation issued by a District of Columbia Superior

Court, who has a hearing scheduled for 2/27/06, at which he is likely to be

released, and after which he is likely to be overdetained and subjected to an illegal

court return strip search.

<u>Plaintiff Toney James Malloy</u>

68.     Plaintiff Toney James Malloy is an inmate in the custody of the Department

of Corrections who as of the time of the filing of this amended complaint is being

17

held in the District of Columbia Superior Court lock up after being sentenced to probation with no confinement with no other charges on which he is being held, no warrants, detainers or other basis for detention.

69.    Pursuant to the policy of the District of Columbia Department of Corrections, Plaintiff Toney James Malloy, instead of being released from the District of Columbia Superior Court courthouse, will be returned to a Department of Corrections facility for out-processing.

70.    Pursuant to a recent practice and custom of the District of Columbia Department of Corrections known to policymakers, Plaintiff Toney James Malloy will be subjected to a suspicionless strip search and overdetained before being released.

## SUBSTANTIVE ALLEGATIONS

### Count 1

### § 1983 Deliberate Indifference Liability of the District for the Constitutional Violations of its Employees

71.    The Overdetained Named Plaintiffs and Strip Search Named Plaintiffs reallege and incorporate by reference all allegations set forth in the preceding paragraphs of this Complaint.

18

72.    District of Columbia administrators, policy makers, supervisors and employees caused the intentional, unjustified overdetention of the Overdetained Named Plaintiffs and unreasonable strip searches of the Strip Search Named Plaintiffs and all other class members and Strip Search Class members by deliberate indifference to the risk of constitutional injury of overdetention in administering records relating to inmates' detention and release, and maintaining and acquiescing in a policy and practice of strip searching certain inmates.

73.    Overdetaining any person violates that person's Fourth and Fifth and Eighth Amendment rights.

74.    Unreasonably strip searching an inmate violates his Fourth and Fifth Amendment rights.

75.    District of Columbia employees continue in such conduct up to and including the present.

76.    At all relevant times such District of Columbia employees were acting within the scope of their employment, their acts were motivated by a desire to further the interests of the District of Columbia, and such District of Columbia employees were acting in furtherance of the business of the District of Columbia.

77.    The District is therefore liable by virtue of its deliberate indifference under 42 U.S.C. § 1983 for constitutional injuries to the Overdetained Named

19

Plaintiffs and Strip Search Named Plaintiffs and all other class members and Strip

Search Class members caused by the conduct of such employees.

78.   Accordingly, all Named Plaintiffs are entitled to damages to be

determined at trial, and the Overdetention and Strip Search Classes are entitled to

injunctive relief.

<u>Count 2</u>

<u>§ 1983 Monell Custom and Practice Direct Liability of District of Columbia for</u>

<u>Violation of Fourth, Fifth and Eighth Amendment Rights of Overdetained Named</u>

<u>Plaintiffs and Class Members</u>

**Formatted:** Bullets and Numbering

79.   The Overdetained Named Plaintiffs reallege and incorporate by

reference all allegations set forth in this Complaint.

80.   Beginning approximately in late December 2005, the District of

Columbia, and its agents and employees, have had a custom of detaining people

past their release dates, thereby causing the intentional, unjustified overdetention

of the Overdetained Named Plaintiffs and all other class members.

81.   The District's actions, and failure to act, as described above, directly

and proximately and affirmatively were the moving force behind the violations of

the Overdetained Named Plaintiffs and all other class members' Fourth, Fifth and

Eighth Amendment rights.

20

82.   Accordingly, all Overdetention Named Plaintiffs are entitled to damages to be determined at trial, and the Overdetention Class is entitled to injunctive relief.

Count 3

§ 1983 Monell Custom and Practice Direct Liability of District of Columbia for Violation of Fourth and Fifth Amendment Rights of Strip Search Named Plaintiffs and Strip Search Class Members for Illegal Strip Searches

83.   The Strip Search Named Plaintiffs reallege and incorporate by reference all allegations set forth in this Complaint.

84.   The District's actions, and failure to act, as described above, directly and proximately and affirmatively were the moving force behind the violations of the Strip Search Named Plaintiffs and the Strip Search Class members' Fourth and Fifth Amendment rights.

85.   Accordingly, Named Plaintiffs Barnes, Malloy and Petersen are entitled to damages to be determined at trial, and the Strip Search Class is entitled to injunctive relief.

**Formatted:** Bullets and Numbering

**Deleted:** Overdetention Class

<u>IRREPARABLE INJURY AND INJUNCTIVE RELIEF</u>

86.    The District is overdetaining members of the plaintiff class and
unreasonably subjecting members of the Strip Search Class to strip searches and
visual body cavity searches, which irreparably harms them, even if they are later
able to recover compensatory damages.

87.    The District's overdetaining members of the plaintiff class and
performing illegally strip searches of the plaintiff Strip Search Class has
irreparably harmed, and will continue to irreparably harm, members of the
proposed plaintiff Overdetention Class and Strip Search Class, thus making
declaratory and injunctive relief necessary.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiffs respectfully request that this Court
grant the following relief:

1.    grant a jury trial on all claims so triable;

2.    declare that this action may be maintained as a class action pursuant to
Federal Rule of Civil Procedure 23(b)(2) and certifying the Overdetained Named
Plaintiffs as the proper representative of the class consisting of:

(a) Each person who has been, is, or will be incarcerated in any

District of Columbia Department of Corrections facility from 9/1/05 up to

22

and until the date this case is terminated; and (b) who was not released, or, in the future, will not be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired.

3.     declare that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b) (2) and certifying the Strip Search Named Plaintiffs as the proper representative of the Strip Search Class consisting of each member of the class who was, or in the future will be, from 9/1/05, forward:

(i) was or will be in custody of the Department of Corrections;

(ii) was or will be taken to court from a Department of Corrections facility;

(iii) was or will be ordered released by the court or otherwise became entitled to release by virtue of the court appearance because the charge on which he had been held was no longer pending or was dismissed at the hearing, was ordered released on his own recognizance, or had posted bail, was sentenced to time served, was acquitted or was otherwise entitled to release;

(iv) was not or will not be the subject of any other pending case or

23

cases which imposed any condition of release other than personal

recognizance;

       (v) was not or will not be the subject of any detainer or warrant;

       (vi) was or will be returned to the DC Jail or CTF from court, to be

processed out of Department of Corrections custody; and

       (vii) was or will be subjected to a strip search and/or visual body

cavity search without any individualized finding of reasonable suspicion or

probable cause that he was concealing contraband or weapons;

       (viii) before being released, regardless of whether he was or will be

overdetained.

    4.    declare that the Districts' acts alleged above violate the Fourth, Fifth

and Eighth Amendments to the Constitution by overdetaining and illegally strip

searching plaintiffs as alleged herein;

    5.    preliminarily and permanently enjoin the Districts from pursuing the

course of conduct complained of herein;

    6.    preliminarily and permanently enjoin the Districts from pursuing

settlement directly with any member of the putative Overdetention Class and Strip

Search Class described herein unless that person is represented by counsel;

7.      award all named plaintiffs compensatory and consequential damages in an amount to be determined at trial;

8.      appoint an independent monitor to supervise the Records Office, and report to the court, to ensure that all inmates are released on or before their Release Dates, at the expense of Defendants;

9.      appoint an independent monitor to supervise the R&D Offices, and report to the court, to ensure that all detainees and inmates who have been ordered released are not strip searched or full-body cavity searched;

10.     award plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988; and

11.     grant such other relief as this Court deems just and proper.

Respectfully submitted,


_____/sig/_____
WILLIAM CLAIBORNE
D.C. Bar # 446579

717 D Street, NW
Suite 210
Washington, DC 20004
Phone 202/824-0700
Fax 202/824-0745



<u>JURY DEMAND</u>

Plaintiffs demand a jury of six as to all claims so triable.



_____/sig/_____
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for the Overdetained Named
Plaintiffs and Strip Search Named Plaintiffs
and the class

26