UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL A. BARNES, *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case Number: 06-315 (RCL) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. Pro. 12(b)(6), and 56, the District of Columbia, (hereinafter the "District"), by and through undersigned counsel, hereby moves this Court to dismiss the case against it or in the alternative to grant Summary Judgment in its favor on the following grounds:

1. Plaintiff Malloy was not over-detained;

2. The remaining Plaintiffs cannot demonstrate, as a matter of law, that their over-detentions violated substantive due process or were the result of deliberate indifference, let alone a municipal policy or practice of deliberate indifference;

3. Plaintiffs fail to set forth viable constitutional claims.

For the reasons set forth herein and in the accompanying Memorandum of Points and Authorities and declaration, it is respectfully requested that the instant Motion be granted. Proposed Orders are attached for the Court's convenience.

Pursuant to Local District Court Rule 7.1(m), the plaintiffs do not consent to this motion.

1

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/_____
RICHARD S. LOVE [340455]
Chief, Equity I

/s/_____
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest
6th Floor South
Washington, D.C. 20001
202-442-9887

July 7, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL A. BARNES, *et. al.*, | ) |
| Plaintiffs, | ) |
| | ) Case Number: 06-315 (RCL) |
| v. | ) |
| DISTRICT OF COLUMBIA | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA'S MOTION
TO DISMISS OR IN THE ALTERNATIVE
<u>FOR SUMMARY JUDGMENT</u>**

Defendant District of Columbia (the "District") respectfully submits this memorandum of points and authorities in support of its motion to dismiss or in the alternative for summary judgment.

### I. INTRODUCTION

The District moves for dismissal of the plaintiffs' claims. The District has neither a policy nor practice of holding detainees past their proper release dates in deliberate indifference to the orders or other authority affecting their release.

The plaintiffs' allegations of "over-detention" are *de minimus* and do not rise to constitutional proportions. At most, the over-detentions complained of result from disparate and individualized administrative delays particular to the detainees. Courts have recognized that complicating factors impact detainee or inmate out-processing, including, but not limited to: transportation of detainees from the courts back to the jail for release; review of local, state, and federal databases for outstanding warrants or holds; the volume of inmates that need to be

3

processed at any given time, the number of charges/jackets that must be reviewed, the need to retrieve and return the inmates' personal belongings and other legitimate administrative processes that may delay a detainees' release. These legitimate activities must be distinguished from activities that "shock the conscience" or are "deliberatively indifferent," such as conduct that intentionally and maliciously seeks to prevent or delay a detainee's release. As noted below, here one of the five plaintiffs was at all times lawfully detained, one detainee's release was delayed by one day, one detainee's release was delayed by two days, one detainee's release was delayed by three days and one detainee's release was delayed by five days. None of these delays was the result of an intentional or malicious act. The delays complained of here were reasonable under the circumstances and do not rise to the level of a constitutional violation.

Moreover because these plaintiffs' over-detention claims do not rise to the level of a constitutional violation, their "strip search" claims should likewise fail. Since plaintiffs relatively brief delay in release was, under the circumstances, reasonable, their strip searches were, likewise, lawful because they were incident to plaintiffs' lawful incarceration.

## II.  STATEMENT OF THE CASE

The five named plaintiffs allege they were entitled to, but not released from the custody of the District of Columbia Detention Center (hereinafter "the Department" or "DCDC"). Five plaintiffs allege varying lengths of over-detentions by DCDC, set forth in chart format for this Court's convenience, as follows:

| Inmate Name | Inmates' Alleged Date Ordered Release or Sentence Expiration | Inmates' Alleged Release Date | Inmates' Alleged Length of Over-Detention |
|---|---|---|---|
| Malloy, Toney | 2/24/06 | 3/3/06 | 7 days |
| Barnes, Carl | 2/15/06 | 2/23/06 | 7 days |
| Hawkins, Dernard | 2/15/06 | 2/22/06 | 7 days |
| Peterson, David | 2/20/06 | 2/24/06 | 4 days |

4

| Williams, Maurice | 2/8/06 | 3/1/06 | 29 days |

Plaintiffs submit that "[T]here are no individual questions on the issue of liability other than whether an individual has been over-detained, as the answer to these questions can be determined by ministerial inspection of the Department of Corrections' (hereinafter "DOC") records." (Complaint ¶ 11-12). However, the D.C. Records Office Administrator for the Central Detention Facility ("Records Officer"), Paige Ireland, reviewed these records and in her declaration ("Ireland Declaration"), attached hereto as Exhibit "A" and made a part hereof, avers that the Plaintiffs overstate their length of detention. The results of her review, as compared with the allegations of the Plaintiffs, are set forth in the comparisons chart below:

| Inmate Name | Inmates' Alleged Date Ordered Release or Sentence Expiration | Inmates' Alleged Release Date | Inmates' Alleged Length of Over-Detention | Records Verified Date Ordered Release or Sentence Expiration | Records Verified Release Date | Records Verified Over-Detention (if any)[1] |
|---|---|---|---|---|---|---|
| Malloy, Toney | 2/24/06 | 3/3/06 | 7 days | 2/24/06 | N/A-Prisoner escaped | N/A [2] |
| Barnes, Carl | 2/15/06 | 2/23/06 | 7 days | 2/18/06 | 2/23/06 | 5 days[3] |
| Hawkins, Dernard | 2/15/06 | 2/22/06 | 7 days | 2/21/06 | 2/22/06 | 1 day[4] |

---

[1] These calculations include the date of the inmates' release.

[2] On February 22, 2006, inmate Malloy escaped from DOC custody in a halfway house, one day before he was scheduled for release. An arrest warrant was issued on February 23, 2006, the same date that he was apprehended. Since then he has been held in the D.C. Jail on felony escape charges until June 6, 2006 when he was sentenced on that charge. Currently, he remains at the D.C. Jail as a sentenced felon. A review of inmate Malloy's records indicates that at all times complained of, he was lawfully detained.

[3] Inmate Barnes was transferred from Saint Elizabeth's Hospital to the D.C. Jail on February 15, 2006, with three open charges, one of which required that he be sentenced to 90 days in jail. The sentence could not be properly computed without court documents associated with the other two open cases. On February 17, 2006 all the necessary documents were received, the sentence computed, and a projected release date of Saturday, February 18, 2006 determined. Inmate Barnes was mistakenly not released on February 18, 2006. DOC received on February 22, 2006 at 9:13 p.m., Release Orders dated February 21, 2006, which was too late to release the inmate prior to the 10 p.m. statutory cut-off time. D.C. Official Code § 24-211.02(b) (6) (2005 Supp.). Inmate Barnes was released the next day, February 23, 2006.

[4] On February 15, 2006 inmate Hawkins was committed to DOC by the Superior Court. On February 21, 2006 the Superior Court issued a release order *nunc pro tunc* to February 17, 2006. The Release Order was received by DOC on February 21, 2006 at 8:38 p.m., which left insufficient time to process and release inmate Hawkins by 10 p.m.,

5

| Peterson, David | 2/20/06 | 2/24/06 | 4 days | 2/19/06 | 2/22/06 | 3 days[5] |
| Williams, Maurice | 2/8/06 | 3/1/06 | 29 days | 2/27/06 | 3/1/06 | 2 days[6] |

As more fully discussed below, these delayed releases were reasonable under the circumstances, are not the result of a municipal practice of deliberate indifference toward these detainees' liberty and do not rise to the level of a substantive due process violation.

### III. ARGUMENT

#### 1. Standard of Review for Grant of Motion to Dismiss

Viewing the factual allegations of the complaint in the light most favorable to plaintiffs, as is required under Federal Rule 12(b)(6), the defendant submits that it is nonetheless entitled to dismissal for failure to state a claim on which relief may be granted for the reasons set forth in this memorandum. *Albright v. Oliver,* 510 U.S. 266, 268 (1994). In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, while the court "must assume the truth of all statements proffered by the party opposing summary judgment," it need not consider wholly conclusory

---

the statutorily imposed cut-off time. D.C. Official Code § 24-211.02(b) (6) (2005 Supp.). Inmate Hawkins was released the next day, February 22, 2006.

[5] The Drug Court sanctioned inmate Peterson to D.C. Jail beginning February 13, 2006, with an established release date of February 19, 2006 at 7:00 a.m. On February 13, 2006, a computer malfunction caused all data in the DOC JACCS computer to be lost, including that of inmate Peterson's projected release date. DOC used its best efforts to rebuild the records. DOC has since developed procedures to process inmate releases should the JACCS System fail or otherwise be out of service. On February 21, 2006, a Superior Court judge issued an order to release inmate Peterson. DOC was faxed a copy of the release order from the Superior Court cellblock on the same date. Inmate Peterson was released the next day, February 22, 2006.

[6] Inmate Williams was held on three charges. He was sentenced on February 27, 2006 on two charges to time served, but DOC did not receive the third release order until March 1, 2006. That order indicated a release date of February 8, 2006. Inmate Williams was released on March 1, 2006.

6

statements for which no supporting evidence is offered. *Greene v. Dalton*, 164 F.3d 671, 674–75 (D.C. Cir. 1999). Where matters outside the pleadings are presented and relied upon the motion should be treated as one for summary judgment and disposed of as provided in Rule 56.

### 2.   Standard of Review for Grant of Summary Judgment

The standards governing the grant or denial of a motion for summary judgment are well settled. Under Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Material facts are those "that might affect the outcome of the suit under the governing law." *Farmland Industries, Inc. v. Grain Board of Iraq*, 248 U.S. App. D.C. 276, 904 F. 2d 732, 735 (D.C. Cir. 1990), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As the Supreme Court said in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986):

> "[T]he plain language of Rule 56(c) mandates the entry of summary judgment. . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."

To meet the initial burden of showing "the absence of a genuine issue of material fact" on an essential element of the non-movant's case, the movant may demonstrate that the respondent has no evidence to support an essential element of his or her case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). In answer, the respondent must "present affirmative evidence" in order to defeat the motion, and "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion for summary judgment should be granted. *Id*.

### 3.   Plaintiffs Cannot Establish A Pattern of Deliberate Indifference Sufficient to Hold the District Liable Under 42 U.S.C. § 1983.

Initially it should be noted that the Supreme Court has cautioned federal and state courts against enlarging the "commodious: contours of section 1983 of the Fourteenth Amendment so as to displace state law." *See*, *e.g.*, *Daniels v. Williams, 474 U.S. 547 (1981) and Paul v. Davis, 424 U.S. 693, 701 (1976).* Thus, the mere fact that the alleged conduct was performed by a state actor does not support its characterization as a constitutional wrong. *Daniels v. Williams*, *supra*, *474 U.S. at 530-532.* Rather, it is grievous and flagrant governmental abuse that demands a constitutional response. *Davis v. Butcher*, *853 F.2d 718, 721 (9th cir. 1988).* Isolated and limited tortious conduct in the prison does not violate residents' constitutional rights. *Davis*, *supra*, *853 F.2d at 720 n.3.*

In *Daniels v. Williams*, 474 U.S. 327 (1986), the Supreme Court overruled in part *Parratt v. Taylor*, *supra*, and held that "the Due Process Clause is simply not implicated by the <u>negligent</u> act of an official causing unintended loss of or injury to life, liberty or property." *Daniels*, *supra*, 474 U.S. at 328 (emphasis in original). In a companion case, *Davidson v. Cannon*, 474 U.S. 344 (1986), the Court further clarified the limits of section 1983. In *Davidson*, an inmate brought suit under Section 1983 alleging he suffered injuries when prison officials negligently failed to protect him from another inmate. The Court noted that "where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required. *Id*. at 347. The Court then held that, although the officials in Davidson acted without due care, "the guarantee of due process has never been understood to mean that the state must guarantee due care on the part of its officials," and section 1983 could not afford relief for plaintiff's claim. *Id*. at 348.

To hold the District liable under *42 U.S.C. 1983*, a plaintiff must show that the District implemented or executed a policy or custom that causes the deprivation of plaintiff's

8

constitutional rights. *Monell v. Dept. of Social Svcs.*, 436 U.S. 658, 690–91 (1978); *Rogala v. District of Columbia*, 161 F.3d 44, 56 (D.C. Cir. 1998) (per curiam). Plaintiffs thus have the burden of proving (1) that they were deprived of constitutional rights, and (2) that the deprivation was caused by a policy or custom of the District. *Id.* (*citing Atchison v. District of Columbia*, 73 F.3d 418, 420 (D.C. Cir. 1996)).

Plaintiffs must demonstrate the District's "deliberate indifference towards [its] constitutional rights . . . ." *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000) (*quoting City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989)). Deliberate indifference is determined objectively, "by analyzing whether the municipality knew or should have known of the risk of constitutional violations," and yet failed to respond as necessary. *Baker v. District of Columbia*, 326 F.3d 1302, 1307 (D.C. Cir. 2003). In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court defined the meaning of deliberate indifference and held that a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. The Farmer Court specifically noted that "even prison officials who had a subjectively culpable state of mind when the lawsuit was filed could prevent issuance of an injunction by proving … they were no longer unreasonably disregarding an objectively intolerable risk of harm and that they would not revert to their obduracy upon cessation of the litigation." *511 U.S. at 847, n. 9.*

Moreover, if the government officials alleged to have committed the constitutional violations lack "final policymaking authority," their mere exercise of discretion, not in service of any municipally established policy, is insufficient to render the District liable. *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997) (*quoting Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 737 (1989)).

Furthermore, plaintiffs must show a course deliberately pursued by the District, as opposed to an action taken unilaterally by non-policymaking employees, and "an affirmative link between the [District's] policy and the particular constitutional violation alleged." *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986) (quoting Oklahoma City v. Tuttle, 473 U.S. 925 (1985) (plurality opinion)). For liability to attach to the District, plaintiffs must provide specific and detailed evidence of a continuing policy or pattern of unconstitutional conduct that was either condoned or deliberately ignored by the District. *Daskalea, 227 F.3d at 441–42; Carter, 795 F.2d at 125–26* (plaintiffs must prove "a persistent, pervasive practice, attributable to a course deliberately pursued by official policy-makers, one that caused the deprivation of constitutional rights plaintiffs [allegedly] experienced.").

Plaintiffs cannot meet the difficult burden established by case law. Merely invoking the § 1983 buzzwords of "policy" and "custom" is not sufficient to demonstrate an actual District practice. Plaintiffs' over-detention claims under 42 U.S.C. § 1983 must be dismissed. Here any delay in release was not the result of a municipal policy and practice of deliberate indifference towards plaintiffs' liberty.

A *§ 1983* action for delay between judicial discharge and actual release from custody is actionable only if the delay is unreasonable. In *County of Riverside v. McLaughlin, 500 U.S. 44, 55 (1991)* the Court recognized the reasonableness of delay in light of inevitable administrative hurdles. Among the delays that may be considered unreasonable are those "motivated by ill will against the arrested individual, or delay for delay's sake." *Id.*

In *Golberg v. Hennepin County*, 417 F.3d 808, 812 (8th Cir. 2005), the Circuit Court held that the County could not be liable under *§ 1983* for failure to timely release detainee upon posting of bail based on its adoption of administrative procedures that allegedly slowed the bail

10

posting and release process, absent showing that procedures violated federal law on their face or were intended to deprive detainees of their constitutional rights. *42 U.S.C.A. § 1983*.  Golberg was an over-detention case in which the plaintiff argued her constitutional rights were violated because of administrative out-processing after bail was posted.  Summary judgment was granted in favor of the County by the District Court and affirmed by the Eighth Circuit.  Here there is no allegation that any of the five plaintiffs' release was delayed as a result of "ill will" or that they were delayed for delays' sake.  None of the delays here are alleged to be intentional and malicious and none can be said to "shock the conscience."

   Plaintiff Malloy was not over-detained but was lawfully held on an escape warrant. Plaintiff Hawkins was released the day after the Department received, at 8:38 p.m., an Order from the Superior Court to release him *nunc pro tunc* to a date four days earlier.  His release could not be processed that evening prior to the statutorily imposed cut-off time D.C. Official Code § 24-211.02(b)(6) (2005 Supp.) and he was released the next day.  This minimal delay, particularly in light of the unusual receipt of a *nunc pro tunc* release order, certainly does not rise to the level of a constitutional violation.  Nor does the two day delay resulting from the untimely receipt of the third Order that had to be reviewed in order to verify plaintiff Williams' eligibility for release on three charges.  Similarly, plaintiff Peterson's delayed release resulted from an unforeseen computer crash which left the Department without the capability to verify Peterson's release date until a second Order was sent from the Superior Court.  Even plaintiff Barnes, who was mistakenly not released until several days after the date his sentence was calculated to have expired, was not the result of any intentional or malicious act or the result of any policy of deliberate indifference.  None of these relatively minimal delays rise to the level of a constitutional violation, let alone a violation that resulted from a municipal policy or practice.

## IV. CONCLUSION

For the foregoing reasons, and for such further reasons as may appear to the Court, the District of Columbia respectfully submits that the Court should grant its Motion to Dismiss, or in the Alternative enter summary judgment in its favor.

          Respectfully submitted,

          ROBERT J. SPAGNOLETTI
          Attorney General for the District of Columbia

          GEORGE C. VALENTINE
          Deputy Attorney General
          Civil Litigation Division

          /s/_____
          RICHARD S. LOVE [340455]
          Chief, Equity I

          /s/_____
          Denise J. Baker
          D.C. Bar No. 493414
          Assistant Attorney General
          441 4th Street, Northwest
          6th Floor South
          Washington, D.C. 20001
          202-442-9887

July 7, 2006

CERTIFICATE OF SERVICE

I, hereby certify that on this 7th day of July, 2006, I have sent a true copy of this Motion to Dismiss or in the alternative Summary Judgment by ECF filing, to:

>William Claiborne
>717 D Street, NW
>Suite 210
>Washington, DC 20004

_____
Denise J. Baker
Assistant Attorney General