UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CARL A. BARNES, *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case Number:  06-315 (RCL) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO THEIR MOTION TO DISMISS AND RESPONSE TO PLAINTIFFS' MOTION TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**

NOW COMES the District of Columbia, (hereinafter the "District"), by and through undersigned counsel, to reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss and to respond to Plaintiffs' motion to deny summary judgment without prejudice as follows:

1.   The District is entitled to judgment as a matter of law on plaintiffs' over-detention claims since they do not result from a municipal policy or practice of deliberate indifference.

2.   Plaintiffs' strip search claims, which were addressed in defendants' motion, should likewise fail since plaintiffs' over-detention claims do not rise to the level of a constitutional violation.

**I.  ARGUMENT**

Plaintiffs continue to overstate their cases in their attempt to constitutionalize the District's administrative processes for prisoner releases.  The totality of Plaintiffs' claims show

1

mere administrative variables causing delays to prisoner release processes—not overt, actionable or intentional acts of the government to impinge upon the liberty interests of the detainees.

    1.    The District is entitled to judgment as a matter of law on plaintiffs' over-detention claims since they do not result from a municipal policy or practice of deliberate indifference.

There is no allegation that any of the five plaintiffs' release was delayed as a result of "ill will" or that they were delayed for delays' sake. None of the delays here are alleged to be intentional or malicious and none can be said to "shock the conscience." In *County of Riverside v. McLaughlin, 500 U.S. 44, 55 (1991)* the Court recognized the reasonableness of delay in light of inevitable administrative hurdles. Among the delays that may be considered unreasonable are those "motivated by ill will against the arrested individual, or delay for delay's sake." *Id.*

Legitimate administrative variables cause de minimus delays to Plaintiffs' timely exit from detention. Plaintiffs acknowledge the concept of "administrative delay" in their responsive pleadings (Plaintiffs' Mot. Fed. R. Civ. Pro. 56 (f), page 11-12). In fact, Plaintiffs exclude from their definition of overdetention "persons over-detained by variable, daily factors not attributable to . . . bus breakdowns, large number of court returns that day." (Id.) Plaintiffs fail to acknowledge the breadth of variables that impact on the day-to-day release of prisoners and processing, which do not amount to deliberate indifference on the part of the District. Moreover, merely reciting the "deliberate indifference" mantra does not convert a mere negligence action, if any, into a constitutional violation.

Complicating variables impacting detainee or inmate out-processing, also include, but are not limited to: transportation of detainees from the courts back to the jail for release; review of local, state, and federal databases for outstanding warrants or holds; the volume of inmates that need to be processed at any given time, the number of charges/jackets that must be reviewed, the

2

need to retrieve and return the inmates' personal belongings and other legitimate administrative processes. At most, the over-detentions complained of here result from disparate and individualized administrative delays particular to the detainees.

This federal court's involvement is only required if the administrative variables causing delays are a result of grievous and flagrant governmental abuse that demands a constitutional response. *Davis v. Butcher*, *853 F.2d 718, 721 (9th cir. 1988)*. Isolated and limited tortious conduct in the prison does not violate residents' constitutional rights. *Davis*, *supra*, *853 F.2d at 720 n.3*.

In *Golberg v. Hennepin County*, 417 F.3d 808, 812 (8th Cir. 2005), the Circuit Court held that the County could not be liable under *§ 1983* for failure to timely release detainee upon posting of bail based on its adoption of administrative procedures that allegedly slowed the bail posting and release process, absent showing that procedures violated federal law on their face or were intended to deprive detainees of their constitutional rights. *42 U.S.C.A. § 1983*. Golberg was an over-detention case in which the plaintiff argued her constitutional rights were violated because of administrative out-processing after bail was posted. Summary judgment was granted in favor of the County by the District Court and affirmed by the Eighth Circuit. Likewise, dismissal and/or summary judgment is appropriate in this case.

> 2   Plaintiffs' strip search claims, which were addressed in defendant's motion, should likewise fail since plaintiffs' over-detention claims do not rise to the level of a constitutional violation.

Plaintiffs assert that the defendant failed to address their strip search claims and, therefore, the Court should enter, apparently by default, judgment in their favor on these claims. Plaintiffs are incorrect. The District's motion specifically addressed the issue of strip searches, to wit:

3

> Moreover because these plaintiffs' over-detention claims do not rise to the level of a constitutional violation, their "strip search" claims should likewise fail. Since plaintiffs relatively brief delay in release was, under the circumstances, reasonable, their strip searches were, likewise, lawful because they were incident to plaintiffs' lawful incarceration.

(Defendant's Mem. of Pts. and Auth. in Support of Motion to Dismiss, page 4).

Strip searches are an important part of the detention process and are designed to enhance security and to thwart any import or export of weapons, drugs or other contraband when prisoners are transported or move outside of the facility; these searches are rationally related to an important state goal of keeping corrections officers, court personnel, other prisoners, and the public safe before during and after prisoner transportations and movement to and from court or any other location outside of the correctional facility. The performance of strip searches in the manner alleged by Plaintiffs neither shock the conscience nor show a deliberate indifference to the prisoners' liberty interests; the performance of strip searches are a de minimus intrusion, which on balance with the harm that they may prevent, do not amount to a constitutional violation. Therefore, the District is entitled to judgment as a matter of law as to plaintiffs' strip search claims.

## CONCLUSION

For the foregoing reasons, those raised in defendant's motion, and for such further reasons as may appear to the Court, the District of Columbia respectfully submits that the Court should grant its Motion to Dismiss.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE

4

                    Deputy Attorney General
                    Civil Litigation Division

                    /s/_____
                    RICHARD S. LOVE [340455]
                    Chief, Equity I

                    /s/_____
                    Denise J. Baker
                    D.C. Bar No. 493414
                    Assistant Attorney General
                    441 4th Street, Northwest
                    6th Floor South
                    Washington, D.C. 20001
                    202-442-9887

August 8, 2006

CERTIFICATE OF SERVICE

  I, hereby certify that on this 8th day of August, 2006, I have sent a true copy of this reply brief by ECF filing, to:

    William Claiborne
    717 D Street, NW
    Suite 210
    Washington, DC  20004

                _____
                Denise J. Baker
                Assistant Attorney General