UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLE A. BARNES, et al<br><br>　　　　　Plaintiffs<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT<br>OF COLUMBIA,<br><br>　　　　　Defendant | Civil Action No:  **06-315 (RCL)**<br><br>Next Event: None scheduled |

## **PLAINTIFF'S SECOND MOTION FOR DISCOVERY**

Plaintiffs respectfully hereby move this Court pursuant to Fed. R. Civ. P. 16(b) and LCvR 16.4 to allow plaintiffs to commence discovery. Affidavits, interviews conducted with members of the CJA bar and Superior Court personnel and news reports and other information collected by plaintiffs (detailed below) indicate that the overdetentions and strip searches that the parties and this Court addressed in Bynum continue to be a major problem. Bynum v. District of Columbia, 412 F. Supp. 2d 73 (D.D.C. 2006)(final approval order settling overdetention and strip search damages claims as of August 31, 2005).  Plaintiffs propose a limited amount of database discovery (to be conducted informally, if possible) and a limited number of depositions of court staff and Records Office staff to determine the number of persons overdetained (and the

length of their overdetentions) and the number of court returns entitled to release who have been subjected to illegal strip searches since September 1, 2005 so that the parties and the Court can make informed judgments about how to proceed in the case. The database discovery should be very non-intrusive because both parties can use the same persons and the same queries they used in Bynum. The limited expense of the database discovery and depositions plaintiffs propose is justified by the number of persons covered by the class and the cases of the named plaintiffs. This case does not yet involve the same number of plaintiffs as Bynum but the number of class members (including persons held in the DC Jail or CTF after a judge ordered their release into a halfway house) is still very substantial and growing, as the attached article from Legal Times Newspaper Article: "Jail Faces More Claims of Illegal Detention" shows. This case does not have as many **named plaintiffs** as Bynum but that it only because of administrative convenience. Anyone of the persons who submitted an affidavit could have been added as a named plaintiff. Moreover, the named plaintiffs will need this discovery to prove their Monell[1] claims even if the Court denies the motion for class action treatment.

---

[1] Monell v. Dep't of Soc. Servs., 436 U.S. 658 (U.S. 1978).

**CONSENT**

Undersigned counsel has tried but has been unsuccessful at arranging discovery with defense counsel. Plaintiffs will submit the discovery described here to defendant in a letter request and in document production requests and deposition notices.

**DESCRIPTION OF THE CASE – HUNDREDS IF NOT THOUSANDS OF CLASS MEMBERS INVOLVED**

This is a class action case involving hundreds and probably thousands of class members. It has two classes, (1) an overdetention class of persons who are held in the DC Jail after a judge has ordered their release, and (2) a strip search class of persons strip searched at the DC Jail after a judge has already ordered their release (and who have no other cases, warrants or detainers justifying their continued detention).

Plaintiffs have collected a total of 37 affidavits from persons describing 37 illegal overdetentions, 29 of whom were also subjected to illegal strip searches (some affidavits describe both an overdetention and a strip search and some describe only one or the other). Plaintiffs previously have submitted 26 affidavits from potential members. These affidavits are listed as exhibit numbers 1-2, 4-14, 16-22 and 37-42 on

the Cumulative Master Exhibit List[2] submitted herewith.  Plaintiffs submit herewith 11 additional affidavits listed as Plaintiffs' Exhibits 47-58 on the Cumulative Master Exhibit List submitted herewith.

The affidavits describe overdetentions ranging from one day to 96 days and range in date of overdetention from 2005 to December 31, 2006.  Plaintiffs' affidavits describe 37 strip searches.

The overdetentions fall into two categories: (1) lengthy overdetentions of 96 days, 21 days, 19 days, 18 days etc., and the systemic short term overdetentions of one or two days.  Glendale McLaurin was overdetained for 10 days over this past Christmas and was not released until New Year's eve.  The first type of overdetention is caused by continuing problems in the Records Office of the DC Jail.  The second type of overdetention appears to be caused by the DC Jail's apparent belief that it has 24-48 hours to release inmates.  Many of the overdetained persons are court returns entitled to release.  Under the Bynum v. District of Columbia class action settlement the District promised to return court returns entitled to release to a facility on the grounds of the old DC General Hospital where they could be processed and checked for other cases/ warrants/ detainers before release without

---

[2] Plaintiffs have numbered each of their exhibits consecutively from 1 starting with the first exhibit filed (as an exhibit to (docket # 7) instead of renumbering each exhibit from 1 with each filing.

having to undergo the mandatory strip search of prisoners entering the DC Jail.  But, in many cases, especially in the case of court returns entitled to release who leave the Superior Court after noon, the Jail (which now provides transport services for inmates traveling between the Jail and Superior Court) does not send the court returns entitled to release to DC General.  Instead, it sends them to the DC Jail for commitment pending release, where they are subjected to illegal strip searches (illegal because they have already been ordered released).  Plaintiffs here have a claim for money damages even if their claim for injunctive relief is precluded by the Bynum Settlement Agreement.

**PENDING MOTIONS -- FULLY BRIEFED**

Defendant's motion to dismiss is fully briefed, and plaintiffs responded to defendant's motion for summary judgment by filing a Rule 56(f) motion (docket # 16 filed 7/18/06) so the case is ready for discovery to proceed.  Plaintiffs timely filed their motion to certify (docket # 7) on 5/24/06.  This Court ordered (docket # 13, date 8/28/08) defendant to respond within 75 days from the date of the order to plaintiffs' motion to certify.  On 11/06/06 the defendant filed a second motion to extend its time for opposing plaintiffs' motion to certify until after this Court rules on the dispositive motions.  Defendant has not filed an opposition to that

motion and the motion is still pending. At this point the Court has the option under LCvR 7 to treat the motion as conceded. Although the Local Rules of the District of Columbia permit the Court to treat such a motion as conceded, the Court will nevertheless examine the merits of plaintiffs' motion before determining whether the certification of a subclass is appropriate. Bynum v. District of Columbia, 214 F.R.D. 27, 30 (D.D.C. 2003)(overdetention class certified; Court has but declines to exercise authority to treat motion to certify strip search class as conceded because District filed motion to continue but never filed opposition after many months).

**EXHIBITS AND EXHIBIT LISTS ATTACHED TO THIS MOTION**

Attached to this motion are the following 11 affidavits and a Legal Times article describing overdetentions and strip searches:

| Plaintiffs' Exhibit # | Description | Days Overdetained |
|---|---|---|
| Plaintiffs' Exhibit # 47 | Affidavit of Keenan Miller re over detention and strip search | 7 days |
| Plaintiffs' Exhibit # 48 | Affidavit of Jerry Kidd re over detention and strip search | 13 days |
| Plaintiffs' Exhibit # 49 | Affidavit of Shelley Berry re over detention | 2 days |

|  | and strip search |  |
|---|---|---|
| Plaintiffs' Exhibit # 50 | Affidavit of James Parker re over detention and strip search | 18 days |
| Plaintiffs' Exhibit # 51 | Affidavit of Adam Hamilton re over detention and strip search | 1 |
| Plaintiffs' Exhibit # 52 | Affidavit of Razina Jones re over detention and strip search | 1 |
| Plaintiffs' Exhibit # 53 | Affidavit of Derrick Suggs re over detention and strip search | 1 |
| Plaintiffs' Exhibit # 54 | Affidavit of Chetonia Eldridge re over detention and strip search | 4 |
| Plaintiffs' Exhibit # 55 | Affidavit of Charles Williams re over detention and strip search | 1 |
| Plaintiffs' Exhibit # 56 | Legal Times Newspaper Article: "Jail Faces More Claims of Illegal Detention" |  |
| Plaintiffs' Exhibit # 57 | Affidavit of David Peterson | 4 |
| Plaintiffs' Exhibit # 58 | Affidavit of Glendale McLaurin, Jr. | 10 |

The Cumulative Master Exhibit List lists every exhibit plaintiffs have filed to date numbered consecutively from 1 starting with the first exhibit filed (as an exhibit to (docket # 7). Affidavit filed with this motion are in bold Cumulative Master Exhibit List.

**DISCOVERY PROPOSED**

Database discovery.  Plaintiffs will need discovery of data in defendant's computer database on persons overdetained and lengths of overdetention, and on the strip search class members.  If the parties cooperate, and their experts confer, the database discovery can be reduced to the following steps:

a.      (30 days from start of discovery) Defendant provides a list of databases containing information about their operations, along with the technical manuals and user manuals relating to the databases, a data dictionary[3] for each database, and a list of data elements from each database needed to ascertain persons overdetained and lengths of overdetention, and a class list for each of the overdetention and strip search class.

This core computer data is covered by Rules 26 and 34, and such core data is actually covered by the amended federal initial disclosures which became effective in December 2006.

---

[3] By "data dictionary" Plaintiffs mean a listing of all tables and their relations, the accompanying descriptions for the tables, and the names and descriptions of all data fields in each table, including the screen name and software name of every field, which includes the name of each field in the computer, and the name of any screen field name to which it relates and describe the function of every such data element

b.      (30-60 days from start of discovery) The parties' experts confer informally, as needed, and discuss queries needed to identify the information about class members plaintiffs need (plaintiffs' can handle this as a 30(b)(6) deposition if the parties cannot agree in informal meetings).

c.      (30-60 days from start of discovery) Defendants then provide plaintiffs with all records from the relevant fields from the databases for the class period in ASCII format, in a delimited format, with column headers describing the data, on a CD or DVD.  If necessary, the data productions, which include information about persons who are not class members, could be produced without names, by using unique identification numbers such as DCDC.

d.      (30-60 days from start of discovery) Plaintiffs can then (with the assistance of Defendant's information technology (IT) persons) run queries on the records in the fields produced by defendants, and compile the lists plaintiffs need.

<u>Depositions</u>.      Plaintiffs also wish to depose certain Superior Court and Records Office staff familiar with overdetentions and the problems it causes court administration.

Respectfully submitted

_____/sig/_____
WILLIAM CLAIBORNE
D.C. Bar #446579
Counsel for plaintiffs

717 D Street, N.W.
Suite 210
Washington, D.C. 20004
Phone 202/824-0700
Fax 202/824-0745
email law@claiborne.net


Respectfully submitted
_____/s/_____
RALPH D. ROBINSON
D.C. Bar No: 441797
Counsel for Plaintiffs
8160 Skelton Circle
Falls Church, Virginia 22042
Phone/Fax: (703) 846-0596
Email: ralph_29104@msn.com