UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL A. BARNES, *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case Number: 06-315 (RCL) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |

**ANSWER TO SECOND AMENDED COMPLAINT**

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), Defendant, the District of Columbia (hereinafter "the District" or "Defendant"), by and through undersigned counsel, respectfully answers the Second Amended Complaint in the above-captioned case.

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Except as hereinafter expressly admitted, qualified, or otherwise admitted, defendant specifically denies each and every allegation, statement, matter and think contained in the amended complaint. Defendant responds to the numbered allegations in the second amended complaint on knowledge to itself and on information and belief as to other matters, as follows:

**Response to Introduction**

1.    Defendant admits that Plaintiffs have styled their action as a class action for injuries resulting from overdetention of inmates. Defendant specifically denies that "to overdetain" means holding a detainee or prisoner in a District of Columbia Department of Corrections (DOC)

1

facility past midnight of his or her release date as a matter of law. Plaintiffs' contention that the District has been deliberately indifferent to the practice of overdetention is a conclusion of law to which no response is required.

2. Defendant admits that Plaintiffs have styled their action as a class action for injuries resulting from blanket strip searches or visual body cavity searches after they were returned to a DOC facility after a judicial determination that there was no longer a basis for their detention other than to be processed for their release. Plaintiffs' contention that the District has been deliberately indifferent to the practice of strip searches or body cavity searches is a conclusion of law to which no response is required.

3. This paragraph states a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations set forth in this paragraph 3.

4. This paragraph states a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations set forth in this paragraph 4.

### Responses to Jurisdiction and Venue

5. Defendant admits the statutory references cited in paragraph 5 of the amended complaint, but denies that these references necessarily confer jurisdiction on this Court in this matter.

6. Defendant admits that statutory references cited in paragraph 6 of the amended complaint, but denies that venue is necessarily proper in this Court.

Responses to Class Action Allegations

7. Defendant admits that the Overdetained Named Plaintiffs bring this action under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the putative class. Defendant denies Plaintiffs' characterization of an overdetention as one that requires an inmate to "be released by midnight on the date on which the person is entitled to be released by

court order or the date on which the basis for his or her detention has otherwise expired." If Plaintiffs' characterization of an overdetention is material, strict proof thereof is demanded at time of trial.

8. Defendant admits that the Strip Search Named Plaintiffs bring this action under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the putative class. Defendant denies Plaintiffs' characterization of a strip search class as set forth in subparagraphs (i) through (vii) of this paragraph. If Plaintiffs' characterization of a strip search is material, strict proof thereof is demanded at time of trial.

9. The two classes referenced in this paragraph have been certified by the Court; thus, no answer is required to this paragraph 9.

10. Defendant denies that the relief sought in this paragraph 10 is appropriate, and if material, strict proof is demanded at time of trial.

10A. This paragraph states a conclusion of law to which no response is required.

11. Admitted.

12. Admitted.

13. Defendant admits that there are no records of strip searches. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the amended complaint. To the extent material, strict proof is demanded at time of trial.

14. This paragraph states Plaintiffs' factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations set forth in paragraph 14 and demand strict proof at time of trial.

15.     The two classes referenced in this paragraph have been certified by the Court; thus, no answer is required to this paragraph 15.

16.     The two classes referenced in this paragraph have been certified by the Court; thus, no answer is required to this paragraph 16.

17.     The two classes referenced in this paragraph have been certified by the Court; thus, no answer is required to this paragraph 17.

18.     The two classes referenced in this paragraph have been certified by the Court; thus, no answer is required to this paragraph 18.

19.     The two classes referenced in this paragraph have been certified by the Court; thus, no answer is required to this paragraph 19.

**Responses to Allegations Regarding the Parties**

20.     Defendant admits that Plaintiff Barnes was held past his release date. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding any strip search in paragraph 20 of the second amended complaint. To the extent material, strict proof is demanded at time of trial.

21.     Defendant admits that Plaintiff Hawkins was held past his release date.

22.     Defendant admits that Plaintiff Peterson was held past his release date. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding any strip search in paragraph 22 of the second amended complaint. To the extent material, strict proof is demanded at time of trial.

23.     Defendant admits that Plaintiff Williams was held past his release date.

24.     Defendant denies that Plaintiff Malloy had no other charges, warrants or detainers or other basis for detention at the time the first amended complaint was filed.

25.     Admitted.

## RESPONSES TO PLAINTIFFS' FACTUAL ALLEGATIONS

### Responses to Plaintiffs' Allegations Regarding Components of the Department of Corrections

26.     Admitted.

27.     Admitted.

### Responses to Plaintiffs' Allegations Regarding the Inmate Management System

28.     Admitted.

29.     Admitted.

30.     Admitted.

### Responses to Plaintiffs' Allegations Regarding Overdetention

31.     Admitted.

32.     Defendant denies Plaintiffs' characterization of an overdetention as one that requires an inmate to "be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired." If Plaintiffs' characterization of an overdetention is material, strict proof thereof is demanded at time of trial.

33.     Admitted.

34.     Defendant admits that cases of overdetention of inmates past their release date have been documented.

35.     Admitted.

36. Defendant admits that there have been some cases of overdetention since December 2005. Defendant denies Plaintiffs' characterization of the overdetention as large numbers of inmates, and if material, demand strict proof at time of trial.

37. Defendant admits that there have been overdetentions based upon computer malfunction. Defendant denies Plaintiff's characterization of the overdetentions as severe, and if material, demand strict proof at time of trial.

### Responses to Plaintiffs' Allegations Regarding Court Return Strip Searches

38. Defendants admit that most inmates were not released from the D.C. Superior Courthouse after court hearings before a judicial officer, and that most inmates were returned to the D.C. Jail or CTF for processing for release.

39. Defendants admit that most inmates are not released from the D.C. Superior Courthouse after court hearings before a judicial officer, and that most inmates are returned to the D.C. Jail or CTF for processing for release.

40. Admitted.

41. Defendants are without specific or sufficient knowledge of the allegations set forth in this paragraph after inquiry and research, and therefore, Defendants deny these allegations. To the extent that these allegations are material, Defendants demand strict proof thereof at the time of trial.

42. Defendant admits that there have been recurring problems with the D.C. Jail's computerized inmate population accounting system. Defendant denies Plaintiff's characterization of the DOC staff or administration as deliberate indifference, and if material, demand strict proof at time of trial.

43.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43 of the second amended complaint, but if material demand strict proof at time of trial.

44.     Defendant denies Plaintiffs' characterization of current overdetention as resulting from disregard or acquiescence or DOC supervisors, and if material, demand strict proof thereof at the time of trial.  Defendant is without sufficient knowledge of Plaintiffs' allegations regarding strip searches, and therefore denies these allegations.   If the allegations regarding strip searches is material, the Defendant demands strict proof at the time of trial.

**Responses to Plaintiffs' Allegations Regarding Carl A. Barnes Overdetention**

45.     Defendant denies that on or about November 17, 2006 Plaintiff Carl A. Barnes was committed to the D.C. Jail.

46.     Defendant denies that Plaintiff Barnes' Release Date was February 15, 2006.

47.     Defendant admits that Plaintiff Barnes was released on the date this action was filed.

48.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48 of the second amended complaint, but if material demand strict proof at time of trial.

**Responses to Plaintiffs' Allegations Regarding Dernard Hawkins' Overdetention**

49.     Admitted.

50.     Defendant admits that Plaintiff Dernard Hawkens' Release Date was on or about February 16, 2006.

51.     Defendant denies that Plaintiff Dernard Hawkins was currently being overdetained at the D.C. Jail of the filing of this action.

52. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 52 of the second amended complaint, but if material demand strict proof at time of trial.

**Responses to Plaintiffs' Allegations Regarding David Peterson's Overdetention**

53. Admitted.

54. Defendant denies that Plaintiff Peterson's Release Date was February 20, 2006.

55. Defendant admits that Plaintiff Peterson was not released on February 20, 2006.

56. Defendant denies that Plaintiff Peterson was currently being overdetained at the D.C. Jail of the filing of this action.

57. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 57 of the second amended complaint, but if material demand strict proof at time of trial.

**Responses to Plaintiffs' Allegations Regarding Carl A. Barnes' Strip Search**

58. Defendant admits only that on February 15, 2006 Plaintiff Carl a. Barnes was taken to the Superior Court.  Defendant denies the remaining allegations set forth in paragraph 58 of the second amended complaint, and if material, demand strict proof at the time of trial.

59. Defendant denies that Plaintiff Barnes was entitled to release on or about February 15, 2005.

60. Defendant admits only that on or about February 15, 2006 Plaintiff Barnes was returned to DOC custody.   Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 60 of the second amended complaint, but if material demands strict proof at time of trial.

8

61.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 61 of the second amended complaint, but if material demands strict proof at time of trial.

**Responses to Plaintiffs' Allegations Regarding David Peterson's Strip Search**

62.     Admitted.

63.     Defendant admits that on or about February 21, 2006 Plaintiff David Peterson was in the custody of DOC. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 63 of the second amended complaint, but if material demands strict proof at time of trial.

64.     Defendant denies that Plaintiff David Peterson was entitled to release on February 20, 2005.

65.     Defendant admits that on or about February 21, 2006 Plaintiff David Peterson was in the custody of DOC. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 65 of the second amended complaint, but if material demands strict proof at time of trial.

66.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 66 of the second amended complaint, but if material demands strict proof at time of trial.

**Responses to Plaintiffs' Allegations Regarding Maurice Williams**

67.     Defendant admits only that Plaintiff Williams was held on three charges. He was sentenced on February 27, 2006 on two charges to time served, but DOC did not receive that release order until March 1, 2006. That order indicated a release date of February 8, 2006. Inmate Williams was released on March 1, 2006. Defendant lacks knowledge and information

9

sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 67 of the second amended complaint, but if material demands strict proof at time of trial.

**Responses to Plaintiffs' Allegations Regarding Toney James Malloy**

68. Defendant denies that at the time of the filing of the amended complaint that Plaintiff Mallow had no other charges, warrants, detainers or other basis for detention b DOC.

69. Defendant admits that inmates are not released directly from the D.C. Superior Court, and that they are returned to a DOC facility for out-processing.

70. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 67 of the second amended complaint, and therefore deny same. If these allegations are material the Defendant demands strict proof at time of trial.

### RESPONSES TO PLAINTIFFS' SUBSTANTIVE ALLEGATIONS

### Count I

**Responses to § 1983 Deliberate Indifference Claims Against the District**

71. Defendant repeats its responses to the allegations of paragraphs 1-70 of the second amended complaint as if set forth at length herein.

72. Paragraph 72 of the second amended complaint states a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations of paragraph 72, and demand strict proof at time of trial.

73. Paragraph 73 of the second amended complaint states a conclusion of law to which no response is required.

74. Paragraph 74 of the second amended complaint states a conclusion of law to which no response is required.

75. Defendant denies the allegations of paragraph 75 and demand strict proof at time of trial.

76.     Paragraph 76 of the second amended complaint states a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations of paragraph 76, and demand strict proof at time of trial.

77.     Paragraph 77 of the second amended complaint states a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations of paragraph 77, and demand strict proof at time of trial.

78.     Paragraph 78 of the second amended complaint states a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations of paragraph 78, and demand strict proof at time of trial.

### Count 2

### Responses to Monell Custom and Practice Allegations--Overdetention

79.     Defendant repeats its responses to the allegations of paragraphs 1 through 70 and 72 through 78 of the second amended complaint as if set forth at length herein.

80.     Paragraph 80 of the second amended complaint states a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations of paragraph 80, and demand strict proof at time of trial.

81.     Paragraph 81 of the second amended complaint states a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations of paragraph 81, and demand strict proof at time of trial.

82.     Paragraph 82 of the second amended complaint states a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations of paragraph 82, and demand strict proof at time of trial.

### Count 3

### Responses to Monell Custom and Practice Allegations—Strip Search

83.     Defendant repeats its responses to the allegations of paragraphs 1 through 70, 72 through 78, and 80 through 82 of the second amended complaint as if set forth at length herein.

84.     Paragraph 84 of the second amended complaint states a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations of paragraph 84, and demand strict proof at time of trial.

85.     Paragraph 82 of the second amended complaint states a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations of paragraph 82, and demand strict proof at time of trial.

### RESPONSES TO CLAIMS FOR IRREPARABLE INJURY OR INJUNCTIVE RELIEF

86.     Paragraph 86 of the second amended complaint sets forth Plaintiffs' claim for irreparable harm to which no response is required. To the extent that a response is required, the Defendant denies the allegations of paragraph 86, and demand strict proof at time of trial.

87.     Paragraph 87 of the second amended complaint sets forth Plaintiffs' claim for injunctive relief to which no response is required. To the extent that a response is required, the Defendant denies the allegations of paragraph 87, and demand strict proof at time of trial.

### RESPONSES TO PLAINTIFFS' PRAYER FOR RELIEF

No response is required to the remainder of the complaint, which sets forth Plaintiffs' prayer for relief. To the extent that a response is required, the Defendant denies the remaining allegations in the second amended complaint.

### THIRD DEFENSE

All allegations not specifically admitted are denied.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses based upon its current knowledge and information.

1. Administrative out-processing of inmates may delay release until all warrants and detainers require time to clear through several national and international computer databases.

2. Delayed releases caused by computer malfunction do not rise to the level of unconstitutional deliberate indifference.

3. D.C. Superior Court Administrative Order 02-22 dated August 5, 2002 requires that the U.S. Marshal Service have an inmate's paperwork in hand before the inmate is returned to DOC custody.

4. Defendant cannot release an inmate after 10:00 p.m. as a matter of law.

5. The actions or failure to act which give rise to the claims alleged by Plaintiffs were the responsibility of or conducted by a person or party other than the District of Columbia.

6. Defendants, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

7. Defendants reserve the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

8. The actions of the defendants and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

9. To the extent plaintiffs seeks an award of unliquidated damages against the District of Columbia under local law, such award is barred for failure to meet the requirements of D.C. Code § 12-309.

10. The local law claims are barred by the District of Columbia's discretionary function immunity.

11. Plaintiffs have failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

12. Defendant states that it asserts these affirmative defenses based upon information presently available and in order to avoid waiver. Defendant reserves the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

**WHEREFORE**, Defendant prays for a judgment dismissing the amended complaint with prejudice and awarding it the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)