UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL BARNES, et al<br><br>　　　　Plaintiffs<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>　　　　Defendant | Civil Action No: **06-0315 (RCL)**<br><br>Next Event: None scheduled |

ORDER

The parties propose that the Court allow the parties to proceed with discovery in stages because (1) the parties propose that the Court bifurcate the liability and damages phases of the case and allow the parties to conduct liability discovery and resolve liability issues before proceeding to damages discovery; and (2) the parties propose that the Court allow the parties to have an initial 60 day stage of narrowly focused informal discovery in an attempt to resolve liability issues by agreement or by motions submitted on stipulated facts before engaging in full blown merits discovery or

some other method that will avoid unnecessary litigation. The key issues in the case as identified by the parties are identifying class members, determining lengths of overdetention by increments, e.g., hours and days in the case of the overdetention class, and determining the number of overdetentions[1] compared to a total number of prisoners processed and any existing policy of strip searches, and determining what is a reasonable period of time for release (in other words, what constitutes an overdetention). Identifying class members, determining lengths of overdetention in the case of the overdetention class, and determining the comparative number of overdetentions can be determined from the JACCS data and, if necessary, Courtview data. The existence of strip search policies can be determined from the DOC's policies and procedures. The legal issues are what constitutes an overdetention, whether there is a policy or practice of overdetention in violation of constitutional rights, and are the strip searches of court returns constitutional.

---

[1] Plaintiffs want the number of overdetentions to make out the Monell custom and practice claim but defendant does not concede the existence of a custom and practice claim.

Once the parties have the computer data analyzed and the strip search policies in hand they can evaluate the case, and either settle, or develop an expedited motions process such as submitting motions on stipulated facts. If, after an evaluation period, the parties cannot reach an agreement, they can conduct full blown Rule 26 discovery and submit dispositive motions.

The parties propose that the parties suspend, but not waive, the initial disclosures.

**Parties' Proposed Trial Plan**

The parties summarize their trial plan here because it affects their proposed discovery plan. The parties propose that the trial be bifurcated pursuant to Rule 42(b) into (1) a liability phase (including determination of injunctive relief) and (2) a damages phase. The central issues to be determined in Phase I (liability) are: (1) whether the District has a pattern and practice of overdetaining inmates and subjecting court returns to illegal strip searches after a judge has already ordered their release; (2) whether those practices are unconstitutional; and (3) whether plaintiffs are entitled to

injunctive relief. They key issue here is how long the District has to make releases. Other key issues are the number of overdetentions relative to the number of prisoners processed for release and the causes of the overdetentions. Phase II of the trial will address damages if the parties cannot resolve damages issues by settlement after a liability determination. Plaintiffs propose determining damages (1) in a single, class-wide damages trial using "sampling;" or, alternatively, (2) by instructing the jury on establishing a matrix for damages based on such factors as length of detention and type of strip search; or (3) by mini-trials tried to judges (and magistrates if defendants agree) on the issue of damages; or (4) by a claims procedure agreed upon by the parties. Defendant proposes determining damages by mini-trials tried to judges (and magistrates if defendants agree) on the issue of damages.

**INITIAL LIABILITY DISCOVERY PHASE**

Computer Discovery.

From entry of scheduling order until 60 days from date of entry of scheduling order

The District makes available to plaintiffs' IT experts for informal discussions its own IT experts to discuss the fields in the JACCS database (Department of Corrections computerized booking system) needed to determine class members, length of overdetentions in the overdetention class, and the relative number of overdetentions, and the records in those fields from the period September 1, 2005 to the present and going forward until the termination of the case. The District will also provide data dictionaries for JACCS and CourtView and manuals and documentation on release procedures and strip search policies and procedures as needed.

<u>45 to 60 days from date of entry of scheduling order</u>

The District produces to plaintiffs the database records from JACCS and CourtView needed to determine class members, length of overdetentions in the overdetention class, and the overdetentions and strip searches from the period September 1, 2005 to the present and going forward until the termination of the case, and the District's I.T. experts confer with plaintiffs' I.T. expert to develop queries to determine class members, length of overdetentions in the overdetention class, and the overdetentions and strip searches.

<u>30 to 60 days from date of entry of scheduling order</u>

The District produces other paper discovery needed for the initial liability analysis (including documents needed for formulating queries) such as the discrepancy log (in electronic format) or other documents memorializing overdetentions, release procedures in place by the DOC including the DC General release procedures, and strip search policies and procedures.

**DATA EVALUATION PHASE**

<u>60 to 90 days from date of entry of scheduling order</u>

Parties evaluate data indicating identity of class members, length of overdetentions in the overdetention class, and the number of overdetentions and strip searches relative to the number of prisoners processed for release.  Parties discuss whether any of the claims can be resolved by agreement, or abbreviated procedures such as submission of motions on stipulated facts or submission of discrete issues (such as what is a reasonable period for release) on stipulated facts, or the need for mediation. This estimate is

preliminary, as it depends on the time needed for Plaintiffs' I.T. experts to analyze the new data.

**SECOND LIABILITY DISCOVERY PHASE**

If the parties cannot resolve the case at this point by settlement or abbreviated motions without the need for further discovery, then the parties will conduct full blown discovery and expert discovery according to the following schedule.  (The parties have discussed mediation and the parties will move the Court to refer the case to mediation prior to the formal discovery period (should both sides agree).

<u>150 days from date of entry of scheduling order</u> -- initial disclosures due

<u>90 to 180 days from date of entry of scheduling order - depositions and paper discovery</u>

Parties conduct depositions and paper discovery.  The parties agree to provide each other 30 days notice for each 30(b)(6) deposition and where possible 3-4 weeks notice for fact depositions.

<u>150 to 210 days from date of entry of scheduling order – expert reports and depositions</u>

<u>210 days from date of entry of scheduling order – dispositive motions due.</u>

**POST MOTION SCHEDULE**

If any of plaintiffs' claims survive after dispositive motions, within 30 days after entry of order the parties will meet and confer and submit schedule for damages, discovery, and trial.

                                                  _____
                                                  The Honorable Royce C. Lamberth
                                                  United States District Court Judge

copies to:

Counsel for Plaintiffs and the Class:

William Claiborne
717 D Street, NW
Suite 210
Washington, DC 20004
Phone 202/824-0700
Fax 202/824-0745

Barrett S. Litt
Litt, Estuar, Harrison & Kitson, LLP
1055 Wilshire Blvd.
Suite 1880
Los Angeles, CA 90017

Phone: (213) 386-3114
Fax:    (213) 380-4585

Ralph D. Robinson
8160 Skelton Circle
Falls Church, Virginia 22042
Phone/Fax: (703) 846-0596
Email: ralph_29104@msn.com


Counsel for District of Columbia
Denise Baker
Assistant Attorney General
Attorney General
for the District of Columbia
441 4th Street, NW
Washington, DC 20001
(202) 442-9887