UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL BARNES, et al<br><br>　　　　Plaintiffs<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>　　　　Defendant | Civil Action No: **06-0315 (RCL)**<br><br>Next Event: None scheduled |

NOTICE

Attached is the parties' proposed scheduling order in response to the Court's order filed 3/26/07 (docket # 33).

The parties propose that the Court allow the parties to proceed with discovery in stages because (1) the parties propose that the Court bifurcate the liability and damages phases of the case and allow the parties to conduct liability discovery and resolve liability issues before proceeding to damages discovery; and (2) the parties propose that the Court allow the parties to have an initial 60 day stage of narrowly focused informal discovery in an attempt to

resolve liability issues by agreement or by motions submitted on stipulated facts before engaging in full blown merits discovery or some other method that will avoid unnecessary litigation. The key issues in the case as identified by the parties are identifying class members, determining lengths of overdetention by increments, e.g., hours and days in the case of the overdetention class, and determining the number of overdetentions[1] compared to a total number of prisoners processed and any existing policy of strip searches, and determining what is a reasonable period of time for release (in other words, what constitutes an overdetention). Identifying class members, determining lengths of overdetention in the case of the overdetention class, and determining the comparative number of overdetentions can be determined from the JACCS data and, if necessary, Courtview data. The existence of strip search policies can be determined from the DOC's policies and procedures. The legal issues are what constitutes an overdetention, whether there is a policy or practice of overdetention in violation of

---

[1] Plaintiffs want the number of overdetentions to make out the Monell custom and practice claim but defendant does not concede the existence of a custom and practice claim.

constitutional rights, and are the strip searches of court returns constitutional.

Once the parties have the computer data analyzed and the strip search policies in hand they can evaluate the case, and either settle, or develop an expedited motions process such as submitting motions on stipulated facts. If, after an evaluation period, the parties cannot reach an agreement, they can conduct full blown Rule 26 discovery and submit dispositive motions.

The parties propose that the parties suspend, but not waive, the initial disclosures.

**Parties' Proposed Trial Plan**

The parties summarize their trial plan here because it affects their proposed discovery plan. The parties propose that the trial be bifurcated pursuant to Rule 42(b) into (1) a liability phase (including determination of injunctive relief) and (2) a damages phase. The central issues to be determined in Phase I (liability) are: (1) whether the District has a pattern and practice of overdetaining inmates and subjecting court returns to illegal strip searches after a

judge has already ordered their release; (2) whether those practices are unconstitutional; and (3) whether plaintiffs are entitled to injunctive relief.  They key issue here is how long the District has to make releases.  Other key issues are the number of overdetentions relative to the number of prisoners processed for release and the causes of the overdetentions. Phase II of the trial will address damages if the parties cannot resolve damages issues by settlement after a liability determination.  Plaintiffs propose determining damages (1) in a single, class-wide damages trial using "sampling;" or, alternatively, (2) by instructing the jury on establishing a matrix for damages based on such factors as length of detention and type of strip search; or (3) by mini-trials tried to judges (and magistrates if defendants agree) on the issue of damages; or (4) by a claims procedure agreed upon by the parties.  Defendant proposes determining damages by mini-trials tried to judges (and magistrates if defendants agree) on the issue of damages.

Respectfully submitted

\_\_\_\_\_/sig/_____

William Claiborne
717 D Street, NW
Suite 210
Washington, DC 20004
Phone 202/824-0700
Fax 202/824-0745
Counsel for Plaintiffs and the Class:


Barrett S. Litt
Litt, Estuar, Harrison & Kitson, LLP
1055 Wilshire Blvd.
Suite 1880
Los Angeles, CA 90017
Phone: (213) 386-3114
Fax:    (213) 380-4585

Ralph D. Robinson
8160 Skelton Circle
Falls Church, Virginia 22042
Phone/Fax: (703) 846-0596
Email: ralph_29104@msn.com

Respectfully submitted


___/DB/_____
Denise Baker
Assistant Attorney General
Attorney General
for the District of Columbia
441 4th Street, NW
Washington, DC 20001
(202) 442-9887
Counsel for District of Columbia