UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL BARNES, et al<br><br>Plaintiffs<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>Defendant | Civil Action No: **06-0315 (RCL)**<br><br>Next Event: None scheduled |

SCHEDULING ORDER

**INITIAL LIABILITY DISCOVERY PHASE**

Computer Discovery.

From entry of scheduling order until 60 days from date of entry of scheduling order

The District makes available to plaintiffs' IT experts for informal discussions its own IT experts to discuss the fields in the JACCS database (Department of Corrections computerized booking system) needed to determine class members, length of overdetentions in the overdetention class, and the relative number of overdetentions, and

1

the records in those fields from the period September 1, 2005 to the present and going forward until the termination of the case. The District will also provide data dictionaries for JACCS and CourtView and manuals and documentation on release procedures and strip search policies and procedures as needed.

<u>45 to 60 days from date of entry of scheduling order</u>

The District produces to plaintiffs the database records from JACCS and CourtView needed to determine class members, length of overdetentions in the overdetention class, and the overdetentions and strip searches from the period September 1, 2005 to the present and going forward until the termination of the case, and the District's I.T. experts confer with plaintiffs' I.T. expert to develop queries to determine class members, length of overdetentions in the overdetention class, and the overdetentions and strip searches.

<u>30 to 60 days from date of entry of scheduling order</u>

The District produces other paper discovery needed for the initial liability analysis (including documents needed for formulating queries) such as the discrepancy log (in electronic

format) or other documents memorializing overdetentions, release procedures in place by the DOC including the DC General release procedures, and strip search policies and procedures.

**DATA EVALUATION PHASE**

<u>60 to 90 days from date of entry of scheduling order</u>

Parties evaluate data indicating identity of class members, length of overdetentions in the overdetention class, and the number of overdetentions and strip searches relative to the number of prisoners processed for release.  Parties discuss whether any of the claims can be resolved by agreement, or abbreviated procedures such as submission of motions on stipulated facts or submission of discrete issues (such as what is a reasonable period for release) on stipulated facts, or the need for mediation. This estimate is preliminary, as it depends on the time needed for Plaintiffs' I.T. experts to analyze the new data.

**SECOND LIABILITY DISCOVERY PHASE**

If the parties cannot resolve the case at this point by settlement or abbreviated motions without the need for further discovery, then

the parties will conduct full blown discovery and expert discovery according to the following schedule. (The parties have discussed mediation and the parties will move the Court to refer the case to mediation prior to the formal discovery period (should both sides agree).

<u>150 days from date of entry of scheduling order</u> -- initial disclosures due

<u>90 to 180 days from date of entry of scheduling order - depositions and paper discovery</u>

Parties conduct depositions and paper discovery. The parties agree to provide each other 30 days notice for each 30(b)(6) deposition and where possible 3-4 weeks notice for fact depositions.

<u>150 to 210 days from date of entry of scheduling order – expert reports and depositions</u>

<u>210 days from date of entry of scheduling order – dispositive motions due.</u>

**POST MOTION SCHEDULE**

If any of plaintiffs' claims survive after dispositive motions, within 30 days after entry of order the parties will meet and confer and submit schedule for damages, discovery, and trial.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, April 21, 2007.