UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CARL A. BARNES, *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case Number: 06-315 (RCL) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |

**RESPONSE OF THE DEFENDANT DISTRICT OF COLUMBIA TO SIMON BANKS' MOTION TO INTERVENE, LIFT AND TO MODIFY PROTECTIVE ORDER**

Defendant, the District of Columbia (hereinafter "the District"), by and through undersigned counsel, responds to Simon Banks' (hereinafter "Banks") Motion to Intervene in the above-captioned class action, lift or modify protective order.

**I.    BACKGROUND**

On March 26, 2007, this Court in *Barnes v. District of Columbia,* 242 F.R.D., 113 (D.D.C. 2007) certified an overdetention class consisting of "[e]ach person who has been, is, or in the future will be incarcerated in any District of Columbia Department of Corrections facility from September 1, 2005 forward; and who was not released, or, in the future, will not be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired." 242 F.R.D. at 120, 124. Plaintiff is a *de facto* member of the *Barnes* class. *Banks v. York*, 2007 WL 2697064, fn. 6 (September 17, 2007). ("[Banks']

incarceration having persisted beyond September 1, 2005, plaintiff would qualify as a member of this overdetention class.").

## II.  ARGUMENT

The District opposes Banks' motion to intervene.  The appropriate vehicle, if any, for the relief requested is for Banks to join the certified class, which the District would not oppose.

Banks seeks to have his cake and eat it too.  He seeks a seat at the bargaining table, i.e., mediation, at which time Plaintiffs' counsel will attempt to bargain for the entire class.  (Banks' Mem. in support of Intervention, page 3) (hereinafter "Banks' Mem.") ("[T]he Applicant hereby consents to be a participant in the court sponsored mediation."). Banks, on the other hand, will attempt to mediate solely for his interests— not that of the other class members.

Intervention is appropriate when "disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." Fed. R. Civ. Pro. 24(a).  Here, Banks fails to show how, if at all, his interests would be impeded if he were not permitted to intervene.  If anything, the interests of the class members would be impeded by his presence as both representative and represented in the *Barnes* mediation and further litigation.  His presence would create an inherent conflict of interest, which could only serve to thwart any possible settlement of the underlying class action.

Permissive intervention is appropriate when it will not "unduly delay or prejudice the rights of the original parties." *Id*. at 24(b).  If intervention is granted on this basis, Banks would want time to review the massive amount of discovery documents that he requests, which would unduly delay the scheduled *Barnes* mediation.

Additionally, Banks wants to lift the protective order to benefit his individual action; however the protective order is in place to protect class members. (Banks' Mem. at pages 5-6). Lifting the protective order that is in place for the protection of the original litigants is presumptively prejudicial to their interest.

It appears that Banks wants to litigate his own case; but not as a member of the certified class. To permit dual tracks for the same discovery undermines the basic tenets of class action litigation, which is to preserve resources, resolve cases with common facts and law in one action, and judicial economy. Fed. R. Civ. Pro. 23.

The parties in *Barnes* have agreed to mediation, which will occur shortly. Unless Banks opts out of the class, *Banks* case is subsumed in the *Barnes* litigation, mediation, and the outcome. *Banks v. York*, 2007 WL 2697064, fn. 6 (September 17, 2007). Banks must accept that fact. If Banks chooses to opt out of the class, he should not be permitted to benefit from the class litigation. Banks should be forced to bear the burdens of costs, protracted litigation, and outcome alone.

### III. CONCLUSION

For the reasons set forth above, Banks' Motion to Intervene, Lift and Modify Protective Order should be denied.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Ellen A. Efros
    ELLEN A. EFROS
    Chief, Equity I

    /s/ Denise J. Baker

DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

Denise.baker@dc.gov