UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SIMON BANKS, ) | | |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | Civil Action No. 05-1514 (RCL) | |
| ) | Royce C. Lamberth, Judge | |
| S. ELWOOD YORK, JR., ET AL. ) | | |
| ) | | |
| Defendants ) | December 20, 2007 | |
| ) | | |

**PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS**

PLAINTIFF'S CERTIFICATION PURSUANT TO LCVR 7.1 (M)
That before filing his motion Plaintiff requested the District's Attorney's consent
To the relief requested in such motion and the consent was not given

Come now, Simon Banks, Plaintiff and submit Motion to Strike Defendant District of Columbia and Devon's Motion to Dismiss and for Sanctions, and in support cite the following:

1. Plaintiff incorporate by reference Plaintiff's Memorandum of Law In Support of Motion to Strike and for Sanctions.

2. Plaintiff incorporate by reference Plaintiff's Affidavit in Support of Plaintiff's Motion to Dismiss and for Sanctions.

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
Tele#: 703 965-5637
e-mail: drsbanks@msn.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIMON BANKS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1514 (RCL) |
| | ) | Royce C. Lamberth, Judge |
| S. ELWOOD YORK, JR., ET AL. | ) | |
| | ) | |
| Defendants | ) | December 20, 2007 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS**

Come now, Simon Banks, Plaintiff and submit Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Strike Defendant District of Columbia and Devon's Motion to Dismiss and for Sanctions, and in support cite the following:

    1.    Pursuant to the Requirements of LCVR 7.1 (M)[1]

At 12:46 PM on December 19, 2007, the Plaintiff telephoned the Defendants Attorney, Denise Baker, at 202 442-9887 for purposes of informing her that the Plaintiff proposed to file Motion for Default Judgment against the Defendants District of Columbia and Devon Brown and to seek consent for the filing of the motion.

---

[1] Seeking to secure the District and Devon's position as to whether the Defendants District and Devon Brown would consent to the filing of Plaintiff's Motion for Default Judgment

    2.    Denise Baker, counsel for the District and Devon Brown, exhibited surprise that the Plaintiff was about to file this motion. Ms. Baker asked of Plaintiff, "what do you base this on? I filed a motion to dismiss and for sanctions." To this comment Plaintiff responded, "you filed that motion in *Banks v. District of Columbia and Devon Brown.* This is *Banks v. York.* The court ordered you to do something and you did not do it." To this statement Ms. Baker responded, "I will file the answer within an hour." To this comment, Plaintiff responded, "I will wait until 3:00 O'clock." Ms. Baker said thanks.

    3.    However, Denise Baker did not wait to generate an answer to the Third Amended Complaint as ordered by the Court on 09/17/2007, Document 120 at 2, which required the District and Devon Brown to submit an answer to the Plaintiff's Third Amended Complaint. Rather, Baker, Defendants District and Brown, panic and immediately filed the exact same motion, Motion to Dismiss and for Sanctions, that the Defendants filed in *Simon Banks v. District of Columbia, et al,* 07-2115 (ESH) with Judge Huvelle on Friday, December 14, 2007, resulting in Judge Huvelle's order dated 12/17/2007, Document 10, advising the Plaintiff of the District Court's requirement to take pains to advise a *pro se* party, pursuant to the mandate contained in *Fox v. Strickland, 837* F.2d 507 (D.C. Cir. 1988) of the consequences of failing to respond to a dispositive motion.

    4.    Defendants' motion, which merely changed the case number and the Judge, merely restates unrelated allegations that are not applicable to this over-detention case. Defendants motion to dismiss and for sanctions is clearly in response to the Plaintiff's "Corrected Amended Complaint" filed in *Banks v.*

*District of Columbia,* 07-2115 (ESH).  For example, the Defendants District and Devon Brown (hereinafter "District") base its motion on the Plaintiff's Corrected Complaint, 07-2115 (ESH):

    a)    At 1¶ (a) the Def's Mot. to Dismiss, the District provide: "The complaint violates an order of this court issued on September 17, 2007 by the Honorable Ellen S. Huvelle, which specifically limited the claims that could be lodged by stating………

    b)    At page 1 and 2 of the Def's Mot to Dismiss, the District cites allegations the Plaintiff made against Director Brown in his official capacity by listing them in ¶¶ b-h, none of which relates to the instant over-detention case.

5.    At 2 of District Motion to Dismiss, it provide:

    **b.**    **Making allegations against Director Brown for denial of medical care (Count 1);**
    **c.**    **Making allegations against Director Brown for lack of heat (Count 1);**
    **d.**    **Making Deliberate Indifference claims against Director Brown for lack of heat (Count III)**
    **e.**    **Making Deliberate Indifference claims against Director Brown for deprivation of medical-diabetic meals (Count III);**
    **f.**    **Making Deliberate Indifference claims against Director Brown for deprivation of diabetic meals repeated (Count 1V);**
    **g.**    **Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the third time for failure to provide diabetic meals (also nominated Count III for a second time);**
    **h.**    **Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the second time for failure to provide adequate heat (also nominated Count III for a second time);**

5

&copy; The complaint fails to state a claim upon which relief may be granted against the District of Columbia under Count III (second Count III, page 13) since the 14th Amendment to the U.S. Constitution is not made applicable to the District of Columbia;

(d) Plaintiff waived his claim for alleged opened mail outside his presence by failing to allege said claim pursuant to the Huvelle Order, and as such, District Defendants seek a ruling that the claim is dismissed with prejudice;

(e) The legal doctrine of *non sui juris* prohibits suit against Director Brown in is official capacity;

(f) **Plaintiff's contempt of this court's order and contumacious practices warrant sanctions;**

(g) Plaintiff failed to exhaust administrative remedies.

6. Clearly, Denise Baker, District's counsel knew and had reason to know that the District's Motion to Dismiss and for Sanctions is inapplicable to the instant case and that it was submitted to mislead the court, waste judicial resources, and for purposes of harassing the Plaintiff.

7. Clearly, Denise Baker, District Counsel knew and had reason to know that the District's to Dismiss and for Sanctions motion was submitted in bad faith.

8. Clearly, Denise Baker, District Counsel knew and had reason to know prior to submitting the District's Motion to Dismiss and for Sanctions, that it is frivolous

9. At 5¶3 of the District's Memorandum of Points and Authorities In Support of District Defendants' Motion to Dismiss and for Sanctions (hereinafter "District's Points"), the District provide:

> **Judge Huvelle gave Plaintiff the opportunity to raise a claims (sic) related to allegations that his mail was opened outside of his presence while he was incarcerated for the unauthorized**

6

**practice of law, as well as common law negligence. Plaintiff failed to or decided not to raise this claim in his new [Emphasis Added] complaint, thereby waiving his opportunity to do so, and/or violating Huvelle Order on another point. District Defendants seek an order of this Court precluding Plaintiff from litigating these claims on the basis of waiver since he was given the opportunity to raise them now, but failed to do so.**

10. At 6 of 14 of Defendant's Mot. to Dismiss, Defendants list e-mails Submitted to Denise Baker, District's Counsel, for purposes of complying with the requirements of the Court's Local Rule prior to filing Motion, stating "the fact that he threatens to expand his pleadings to an even greater extent to include the following:

1. **I propose to file an amended complaint which will include the contractor as a defendant. Do you consent to the filing of Motion to amend complaint in *Banks v. Brown, et al* 07-02115.**

2. **I propose to file Motion to consolidate/join *Banks v. Brown*, 07-02115 with *Banks v. York, et al* 05-1514.**

3. **I propose to file Motion for Declaratory Judgment, to determine my right to rely upon the over-detention constitutional claims set forth in 05-1514 as connected to and the underpinning of the non-overdetention state law/common law claims filed in 07-2115, Banks v. Brown, as well as the prejudicial effect and impact that the sua sponte severance has upon Plaintiff's procedural and substantive rights. As well as right to receive any and all evidence/discovery, disclosures shared by and between the parties in Carl Barnes v. DC, 06-00315RC.**

4. **I propose to file Motion to supplement Banks v. York, 05-1514, with state law claims pertaining to over-detention, i.e. false imprisonment. This motion shall include Plaintiff's right to participate in any and all mediation involving class-plaintiff and lead class counsel.**

5. **I propose to file motion in Carl Barnes v. DC, 07-00315RC (sic) to lift protective order and/or injunction precluding respective counsel from disclosing content of discovery and other facts and for an order directing counsel to share with**

7

> **the Plaintiff/intevenor/class member, any and all discovery, affidavits, pretrial evidence shared by and between parties, so that Plaintiff may share and participate in any and all proceedings, including but not limited to discovery and mediation.**

"(Banks Email attached hereto as Exhibit "B" and made a part hereof)."

    11.    The signatures of Ellen A. Efros and Denise Baker at 3 of 14, Def's Mot. to Dismiss and for Sanctions, certificate pursuant to LCVR 12-1 is a sham, a intentional misrepresentation of fact and a fraud. The Plaintiff was never in receipt of nor did the above-referenced signatories to the LCVR 12-1 certificate, submit via email counsel's of the defendants' intention to file this motion to dismiss, as provided by Denise J. Baker.

    12,    The Certificate Pursuant to LCVR12-1 at 3 of 4 provide:

> **The undersigned counsel hereby certifies that on December 14, 2007, she email counsel of the defendants' intention to file this motion to dismiss, to which Plaintiff has not responded and it is assumed that the motion is opposed**.

    13.    The District's Motion to Dismiss and for Sanctions in this case is a recent fabrication, a knee-jerk attempt to circumvent the Plaintiff's Motion for Default Judgment and to deceive the Court.

    14.    The District waived its opportunity to file a response to the Plaintiff's Third Amended Complaint and is now attempting to nullify the Plaintiff's Motion for Default Judgment by filing a sham Motion to Dismiss and for Sanctions that is an exact copy filed in 07-211f (ESH) on December 14, 2007, with exception the case number was changed to 04-cv1514 (RCL), and that is unrelated to the issues before this Honorable Court in this "overdetention" case.

15.     Denise Baker, the District's counsel, has abusively, falsely, fraudulently, and unethically violated the doctrine contained Fed. R. Civ. P. Rule 11, and ought to be severely sanctioned.

16.     The Plaintiff request that this Honorable Court subject Denise Baker, the District's counsel to sanctions pursuant to Fed. R. Civ. P. Rule 11 and any and all other equitable sanctions that this Court has discretion to administer.

17.     The Plaintiff request this Honorable Court to grant the Plaintiff's Motion for Default Judgment and strike this lame attempt to fabricate a sham on the Court by filing a sham motion to dismiss and for sanctions as a pretextual disguise to misle the court and deprive the Plaintiff of procedural due process, and to abuse the resources of this court.

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
Tele#: 703 965-5637
e-mail: drsbanks@msn.com

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIMON BANKS, ) | | |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | Civil Action No. 05-1514 (RCL) | |
| ) | Royce C. Lamberth, Judge | |
| S. ELWOOD YORK, JR., ET AL. ) | | |
| ) | | |
| Defendants ) | December ____, 2007 | |

**ORDER**

Upon consideration of the Plaintiff's Motion to Strike and for Sanctions, it is this

_____day of December, 2007,

**HEREBY,**
**GRANTED**

The Plaintiff's Motion for Default Judgment is granted.

Denise Baker, of the Office of Attorney General, District of Columbia is hereby admonished that her conduct is reprehensible, contumacious, and abusive of the court's resources, and have subjected the Plaintiff to an unfair burden of having to submit response to the District's sham and frivolous motion to dismiss and for sanctions.

_____
**Royce C. Lamberth**
**United States Judge**