UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| SIMON BANKS, ) | | |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | Civil Action No. 05-1514 (RCL) | |
| ) | Royce C. Lamberth, Judge | |
| S. ELWOOD YORK, JR., ET AL. ) | | |
| ) | | |
| Defendants ) | December 21, 2007 | |
| ) | | |

**PLAINTIFF'S RESPONSE AND OBJECTIONS TO THE DISTRICT'S NOTICE TO THE CLERK TO WITHDRAW MOTION TO DISMISS AND FOR SANCTIONS**

Comes now Simon Banks, Plaintiff and submit Response and Objection to the District's Notice to the Clerk to withdraw motion to dismiss and for sanctions, and in support cite the following:

**The Plaintiff demand a ruling on the merits and rejection of the District and Devon Brown's Notice to Withdraw Motion to Dismiss and for Sanctions, Document 145, 12/20/2007**

The Plaintiff demand a ruling on the merits and rejection of the District and Devon Brown's Notice to withdraw Motion to Dismiss and for Sanctions.

The District filed a frivolous response to the Plaintiff's Third Amended Complaint, simply to mislead the Court and the Plaintiff, and for deliberate purposes of wasting the limited resources of the Court, although it knew and had reason to know that this filing was a sham and would require the Plaintiff to submit a response. After the

District reviewed the Plaintiff's Motion for Default Judgment and for Sanctions, the Defendants decided to withdraw its response to the Court's Order, Document 120 directing the District and Devon Brown to file their respective answers by October 21, 2007, the District had second thoughts and just as arbitrarily as it filed its Motion to Dismiss and for Sanctions, it arbitrarily filed notice to the clerk to withdraw its Motion to Dismiss and for sanctions.

The District and Devon Brown had notice of the court's order ordering it to file its answer by October 21, 2007. Rule 108(b) Fed. R. Civ. P. and the local rules of this Honorable Court require the District and defendant Brown, pursuant to Rule 6, to first seek extension of time before filing its answer which was due on October 21, 2007. As a consequence, the Plaintiff's motion for default judgment ought be granted. Moreover, the District further abuse its position as a member of this Court by filing an opposition to the Plaintiff's Motion to Strike based upon its contention that the issue is moot because it filed a notice to the clerk of court to withdraw its Motion to Dismiss and for Sanctions which was filed as an intended pleading surreptitiously submitted in response to the Court's order, Document 120, dated 9/17/2007, ordering it to file its answer to Plaintiff's Third Amended Complaint by October 21, 2007.

Actually, the District and Devon Brown's answer to the complaint was the District's Motion to Dismiss and for sanctions, Document 139 (Response) which it has moved to withdraw, Document 145. After the District filed this pleading it filed its answer that was due on October 21, 2007, without filing first, a) Motion for extension of time to file the late, out-of-time Answer, and without filing a Motion for leave to amend its Answer, Document 139, District's Motion to Dismiss and for Sanctions, as required

by Fed. R. 15.  See Fed. R. Civ. P. 15(a) (granting leave to amend once as "a matter of course" at any time before a responsive pleading is served; *Harris v. Secretary, United States Dep't of Veterans Affairs,* 127 F.3d 339, 344-45 (D.C. Cir. 1997) (recognizing that amendments prior to a responsive pleading shall be freely given under Rule 15(a).

Perhaps the District and Devon Brown are making an assumption that the court will sua sponte grant it equitable tolling of its late filing even though **the District has not made any proffer as to why it has been late in filing its answer. [Emphasis Added]** However, the facts before the court do not justify equitable tolling as a matter of law. See *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 578 n.4 (D.C. Cir. 1998) (noting that "the doctrine of equitable tolling ordinarily involves discretion on the trial judge's part," However, as a matter of law that the facts do not support invocation of the equitable tolling doctrine;  see also *Dunlap v. United States*, No. 99-6456, 2001 WL 473063, at *5 & n.2 (6th Cir. May 7, 2001) (reviewing a district court's s 2255 equitable tolling decision de novo, where the district court declined to grant tolling as a matter of law).

There are no 'extraordinary circumstances' ... which would justify equitable tolling sufficient to render the District and Brown's late filing timely of its answer in this case. See *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (noting that "the party seeking to establish tolling typically carries that burden," and applying that rule to equitable tolling under *Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992) (holding that a Title VII plaintiff bears the burden of establishing his

entitlement to equitable tolling).

**SANCTIONS ARE REQUIRED TO PREVENT FURTHER ABUSE**

Sanctions are required to prevent the District and Devon Brown from further abusing its privilege and subjecting the Court and the Plaintiff to the litany of frivolous pleadings and procedural misconduct causing the Plaintiff to suffer the burden of having to respond and the Court of having to waste precious resources to review and decide this frivolous, unethical and activity in violation of Rule 11 of the Fed. R. Civ. P. Rule 11.

In *Rafferty Scott J, V. Nynex Corp*. The Court opined; "we have held that once the district court finds that a pleading is not well grounded in fact, not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or is interposed for any improper purpose, "Rule 11 *requires* that sanctions of some sort be imposed." *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174-75 (D.C. Cir. 1985) (emphasis added); 12 *see also Hilton Hotels Corp. v. Banov,* 899 F.2d 40, 44 (D.C. Cir. 1990) (same); *Saltany v. Reagan,* 886 F.2d 438, 439 (D.C. Cir. 1989) (same), *cert. denied,* 495 U.S. 932 (1990); *Weil v. Markowitz,* 829 F.2d 166, 171 (D.C. Cir. 1987) (same). Thus, once a district court finds sanctionable conduct, it has no discretion *whether* to impose sanctions. *Westmoreland,* 770 F.2d at 1174. It exercises its discretion at that point by selecting an appropriate sanction. *Id.*

**THE DISTRICT HAS WAIVED ITS RIGHT TO FILE AN ANSWER**

By failing to submit a Motion for Extension of Time and Leave to File its answer late, and after the Plaintiff has submitted a responsive pleading, the District has waived its right to file and answer. "Where the district court relies on the absence of a response

as a basis for treating the motion as conceded, we honor its enforcement of the rule."

*Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

## THE DOCTRINE OF JUDICIAL ESTOPPEL

The doctrine of *Judicial estoppel* precludes the District and Devon Brown's inconsistent, knee-jerk and "loose actions with the courts.'" <u>Scarano v. Central R. Co. of New Jersey</u>, 203 F.2d 510, 513 (3d Cir. 1953)(citation omitted). "The basic principle . . . is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4477 (1981), p.782.

**WHEREFORE**, Plaintiff pray this Honorable Court grant the relief requested, deny the District and Devon Brown request to withdraw the Motion and grant the Plaintiff's Motion to Strike the District's Motion to Dismiss and for Sanctions, issue sanctions against the District and Devon Brown, and grant the Plaintiff Motion for Default Judgment.


_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
Tele#: 703 965-5637
e-mail: drsbanks@msn.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SIMON BANKS,  ) | |
| ) | |
| Plaintiff  ) | |
| ) | |
| v.  ) | Civil Action No. 05-1514 (RCL) |
| ) | Royce C. Lamberth, Judge |
| S. ELWOOD YORK, JR., ET AL.  ) | |
| ) | |
| Defendants  ) | December ____, 2007 |
| ) | |

**ORDER**

Upon consideration of Plaintiff's Motion to Strike and for Sanctions, and Plaintiff's Response and Objection to the District's Notice to the Clerk to Withdraw Motion to Dismiss and for Sanctions, it is this ____ day of December, 2007

**HEREBY,**

**GRANTED**

_____
United States Judge