UNITED STATES DISTRICT COURT

OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL A. BARNES, et al<br><br>                   Plaintiffs<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT<br>OF COLUMBIA,<br><br>                 Defendant | Civil Action No:   **06-315 (RCL)**<br><br>Next Event: None scheduled |

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SIMON BANKS' MOTION TO INTERVENE

Simon Banks' motion to intervene (permissively) should be denied because the intervention will unduly delay or prejudice the adjudication of the rights of the original parties for the reasons explained below.

District courts have the discretion to deny a motion for permissive intervention even if the movant has established the requirements of Fed. R. Civ. P. 24(b)(2) (established an independent jurisdictional basis, submitted a timely motion, and advanced a claim or defense that shares a common question with the main action) if the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.  EEOC v. National Children's Ctr., 146 F.3d 1042, 1048 (D.C. Cir. 1998).

Banks does not meet the requirements of Fed. R. Civ. P. 24(b)(2). Moreover, the Court should exercise its discretion to deny the motion because of Banks' historical refusal to comply with court orders.

## BANKS DOES NOT COMPLY WITH PERMISSIVE INTERVENTION REQUIREMENTS

Banks waited too long. Stewart v. Rubin, 948 F. Supp. 1077, 1103 (D.D.C. 1996) (stating that the Court will consider the length of time the intervenor knew or should have known of her interest in the case; the prejudice to the original parties resulting from the intervenor's delay; the prejudice, if any, to the intervenor if the motion is denied; and any unusual circumstances in determining timeliness); In re Lorazepam & Clorazepate Antitrust Litig. v. Mylan Labs., 205 F.R.D. 363, 368 (D.D.C. 2001). Cf. Devlin v. Scardelletti, 536 U.S. 1, 13 (U.S. 2002)(untimely objections should be evaluated under waiver analysis).

Request overbroad. Banks' appears to be requesting not only access to discovery, but also the right to participate in the mediation. There is no basis in Rule 24 for granting a non-lawyer the right to participate in the mediation of a class action. Given Banks' history with court orders, he should not be allowed to participate in mediation of a class action. See "Alexandria Circuit Court Judge Lisa Bondareff Kemler followed a jury's recommendation to incarcerate Simon Banks, 66, for three felony convictions

of larceny by false pretense. Banks also was convicted of one misdemeanor count of unauthorized practice of law." Washington Post.  Banks, who graduated from Howard University's law school but never passed the bar, was not licensed to practice law, prosecutors said. Banks has been jailed in Alexandria since June and has completed his six-month sentence, said Assistant Commonwealth's Attorney Elliott Casey. He is to return to the District to complete a two-year sentence there for contempt of court;  Fake lawyer: An Alexandria businessman convicted of misrepresenting his legal credentials was sentenced yesterday to six months in jail. He also was ordered to pay $5,900 in restitution.  Washington Post; A local businessman who has been sanctioned again and again over the past two decades for misrepresenting his legal credentials was sentenced yesterday to a two-year prison term for failing to heed earlier court orders.  CRIME & JUSTICE The Washington Post December 17, 2004 Friday.

Moreover, Banks has not explained what he would do with the database discovery if he got it.  In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Oppenheimer Fund v. Sanders, 437 U.S. 340, 353 (U.S. 1978).

Class member or not?  Morover, Banks has not made clear whether he intends to opt out or be represented by the class.  If he does not opt out, his motion should be denied

3

because he has not objected to the adequacy of class counsel.  Merely refusing to

provide a document request does not by itself evidence a conflict of interest

warranting intervention at this stage, especially in light of the fact that Banks will

suffer no prejudice.  In re Lorazepam & Clorazepate Antitrust Litig. v. Mylan Labs.,

205 F.R.D. 363, 368 (D.D.C. 2001).

Plaintiffs' work product.  Banks has not requested plaintiffs work product and that

information should not be disclosed to him, especially without prepayment of his

share of costs of compiling data.

　　　　For the foregoing reasons, the Banks' motion should be denied.

Respectfully submitted,

_____sig_____
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for plaintiffs
717 D Street, NW , Suite 210
Washington, DC 20004
Phone 202/824-0700
Fax 202/824-0745