**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                              )
NICOLE MORGAN, et al., on behalf of          )
themselves and all others                             )
similarly situated,                                          )
                                                              )
                                                              )
                        Plaintiffs,                          )
                                                              )          Civil Action No. 1:07cv00172 (RCL)
            v.                                                )
                                                              )
DISTRICT OF COLUMBIA, et al.,               )
                                                              )
                                                              )
                        Defendants.                         )
_____)

**DEFENDANT, THE DISTRICT OF COLUMBIA'S, MOTION TO CONSOLIDATE**
**WITH RELATED CLASS ACTION**

Pursuant to Fed. R. Civ. P. 42 (a), and for the reasons set forth in the accompanying

memorandum of points and authorities, Defendant, the District of Columbia (hereinafter "the

District"), by and through undersigned counsel, moves this Court for an order consolidating the

above-captioned matter with a pending certified class action.  Plaintiff's claims are similar, if not

identical, to those alleged in *Carl A. Barnes, et al., v. District of Columbia,* Civil Action No. 06-

315 (RCL), which has been certified as a class of overdetained prisoners.  ---F.R.D.---, 2007 WL

896282 (D.D.C. March 26, 2007).

Pursuant to LCvR 7(m), undersigned counsel contacted plaintiffs' counsel by telephone

and left messages with staff, as well as sent emails obtain consent for the relief sought.

Plaintiffs' counsel has not responded and it is assumed that they do not consent to the relief

sought.

A proposed order is attached for this Court's convenience.

Respectfully submitted:

PETER NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
NICOLE MORGAN, et al., on behalf of     )
themselves and all others               )
similarly situated,                     )
                                        )
                                        )
                 Plaintiffs,            )
                                        )    Civil Action No. 1:07cv00172 (RCL)
        v.                              )
                                        )
DISTRICT OF COLUMBIA, et al.,           )
                                        )
                                        )
                 Defendants.            )
_____)

**DEFENDANT, DISTRICT OF COLUMBIA'S, MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE WITH PENDING
CLASS ACTION**

Pursuant to Fed. R. Civ. P. 42(a), Defendant, the District of Columbia (hereinafter "the

District"), by and through undersigned counsel, moves this Court for an order consolidating the

above-captioned action with a pending certified class action, and in support thereof aver:

**I.      BACKGROUND**

Plaintiffs, in the above captioned action, alleges that they were overdetained in the D.C.

Jail, based upon the District's alleged practice of allowing jail inmates to stay past their term of

incarceration.  Plaintiff's claims are similar, if not identical, to those alleged in _Carl A. Barnes, et

al., v. District of Columbia,_ Civil Action No. 06-315 (RCL), which has been certified as a class

of overdetained prisoners.  ---F.R.D.---, 2007 WL 896282 (D.D.C. March 26, 2007).  Both

actions are based on the same factual allegations and legal theories.

## II.     LEGAL ARGUMENT

Under Rule 42(a) of the Federal Rules of Civil Procedure, the court may consolidate separately filed cases when the cases involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a).  Although it is sufficient for purposes of Rule 42(a) if the actions involve only *one* common question of law *or* fact, the *Barnes* and *Morgan* actions involve a *multitude* of common questions of both law *and* fact. Those common questions are not peripheral issues; they go to the very heart of the two actions.  The common questions of law and fact include, but certainly are not limited to plaintiffs alleged that they had been detained by the District of Columbia, and legal claims and defenses arising out of the Fourth, Fifth, and Eighth Amendments to the U.S. Constitution, as well as alleged civil rights claims under 42 U.S.C. § 1983.  Indeed, the *Barnes* and *Morgan*, above-captioned, are so nearly identical that the common legal and factual issues overwhelm any minor issues that are not common to both cases. *See Allen* v. *McEntee*, Nos. 92-0776, 92-2151, 1993 WL 121,513, at *3 (D.D.C. Apr. 5, 1993) ("The near identity of the complaints in these two actions provides ample basis for consolidation.").

This Court should exercise its discretion to consolidate these actions because such consolidation will serve the interests of justice.  *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (2d ed. 1995).  Among other things, consolidation will produce significant savings of time and resources for the Court and the parties. In contrast, having virtually identical cases proceed in a parallel fashion would generate needless duplication of effort.

Consolidation will achieve substantial efficiencies and savings without sacrificing fairness. These cases are at nearly the same point in the pretrial process.  *Morgan* has just begun the discovery phase; *Barnes* is in pretrial informal discovery.  As a result, consolidation will not

cause the trial of one action to be delayed while discovery is completed in the other action, as is sometimes the case.

## III.    CONCLUSION

For the foregoing reasons of fact and law, the District of Columbia requests that this Court enter an order consolidating *Daniel Simmons v. The District of Columbia*, *et al*., Civil Action 07-00493, with *Carl A. Barnes, et al., v. District of Columbia,* Civil Action No. 06-315 (RCL).

Respectfully submitted:

PETER NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov