UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
CARL A. BARNES, *et al.*,              )
                                       )
                Plaintiffs,            )
                                       )   Case Number:  06-315 (RCL)
        v.                             )
                                       )
DISTRICT OF COLUMBIA,                  )
                                       )
                Defendant.             )
_____)

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DATA FROM CERTAIN JACCS FIELDS AND RELATED DOCUMENTATION REQUESTED IN PLAINTIFFS' 4TH DOCUMENT PRODUCTION REQUESTS**

Defendant District of Columbia ("the District"), by and through counsel, opposes Plaintiffs' outstanding motion to compel production of documents requested in Plaintiffs' Fourth Document Request [Docket No. 86].

The Plaintiffs' Fourth Document Request seeks the production of the following documents:  (1) the JACCS Data Dictionary; (2) a JACCS data production; (3) Code Tables; (4) the Offenders Management System Manual; (5) the JACCS Data Entry Responsibilities Matrix; (6a) documents describing officers' practices/procedures regarding the commitment and release processes for court ordered releases; and (6b) documents describing the procedures that include the term "strip search" or "body cavity search."  In the initial response, the District produced the Offenders Management System Manual (Request No. 4), noted that it did not have any documents in response to 6a, and directed Plaintiffs to documents already produced in response to 6b.  The District withheld the rest based on a variety of objections.

In the interim, Plaintiffs' counsel utilized the JACCS Data Dictionary (Request No. 1) and the JACCS Data Entry Responsibilities Matrix (Request No. 5) in the deposition of Lee Gazley, a District witness.  Upon review, these two documents, along with the Code Tables (Request No. 3), had already been provided during informal discovery, a fact known to Plaintiffs when they filed their Motion to Compel.  Thus, the only outstanding document is the JACCS data (Request No. 2).

In the Plaintiffs' Opposition [filed under seal at Docket No. 89] to the District's Motion for Protective Order as to Plaintiffs' Sixth Request for Production of Documents, Plaintiffs concede that "JACCS data cannot be relied upon to identify over detentions."  *See* Opp. at 7.  Accordingly, Plaintiffs have acknowledged that JACCS data cannot be utilized on the key question in this phase of discovery, *i.e.*, whether there is liability.  Contrary to the position taken in their Opposition, Plaintiffs assert here that JACCS data is needed in the "process of calculating the number of over detentions."  *See* Motion at 1.  Plaintiffs are certainly free to take a position on the use of JACCS data, but taking contrary positions at the same time is impermissible.  *Cf. Mason v. United States*, 956 A2d 63, 66 (D.C. 2008) (noting that judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase") (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).  Further, to the extent JACCS data can or should be used to "verify specific practices or processes used by the DOC" (*see* Motion at 2), Plaintiffs have previously received updated JACCS data in informal discovery and at the beginning of formal discovery.  Thus, an additional production of JACCS data is cumulative, not to mention irrelevant, unnecessary, and not reasonably calculated to lead to the discovery of admissible evidence.

Despite these facts, the District has determined that the production of JACCS data itself is a limited burden.  Further, the District has pending a Motion for Protection Order in which the parties address the use of JACCS data and its relationship with the use of inmate files.  Without additional guidance from the Court on these issues at this time, the JACCS data requested by Plaintiffs was produced on March 9, 2010.  The District requested that Plaintiffs withdraw their motion to compel to avoid the need for judicial intervention or waste of judicial resources.[1]  To date, there has been no withdrawal.  Therefore, the District is forced to oppose the motion to compel out of an abundance of caution and to avoid the fees, expense, and any potential negative sanction.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion to compel.

FILED:  March 12, 2010                             Respectfully submitted,

PETER NICKLES
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity I

/s/ Grace Graham
GRACE GRAHAM [472878]
Assistant Attorney General, DC
Equity 1 Section
441 Fourth Street, NW

---

[1] This request was made via email from District counsel, Grace Graham, to Plaintiffs' counsel, William Claiborne, on March 8, 2010.  In an email dated March 11, 2010, Plaintiffs' counsel, William Claiborne, asserted that the JACCS data is "not what we asked for and the disc does not have data from all the tables and fields we asked for, so we will not withdraw the motion."  However, Plaintiffs fail to identify exactly what is supposedly lacking from the information provided.  If the Plaintiffs can identify their concerns with particularity, the District will respond accordingly.  Until such time, the District maintains that the JACCS data that was produced is responsive to the request.

Sixth Floor South
Washington, DC 20001
Telephone: 202-442-9784
Facsimile: 202-741-8892
Grace.graham@dc.gov

/s/ Andrew J. Saindon
ANDREW J. SAINDON [456987]
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
andy.saindon@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL A. BARNES, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case Number: 06-315 (RCL) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

### ORDER

Upon consideration of Plaintiffs' Motion to Compel Production of Data from Certain JACCS Fields and Related Documentation Requested in Plaintiffs' 4th Document Production Requests, Defendants' Opposition thereto, and the entire record herein, it is this _____ day of _____, 2010, for the reasons stated by Defendant in its opposition,

ORDERED that the motion be DENIED.

_____
Royce C. Lamberth
United States District Judge