UNITED STATES DISTRICT COURT

OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL A. BARNES, et al<br><br>Plaintiffs<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>Defendant | Civil Action No:   **06-315 (RCL)** |

NOTICE

COMPLIANCE NOTICE

**DISTRICT'S SUBSEQUENT PRODUCTIONS AFTER PLAINTIFFS' PARTIALLY REDACTED REPLY TO THE DISTRICT'S OPPOSITION (DOCKET # 95) TO PLAINTIFFS' MOTION TO COMPEL JACCS DATA (DOCKET # 86)**

Subsequent to Plaintiffs' reply (docket # 97) to the District's opposition (docket # 95) to plaintiffs' motion to compel responses to plaintiffs' 4th document production requests requesting certain JACCS data and documentation (docket # 86) the District has made supplemental productions.

But, there remains one table of data covered by plaintiffs' first functional request that the District has not produced in response to Request # 2.

1

Moreover, plaintiffs still move the Court to rule on whether the District's objection to producing the JACCS data in Request # 2 (data relates to damages only) is substantially justified. That remains a live issue in this case on the issue of sanctions[1].

Moreover, the District is continuing to assert the same "damages only" objection in response to other document production requests to withhold documents so the issue of whether withholding documents on the basis of the objection in response to those requests is substantially justified remains.

| Respectfully submitted, | |
|---|---|
| ___/sig/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br>Counsel for the Named Plaintiffs and the Classes<br>717 D Street, NW , Suite 210<br>Washington, DC 20004 | |

---

[1] Plaintiffs make it a practice to request sanctions in discovery disputes only in exceptional cases because plaintiffs believe it generates collateral litigation that diverts energy from the main issues and it impacts collegiality. Undersigned counsel has moved for sanctions in a discovery dispute only once (last month in a class action case pending in District Court Maryland where defendants had not produced discovery requested in 2008 and ordered produced in 2009) since approximately 2005 in <u>McDowell v. District of Columbia</u>, 02-1119 (RWR-JMF). Plaintiffs never asked for sanctions in <u>Bynum</u>. However, in this case plaintiffs are keeping the option open because plaintiffs believe the "damages" only objection in this case is frivolous and plaintiffs believe the District is interposing the objection solely for delay. Plaintiffs spent a great deal of time and money on the motion to compel responses to plaintiffs' 4th document production requests. Moreover, plaintiffs had to spend a great deal of time and money in the reply showing why the District had not complied with the requests after the District represented in its opposition that it had complied with the request after the motion was filed.

| | |
|---|---|
| Phone 202/824-0700 | |
| Respectfully submitted<br><br>_____<br>Barrett S. Litt, Esq.<br><u>pro</u> <u>haec</u> <u>vice</u><br>Litt, Estuar, Harrison & Kitson, LLP<br>1055 Wilshire Boulevard<br>Suite 1880<br>Los Angeles, California 90017<br><br>Phone (213)-482-6310<br>Fax (213)-380-4585 | Respectfully submitted,<br><br>_____<br>Paul J. Estuar, Esq.<br><u>pro</u> <u>haec</u> <u>vice</u><br>Litt, Estuar, Harrison & Kitson, LLP<br>1055 Wilshire Boulevard<br>Suite 1880<br>Los Angeles, California 90017<br><br>Phone (213)-482-6310<br>Fax (213)-380-4585 |