UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| CARL A. BARNES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-315 (RCL) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM & ORDER

### I.      INTRODUCTION

Plaintiffs filed a class action lawsuit against defendant under 42 U.S.C. § 1983 alleging that plaintiffs suffered injuries because defendant overdetained plaintiffs at a Department of Corrections facility and because defendant subjected plaintiffs to blanket strip searches.  This matter now comes before the Court on the following discovery motions: defendant's Motion [84] for Protective Order; plaintiffs' Motion [86] to Compel Production of Data from Certain JACCS Fields and Related Documentation Requested in Plaintiffs' 4th Document Production Request; plaintiffs' Motion [92] for Leave to File a Revised Opposition to defendant's Motion [84]; plaintiffs' Motion [99] to Compel Production of R&D Logs Requested in Plaintiffs' 2d Document Production Request; plaintiffs' Motion [104] for Order Taking Plaintiffs' Motion [92] for Leave to File a Revised Opposition as Conceded; defendant's Motion [106] to Compel; and plaintiff's Motion [111] for Extension of Time to Complete Discovery.

## II.     DISCUSSION

### 1.     *Plaintiffs' Motions [92, 104]*

As an initial matter, the Court must resolve plaintiffs' motions [92] for leave to file a revised opposition and [104] to take plaintiffs' motion for leave to file a revised opposition as conceded.  On March 10, 2010, the Court granted plaintiffs' motions [85, 90] for extensions of time to oppose defendants' motion for protective order *nunc pro tunc*.  As a result, plaintiffs had until March 9, 2010, to file their opposition.  Plaintiffs filed their motion [92] to file a revised opposition on March 8, 2010.  Plaintiffs' revised opposition was thus lodged before the deadline. Accordingly, plaintiffs' motion [92] is GRANTED, and the Clerk is instructed to docket plaintiffs' revised motion and exhibits in opposition to defendants' motion for protective order [84] *nunc pro tunc* to March 8, 2010.  Plaintiffs' motion [104] is DENIED as moot.

### 2.     *Defendant's Motion [84] for Protective Order*

Defendant moves under Rule 26(c) of the Federal Rules of Civil Procedure for a protective order in response to plaintiffs' sixth request for the production of documents.  *See* FED. R. CIV. P. 26 (c) ("The Court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery.")  To determine whether the Court should issue a protective order, the Court applies a balancing test, weighing the burden of producing the documents against plaintiffs' asserted need for, and relevance of, the documents sought.  *See Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001).  Because defendant objects to the relevancy of the jackets, it is the burden of plaintiff to demonstrate that the jackets are relevant.  *Tequila Centinela, S.A. v. Bacardi & Co.*, 242 F.R.D. 1, 9 (D.D.C. 2009).

2

Plaintiffs' sixth document request seeks the institutional file jackets for 560 inmates. Defendant argues that it should not have to produce the jackets because they are not relevant to the issue of defendant's liability and because producing the jackets would be unduly burdensome. In balancing the burden of defendant against the need of plaintiffs, the Court finds that defendant has not shown good cause for a protective order and must produce the jackets.

First, plaintiff has met its burden and demonstrated that the 560 file jackets are relevant to the issue of liability in this case. As defendant stated, the inquiry with respect to liability is "whether the District has a custom or policy of over-detaining or strip searching inmates entitled to release." (Def.'s Mot. [84] for Protective Order at 4.) Plaintiffs seek the 560 jackets to conduct a statistical analysis to demonstrate that defendant has a custom or policy of over-detaining inmates entitled to release. Defendant contends, however, that the 560 jackets are irrelevant and duplicative because plaintiff has over 400 jackets already in its possession. Plaintiffs has asserted sufficient reasons to demonstrate why the 560 jackets in the sixth document request are relevant, even though plaintiffs already possesses 400 or more jackets. Specifically, 560 jackets is a statistically valid sample of the releases during the first year of the class period. (Pls.' Opp'n to Def.'s Mot. for Protective Order at 13.) Plaintiffs must conduct a separate analysis of the 560 jackets to support their claims because special circumstances make the first year of the class period unique from the other years in the class period. (*Id.* at 14.)

Defendant also argues that the jackets contain many documents that are unrelated to the case. That the jackets may contain some information that is not relevant to the case, however, does not justify a protective order. If the jackets contain some relevant information, then defendant must produce the jackets. Plaintiffs have shown that the jackets contain relevant

information.  Indeed, information such as commitment dates, release dates, exit dates, and release

locations are relevant to plaintiffs' analysis.  Accordingly, plaintiffs have met their burden and

demonstrated that the jackets are relevant to the issue of liability.

Second, producing the jackets is not unduly burdensome.  Defendant argues that

plaintiffs' request is unduly burdensome because of the volume of documents contained in the

jackets and the cost of production.  (Def.'s Mot. [84] for Protective Order at 5-6.)  Defendant's

argument assumes that the jackets are not relevant to the issue of liability.  (*Id.* at 6.)

Defendant's assumption is incorrect.  As discussed above, the jackets are relevant to the issue of

liability.  In addition, the burden of producing 560 jackets is far less than the burden of plaintiffs'

other option, which is to manually review the jackets of all potentially over-detained persons.

Plaintiffs' request is therefore not unduly burdensome.

Accordingly, plaintiffs' need for, and the relevance of, the 560 jackets requested in their

sixth document request outweighs any burden on defendant.  Defendant's motion [84] for

protective order is DENIED.

### 3. *Plaintiffs' Motion [86] to Compel the Production of Data from Certain JACCS fields*

Plaintiffs' motion to compel seeks the production of data from certain JACCS fields and

related documentation.  On March 24, 2010, plaintiffs notified the Court that defendant had

produced the majority of information and documents sought in plaintiffs' motion to compel.

(Pls.' Notice [103] of Compliance at 1.)  There is only one table of data requested by plaintiffs

that defendant has not produced.  (*Id.*)

Plaintiffs fail to identify which table of data that defendant has not yet produced.  As a

4

result, the Court cannot determine the relevance of the data table.  Plaintiffs' motion is therefore
DENIED.  To prevent further litigation over this issue, the Court encourages the parties to
resolve the issue regarding the final table of data informally.

    ***4.    Plaintiffs' Motion [99] to Compel Production of R&D Logs***

Plaintiffs' motion [99] seeks an order from the Court compelling defendant to produce
the R&D logs requested in plaintiffs' second document production request.  In its opposition,
defendant states that "the log books will be produced."  (Def.'s Opp'n [107] at 1.)  Defendant,
however, has yet to produce the log books.  Defendant cannot escape the Court's involvement in
this discovery dispute by stating, after plaintiffs' motion was filed, that the requested documents
will be (not have been) produced.  Accordingly, the Court will GRANT plaintiffs' motion.
Defendant shall produce the R&D logs requested in plaintiffs' second document production
request forthwith.

    ***5.    Defendant's Motion [106] to Compel***

Defendant moves this Court under Rule 37(a) of the Federal Rules of Civil Procedure to
compel plaintiffs to respond to the defendant's outstanding discovery requests.  Specifically,
defendant requests the Court to order plaintiffs to produce a privilege log and to supplement their
responses to defendant's interrogatories.

A party may move for an order compelling discovery if the opposing party fails to
produce requested discovery.  FED. R. CIV. P. 37(a).  The motion must include certification that
the movant has in good faith conferred, or attempted to confer, with the opposing party to obtain
the information without action of the Court.  *Id.*

Here, the Court concludes that defendant satisfied the requirements of Rule 37 and is

therefore entitled to an order compelling plaintiffs to respond to defendant's outstanding discovery requests.  First, defendant has certified that it conferred in good faith with plaintiffs to resolve this dispute without court action.  Defendant notified plaintiffs of deficiencies in their interrogatory responses and their failure to produce a privilege log by letter on February 26, 2010. (Def.'s Mot. [106] to Compel at 6.)  The parties then had a phone conference to discuss these issues, but plaintiffs' counsel terminated the phone call.  (*Id.*)  Plaintiffs then wrote a letter to defendant's counsel in which plaintiff failed to respond to defendant's concerns.  (*Id.* at Ex. 10.) This communication between the parties on these issues constitutes a good faith effort to resolve these issues without court action.

Second, defendant has demonstrated that plaintiff must produce a privilege log, or affirmatively state that they have not withheld any documents on the basis of privilege. Plaintiffs' opposition fails to state clearly whether or not plaintiff has withheld any documents on the basis of privilege.  (*See* Pls.' Opp'n [116] at 16.)  Indeed, from plaintiffs' vague discussion of privilege, the Court cannot determine whether plaintiffs have withheld documents on the basis of privilege or not.  Thus, the Court orders plaintiff to either produce a privilege log, or affirmatively state that they have not withheld any documents on the basis of privilege.

Last, defendant has demonstrated that plaintiffs' interrogatory responses are inadequate. Plaintiffs contend that their responses are adequate because the interrogatories are "contention interrogatories" and because they invoked Federal Rule of Civil Procedure 33(d) to provide lists of documents instead of substantive responses.  Plaintiffs' arguments fail.

Defendant's interrogatories sought the "complete factual basis" for plaintiffs' claims. Plaintiffs argue that such contention interrogatories that plaintiff cannot answer until the later

6

stages of discovery.  That time has come.  This matter is over four years old.  The parties have had ample time to conduct both informal and formal discovery, and plaintiffs have received thousands of pages of documents.  Accordingly, plaintiffs can no longer refuse to provide narrative responses to defendant's interrogatories because they are "contention interrogatories."

Moreover, plaintiffs cannot simply list documents pursuant to Rule 33(d) instead of providing substantive responses.  Rule 33(d) provides that a party may answer an interrogatory by specifying the records for the requesting party to review, if the answer may be determined by summarizing a party's business records and if the burden of obtaining the answer is the same for either party.  FED. R. CIV. P. 33(d).  When a party is responding to a contention interrogatory, invoking Rule 33(d) places an unequal burden on the party who made the interrogatory.  *See SEC v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 n.5 (M.D.N.C. 2002).  In addition, it is not appropriate to invoke Rule 33(d) and refer to the requesting party's records, *Covad Commc'ns Co v. Reveonet, Inc.*, 258 F.R.D. 17, 20 (D.D.C. 2009), or other documents produced during discovery, including depositions, answers to interrogatories, *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 50 (N.D.N.Y. 1997).

Here, the burden placed on defendant as a result of plaintiffs' answers is greater than the burden a proper response places on plaintiffs.  Plaintiffs' answers refer often to defendant's records and to documents produced in discovery.  This imposes a great burden on defendant because plaintiffs are naturally more familiar with their contentions.  *See Mancini v. Ins. Corp. Of N.Y.*, Civ. No. 07-1750, 2009 WL 1765295, *3 (S.D. Cal. 2009).  Furthermore, defendant's interrogatories seek facts, and the "proper form of response is a narrative answer, not a reference to documents or objects where the answers might be found."  *In re Savitt/Adler Litig.*, 176 F.R.D.

7

at 48.  Plaintiffs' burden of providing a narrative answer to defendant's interrogatories is neither

unreasonable nor unduly burdensome.  *Id.* at 50.  Requiring defendant to glean the answer from

plaintiffs' current responses, however, imposes a substantial burden on defendant.  Accordingly,

defendant's motion to compel is GRANTED.

###### 6.    *Plaintiffs' Motion [111] for Extension of Time to Complete Discovery*

Plaintiffs' motion for extension of time seeks to extend discovery an additional 60 days

from the date of this order.  Defendant agrees that discovery should be extended by 60 days so

that defendant can fully respond to plaintiffs' discovery requests.  Defendant, however, suggest

that discovery should be limited such that plaintiffs should not be allowed to seek any additional

discovery.  (Def.'s Opp'n [114] at 1.)

Defendant cannot have its cake and eat it too.  Discovery shall be extended 60 days from

the date of this order, and all other deadlines in the Scheduling Order shall also be extended 60

days.  During the additional discovery period, the parties may make follow-up discovery requests

if necessary.  Accordingly, plaintiffs' motion [111] is GRANTED.

## III.    CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that plaintiffs' Motion [92] for Leave to File a Revised Opposition to

defendant's Motion [84] is GRANTED; it is further

ORDERED that the Clerk is instructed to docket plaintiffs' revised motion and exhibits

in opposition to defendants' motion for protective order [84] *nunc pro tunc* to March 8, 2010; it

is further

ORDERED that plaintiffs' Motion [104] for Order Taking Plaintiffs' Motion [92] for

Leave to File a Revised Opposition as Conceded is DENIED as moot; it is further

ORDERED that defendant's Motion [84] for Protective Order is DENIED; it is further

ORDERED that defendant shall produce the 560 file jackets no later than 30 days from this date; it is further

ORDERED that plaintiffs' Motion [86] to Compel Production of Data from Certain JACCS Fields and Related Documentation Requested in Plaintiffs' 4th Document Production Request is DENIED; it is further

ORDERED that plaintiffs' Motion [99] to Compel Production of R&D Logs Requested in Plaintiffs' 2d Document Production Request is GRANTED; it is further

ORDERED that defendant shall produce the R&D logs requested in plaintiffs' second document production request forthwith; it is further

ORDERED that defendant's Motion [106] to Compel is GRANTED; it is further

ORDERED that plaintiff shall provide, no later than 30 days from this date, a privilege log, or affirmatively state that they have not withheld any documents on the basis of privilege by the close of discovery; it is further

ORDERED that plaintiff shall, no later than 30 days from this date, supplement their responses to defendant's interrogatories by the close of discovery; it is further

ORDERED that plaintiff's Motion [111] for Extension of Time to Complete Discovery is GRANTED; it is further

ORDERED that discovery shall be extended 60 days from the date of this Order; and it is further

ORDERED that the following deadlines in the Scheduling Order shall also be extended

by 60 days:

- Expert Witness Designation shall be due July 28, 2010;

- Counter Designation of Expert Witness(es) shall be due August 30, 2010;

- Expert Reports shall be due September 30, 2010;

- Expert Discovery shall be due November 30, 2010;

- Dispositve Motions shall be due January 15, 2011;

- Oppositions to Dispositive Motions shall be due February 15, 2011; and

- Replies to Oppositions to Dispositve Motions shall be due March 7, 2011.

In light of the age of this case, the Court does not expect to extend any further deadlines.

SO ORDERED.


Signed by Royce C. Lamberth, Chief Judge, on June 16, 2010.