UNITED STATES DISTRICT COURT

OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL A. BARNES, et al<br><br>Plaintiffs<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>Defendant | Civil Action No: **06-315 (RCL)**<br><br>Next Event: None scheduled |

# PLAINTIFFS' MOTION TO COMPEL RESPONSE TO REQUEST # 4 OF PLAINTIFFS' REQUEST TO PRODUCE DOCUMENTS AND TANGIBLE THINGS AT THE [SIMMONS] DEPOSITION

Plaintiffs hereby move this Court to compel defendant to produce all documents plaintiffs requested in Request # 4 of their Request to Produce Documents and Tangible Things at the [Simmons] Deposition.

**CONSENT SOUGHT BUT NOT OBTAINED**

Plaintiffs sought consent from the District to this motion but the District did not consent. Plaintiffs tried informally to obtain the documents sought herein.

**PLAINTIFFS' DOCUMENT PRODUCTION AND RESPONSE**

**Document Request # 4**.  Plaintiffs' exhibit #1.

Plaintiffs' document production request # 4 reads: All documents Ms. Simmons relied on in conducting her analysis and memorializing her conclusions in the AUDIT analysis

**District's Response**:  The District's response stated the District had no documents responsive to the request.

**REASON FOR THE REQUEST**

The District told plaintiffs informally that Ms. Simmons had done a manual examination of about 6,000 inmate jackets and recorded her findings on a spreadsheet. District's Audit Analysis. The District had told plaintiffs that the list of approximately 6,000 jackets was generated by the District using a query in JACCS to produce a list of "potential" late releases for persons released in the first year of the Barnes class.

So, plaintiffs requested documents relating to the manual examination of the jackets and the results Ms. Simmons had got from the jackets and the spreadsheet as part of the deposition of Ms. Simmons.

The District did not produce any documents in response to the document production requests.

During the deposition of Ms. Simmons Ms. Simmons told plaintiffs' counsel that Ms. Simmons had not recorded her findings from the jackets into the Excel spreadsheet defendant had given plaintiffs. Instead, she had recorded her findings into a program on a computer. The spreadsheet appears to be a download of the raw data from the program Ms. Simmons made her data entries into.

The key difference is that the column headings on the spreadsheet are not the same as the data entry fields Ms. Simmons saw when she made her data entries. Ms. Simmons was not able to identify many of the column headers. As a result, when plaintiffs questioned Ms. Simmons about the fields in the spreadsheet and

the data she had entered into the fields she was not able to answer the questions.

Plaintiffs' request asked for all documents Ms. Simmons relied on in compiling her findings. According to her testimony Ms. Simmons relied on the data entry fields in the data entry screens. The screens are electronic documents. Therefore they are covered y plaintiffs' request #4. They are visible electronically on the computer Ms. Simmons used when she entered her conclusions. They are also visible by using a function such as the "print screen" function to capture images of the screens and print out had copies. There are also documents or otherwise showing the relationship between data entry fields and the "programmer" screen names on the spreadsheet defendant produced to plaintiffs. Otherwise there would be no connection between the data entry screens the "programmer" screen names on the spreadsheet defendant produced to plaintiffs.

Therefore plaintiffs suspended the deposition in an attempt to get the documents showing the relationship between data entry fields and the "programmer" screen names on the spreadsheet

defendant produced to plaintiffs.  The District still has not produced the documents.

**RELIEF REQUESTED**

Plaintiffs' move the Court to order defendant to produce forthwith all documents responsive to request #4 and to return Ms. Simmons to complete her deposition.

| | |
|---|---|
| Respectfully submitted,<br><br>___/sig/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br>Counsel for the Named Plaintiffs and the Classes<br>717 D Street, NW , Suite 210<br>Washington, DC 20004<br>Phone 202/824-0700<br>Plaintiffs certify that movants they have in good faith conferred with the defendant's counsel in an effort to obtain the documents sought herein without court action. | |
| Respectfully submitted<br><br>_____<br>Barrett S. Litt, Esq.<br>pro haec vice<br>Litt, Estuar, Harrison & Kitson, LLP | Respectfully submitted,<br><br>_____<br>Paul J. Estuar, Esq.<br>pro haec vice<br>Litt, Estuar, Harrison & Kitson, LLP |

| | |
|---|---|
| 1055 Wilshire Boulevard<br>Suite 1880<br>Los Angeles, California 90017<br><br>Phone (213)-482-6310<br>Fax (213)-380-4585 | 1055 Wilshire Boulevard<br>Suite 1880<br>Los Angeles, California 90017<br><br>Phone (213)-482-6310<br>Fax (213)-380-4585 |