UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARL BARNES, *et al.*,
    Plaintiffs,

v.

DISTRICT OF COLUMBIA,
    Defendant.

Civil Action No. 06-315 (RCL)

## MEMORANDUM AND ORDER

I.    **INTRODUCTION**

Plaintiffs filed a class action lawsuit against defendant under 42 U.S.C. § 1983 alleging that plaintiffs suffered injuries, because defendant overdetained plaintiffs at a Department of Corrections facility, and because defendant subjected plaintiffs to blanket strip searches. This matter comes before the Court now on the following discovery motions:

(A) Plaintiffs' Motion to Extend Deadline for Supplementing Interrogatory Responses Until 60 Days After Production of 560 Jackets [134]; the opposition thereto [145]; and the lack of reply brief;

(B) Plaintiffs' Motion to Compel Response to Interrogatory Asking for Affirmative Defenses and Document Production Request for Documents Relied on for Affirmative Defenses [136]; the opposition thereto [147]; and the reply brief [153];

(C) Plaintiffs' Motion to Compel Response to Interrogatory Asking for Information on the Overdetention Sample and the Strip Search Sample Spreadsheets [141]; the interrogatories [142]; the opposition thereto [148]; and the reply brief [155]; and

1

(D) Plaintiffs' Motion to Compel Response to Request # 4 of Plaintiffs' Request to Produce Documents and Tangible Things at the [Simmons] Deposition [143]; the opposition thereto [149]; and the lack of reply brief.

## II. DISCUSSION

### A. Plaintiffs' Motion to Extend Deadline for Supplementing Interrogatory Responses Until 60 Days After Production of 560 Jackets [134]

In its September 10 order, the Court clarified the discovery schedule in this case. The Court has already extended the deadline for fact discovery to October 1, 2010, and the Court will not extend it any further.

Accordingly, the motion is DENIED.

### B. Plaintiffs' Motion to Compel Response to Interrogatory Asking for Affirmative Defenses and Document Production Request for Documents Relied on for Affirmative Defenses [136]

Plaintiffs' interrogatory requests that defendant "State each affirmative defense on which you intend to rely and please describe each document and deposition transcript and other evidence on which you intend to base each defense." (Pls.' Mot. 1.) In support of their motion to compel, plaintiffs argue that the interrogatory is not objectionable and that defendant's response to the interrogatory is not barred by the work-product doctrine. (*Id.* at 2–3.) Defendant only responds that this motion is moot, because the District supplemented its response to the interrogatory. (Def.'s Opp'n 1.) In its supplementary response to the interrogatory, defendant directs plaintiffs to its answer, while stating that the "District reserves the right to assert additional defenses as further information becomes available." (Supp. Resp. to Pls.' Interrog., Def.'s Opp'n, Ex. 1.) Defendant also states that it already turned over all of the documents that support its affirmative defenses. (*Id.*) Plaintiffs state in their reply that this motion is not moot, because defendant's responses remain insufficient. In its answer to plaintiffs' second amended

complaint [35], defendant asserted its affirmative defenses. Defendant also stated that "Defendants reserve the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein." (Answer 13–14.)

Federal Rule of Civil Procedure 8(c) requires that a party "affirmatively state any avoidance or affirmative defense" when responding to a pleading. "The purpose of that rule is to put opposing parties on notice of affirmative defenses and to afford them the opportunity to respond to the defenses." *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 444 (D.C. Cir. 1994) (citation omitted). "Under the usual rule, an affirmative defense is deemed waived if it has not been raised in a pleading, by motion, or at trial." *Id.* at 445. But a party can waive an affirmative defense if it has never raised the defense and does not raise it in the summary judgment stage. *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 478 (D.C. Cir. 1993).

Defendant has not yet waived its affirmative defenses. Under the law of this Circuit, defendant does not yet have to raise these defenses. It may wait until the summary judgment stage or possibly the pretrial statement stage to assert all of its defenses. *See Long v. Howard Univ.*, 512 F. Supp. 2d 1, 12–13 & n.7 (D.D.C. 2007); *Raney v. District of Columbia*, 892 F. Supp. 283, 285 (D.D.C. 1995). Although defendant filed a motion styled as a motion for summary judgment in 2006 [15], the Court found this was more properly a Rule 12(b)(6) motion [34], thus rejecting defendant's request to treat the motion as one for summary judgment. The parties, therefore, have not yet reached the summary judgment stage. Dispositive motions—including any motions for summary judgment—are scheduled for January. Because defendant can raise its affirmative defenses at a later stage in litigation, defendant does not have to supplement its response to this interrogatory.

Although defendant does not have to specifically name its affirmative defenses at this point, defendant is encouraged to comply with plaintiffs' request to produce every document, deposition transcript, and other evidence that it might use in support of any affirmative defense. Failure to turn this evidence over to plaintiffs might preclude defendant from using this evidence at trial.

Accordingly, the motion is DENIED.

### C. *Plaintiffs' Motion to Compel Response to Interrogatory Asking for Information on the Overdetention Sample and the Strip Search Sample Spreadsheets [141]*

Plaintiffs' interrogatory requests that defendant "provide certain information on each of the 400 previously sampled jackets." (Pls.' Mot. 1.) The interrogatory sets out a detailed description of this requested information, summarizing it as: "In other words, please provide for plaintiffs the same information plaintiffs provided to defendant for each column of each line of the over detention and strip search sample spreadsheets." (Pls.' Interrog. 2.) Defendant objects on the basis that this information is equally available to plaintiffs, on the basis of work-product privilege, and on the basis that this interrogatory exceeds the allowable number of interrogatories. (Def.'s Opp'n 1; Resp. to Pls.' Interrog., Def.'s Opp'n, Ex. 1.) Plaintiffs state in their reply that this is a mix of a contention interrogatory and a fact interrogatory (Pls.' Reply 4–6), and rebut defendant's work-product privilege analysis (*id.* at 7–8).

Defendant previously turned over to plaintiffs 400 jackets of potential late releases from the DC Jail. (Pls.' Mot. 2.) Plaintiffs examined the data in these jackets, creating a spreadsheet to document the relevant information in the jackets. Plaintiffs then provided their spreadsheet to defendant. (*Id.*) Plaintiffs now request that defendant reciprocate this action and state defendant's position on the accuracy of the spreadsheet.

Rule 33(a)(2) provides:

4

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Plaintiffs' request essentially asks for defendant's contention as to the accuracy of the spreadsheet. This is a "contention that relates to fact" within the meaning of Rule 33(a)(2). "Contention interrogatories generally ask a party: to state what it contends, or to state all the facts upon which it bases a contention." *Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995) (Friedman, J.). This type of request "can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." Fed. R. Civ. P. 33 advisory committee's note (1970). Defendant must therefore file its contention as to the accuracy of plaintiffs' spreadsheet.

Defendant is under an obligation to promptly respond to this contention interrogatory, unless it files a protective order asking the Court to delay the response. *Huthnance v. District of Columbia*, 255 F.R.D. 297, 298–99 (D.D.C. 2008) (Facciola, Mag. J.). Although the Court has discretion to delay defendant's response, *see Natural Res. Def. Council v. Curtis*, 189 F.R.D. 4, 13 (D.D.C. 1999) (Facciola, Mag. J.), defendant has not stated any reason in support of a delay. The Court, therefore, will not exercise its discretion to delay the response.

Defendant, thus, must respond to this contention interrogatory, so long as it is a "matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). If this material is protected by the work-product doctrine, then it may not be inquired into under Rule 26(b). *See* Fed. R. Civ. P. 26(b)(3). The Court must therefore determine whether the work-product doctrine applies to this request. Defendant represents that it created its spreadsheet "[u]nder the direction of counsel," and the spreadsheet was "utilized to formulate settlement options and litigation strategy." (Def.'s Opp'n 1.) Plaintiffs respond that "the work product doctrine is not a valid objection to a contention interrogatory." (Pls.' Reply 7.) Plaintiffs are correct.

5

"[I]n answering contention interrogatories the party is only giving the factual specifics which the party contends supports a claim, and this in no way impinges on the attorney's impressions or analysis as to how the attorney will endeavor to apply the law to the facts. If this elementary principle were not applicable, contention interrogatories would not exist." *King v. E.F. Hutton & Co, Inc.*, 117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (Burnett, Mag. J.); *see also Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 630 (N.D. Okla. 2009) ("Rule 33 expressly permits contention interrogatories that delve into opinion work product . . . ."). Defendant must only respond to the accuracy of plaintiffs' contentions in plaintiffs' spreadsheet; it need not produce its own spreadsheet. The work-product doctrine, therefore, does not bar defendant from responding to this contention interrogatory.

It is unclear whether plaintiffs continue to request anything other than defendant's position on plaintiffs' spreadsheet. In their reply, plaintiffs state that their interrogatory "was a mixture of contention interrogatory and requests for statements of fact." (Pls.' Reply 4.) But the rest of the reply and the motion indicate that plaintiffs only want defendant's contention as to the facts in their spreadsheet. Both parties already possess the same underlying records—the jackets and the JACCS database—necessary to create these spreadsheets. The Court will not order defendant to turn over records that plaintiffs already possess.

Defendant also objected that the interrogatory "exceed[s] the allowable number of interrogatories pursuant to the Court's Scheduling Order." (Resp. to Pls.' Interrog., Def.'s Opp'n, Ex. 1.) Defendant briefly mentions this objection in two footnotes in its opposition. (Def.'s Opp'n 2 n.2, 3 n.3.) Plaintiffs do not mention this objection in either their motion or their reply brief. In their February 19, 2010, letter to defendant attached to their interrogatory, however, counsel for plaintiffs states:

> I imagine the District will object on the basis that this interrogatory exceeds the limit on interrogatories in the Scheduling Order. Therefore, plaintiffs intend to file a motion asking the Court to allow this interrogatory. Our thinking is that if the District has this information and plans to offer this information in support of motions or at trial plaintiffs are entitled to it. Please let me know if the District either agrees to treat the interrogatory [as] one interrogatory or consents to the proposed motion.

(Letter from William Claiborne to Grace Graham, Def.'s Opp'n, Ex. 3.) Neither party has provided the Court any basis for deciding this issue now. The Court does not know the full history of interrogatories in this case, and neither party has briefed the issue. Because there is no record to support this objection, the Court will deny this objection without prejudice at this time.

Although the Court is granting this motion, the Court notes that plaintiffs could not have been less clear in either their interrogatory or their motion to compel as to what they are seeking. They only begin to clarify what they are seeking in their late-filed reply. Plaintiffs are thus urged to clarify and elaborate future filings.

Accordingly, the motion is GRANTED.

### D. Plaintiffs' Motion to Compel Response to Request # 4 of Plaintiffs' Request to Produce Documents and Tangible Things at the [Simmons] Deposition [143]

Plaintiffs' interrogatory requests that defendant produce "All documents Ms. Simmons relied on in conducting her analysis and memorializing her conclusions in the AUDIT analysis." (Pls.' Mot. 2.) Defendant initially responded to the interrogatory that "the District has no documents responsive to the request." (*Id.*) Plaintiffs' motion requests the Court to compel defendant to respond to this interrogatory, and to order Ms. Simmons to complete her deposition. (*Id.* at 5.) Defendant opposes this motion, arguing that plaintiffs' motion is moot, because defendant supplemented its initial response. (Def.'s Opp'n 1.) Plaintiffs failed to file a timely reply. *See* D.D.C. LCvR 7(d).

Defendant states in its supplementary response that it produced two discs containing files, including "an export of all records in PDF format." (Supp. Resp. to Pls.' Interrog., Def.'s Opp'n,

> I imagine the District will object on the basis that this interrogatory exceeds the limit on interrogatories in the Scheduling Order. Therefore, plaintiffs intend to file a motion asking the Court to allow this interrogatory. Our thinking is that if the District has this information and plans to offer this information in support of motions or at trial plaintiffs are entitled to it. Please let me know if the District either agrees to treat the interrogatory [as] one interrogatory or consents to the proposed motion.

(Letter from William Claiborne to Grace Graham, Def.'s Opp'n, Ex. 3.) Neither party has provided the Court any basis for deciding this issue now. The Court does not know the full history of interrogatories in this case, and neither party has briefed the issue. Because there is no record to support this objection, the Court will deny this objection without prejudice at this time.

Although the Court is granting this motion, the Court notes that plaintiffs could not have been less clear in either their interrogatory or their motion to compel as to what they are seeking. They only begin to clarify what they are seeking in their late-filed reply. Plaintiffs are thus urged to clarify and elaborate future filings.

Accordingly, the motion is GRANTED.

### D. Plaintiffs' Motion to Compel Response to Request # 4 of Plaintiffs' Request to Produce Documents and Tangible Things at the [Simmons] Deposition [143]

Plaintiffs' interrogatory requests that defendant produce "All documents Ms. Simmons relied on in conducting her analysis and memorializing her conclusions in the AUDIT analysis." (Pls.' Mot. 2.) Defendant initially responded to the interrogatory that "the District has no documents responsive to the request." (*Id.*) Plaintiffs' motion requests the Court to compel defendant to respond to this interrogatory, and to order Ms. Simmons to complete her deposition. (*Id.* at 5.) Defendant opposes this motion, arguing that plaintiffs' motion is moot, because defendant supplemented its initial response. (Def.'s Opp'n 1.) Plaintiffs failed to file a timely reply. *See* D.D.C. LCvR 7(d).

Defendant states in its supplementary response that it produced two discs containing files, including "an export of all records in PDF format." (Supp. Resp. to Pls.' Interrog., Def.'s Opp'n,

Ex. 1.) Because plaintiffs did not file a reply, they have not contested defendant's representation that defendant produced all of the requested files. The Court thus accepts defendant's representation that the motion is moot.

Furthermore, both parties agree that plaintiffs can continue the deposition of Ms. Simmons.

Accordingly, the motion is DENIED as MOOT.

As a final matter, both parties are encouraged to pay heed to the Court's local rules governing timing of filing motions. When a party files a motion, the opposing party only has fourteen days to file an opposition. D.D.C. LCvR7(b). The movant then only has seven days to reply to the opposition. D.D.C. LCvR7(d). The Court will not consider any future late filings without leave of Court.

### III. CONCLUSION

Accordingly, for the reasons stated above, it is hereby

ORDERED that Plaintiffs' Motion to Extend Deadline for Supplementing Interrogatory Responses Until 60 Days After Production of 560 Jackets [134] is DENIED; and it is furthermore

ORDERED that Plaintiffs' Motion to Compel Response to Interrogatory Asking for Affirmative Defenses and Document Production Request for Documents Relied on for Affirmative Defenses [136] is DENIED; and it is furthermore

ORDERED that Plaintiffs' Motion to Compel Response to Interrogatory Asking for Information on the Overdetention Sample and the Strip Search Sample Spreadsheets [141] is GRANTED; and it is furthermore

ORDERED that defendant's specific objection that Plaintiffs' Interrogatories on Over Detention Sample and Strip Search Sample Spreadsheets exceeds the permissible number of interrogatories is DENIED WITHOUT PREJUDICE; and it is furthermore

ORDERED that Plaintiffs' Motion to Compel Response to Request # 4 of Plaintiffs' Request to Produce Documents and Tangible Things at the [Simmons] Deposition [143] is DENIED as MOOT.

SO ORDERED this 22nd day of September 2010.

/s/ Royce C. Lamberth
ROYCE C. LAMBERTH
Chief Judge
United States District Court