## UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL BARNES, *et al.,* | |
| Plaintiffs, | |
| | Civil Action No:        **06-0315 (RCL)** |
| v. | |
| THE DISTRICT OF COLUMBIA, | |
| Defendant. | |

### DEFENDANT'S EMERGENCY MOTION TO EXTEND DEADLINES OR, IN THE ALTERNATIVE, TO STRIKE PLAINTIFFS' EXPERT WITNESS

Defendant ("the District"), pursuant to Fed. R. Civ. P. 7(b) and 16(b)(4), herein respectfully submits this Emergency Motion to Extend Deadlines or, in the Alternative, to Strike Plaintiffs' Expert Witness. The District's Memorandum of Points and Authorities in support hereof is attached hereto and incorporated by reference herein, as are alternative proposed Orders.

Pursuant to LCvR 7(m), undersigned counsel discussed the subject motion with opposing counsel, but consent to the relief requested herein could not be obtained.

WHEREFORE, the District respectfully requests that this Honorable Court:

A.  Grant the District's Emergency Motion to Extend Deadlines or, in the Alternative, to Strike Plaintiffs' Expert Witness, and

B.  Grant the District such other and further relief as the nature of its cause may require.

FILED:        December 28, 2010            Respectfully submitted,

                                           PETER J. NICKLES
                                           Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Chief, Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886

/s/ Grace Graham
GRACE GRAHAM, D.C. Bar No. 472878
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
Telephone: (202) 442-9784
Facsimile: (202) 741-8892
grace.graham@dc.gov

/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
andy.saindon@dc.gov

**UNITED STATES DISTRICT COURT**
**OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CARL BARNES, *et al.,* | |
| Plaintiffs, | |
| v. | Civil Action No:        **06-0315 (RCL)** |
| THE DISTRICT OF COLUMBIA, | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF ITS**
**MOTION TO EXTEND DEADLINES OR,**
**IN THE ALTERNATIVE, TO STRIKE PLAINTIFFS' EXPERT WITNESS**

Defendant ("the District"), by and through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Extend Deadlines or, in the Alternative, to Strike Plaintiffs' Expert Witness.

**Background**

In the Court's December 10, 2010 Order, the Court granted Plaintiffs' motion to submit supplemental expert reports, and ordered that they be submitted "forthwith."  Docket No. 180. The Court also ordered all expert discovery to be completed by December 21, 2010.  *Id.*

On December 13, 2010, the District filed its unopposed Emergency Motion for Extension of Time to Complete Expert Discovery Until December 31, 2010, and to Modify the Scheduling Order. Docket No. 181.

Plaintiffs submitted their supplemental expert materials on the evening of December 14, 2010. *See* e-mail of December 14, 2010 from W. Claiborne to G. Graham (copy attached).

By Order dated December 16, 2010 (Docket No. 185), the Court, *inter alia*, granted the District's unopposed Emergency Motion for Extension of Time to Complete Expert Discovery Until December 31, 2010, and to Modify the Scheduling Order. The Court directed dispositive motions to be filed by January 21, 2011, oppositions by March 1, 2011, and replies by March 15, 2011.

Previously, on December 3, 2010, plaintiffs had declined the District's suggestion, for convenience, to have each side pay for the deposition time of their own experts. *See* e-mail of December 6, 2010 from G. Graham to W. Claiborne (copy attached). The District thereafter notified opposing counsel of the need to have a completed purchase-order in place (which requires, among other things, an executed Internal Revenue Service form W-9, and completion of the District's Office of Contracting and Procurement Master Supplier Information Collection Template, which can be completed quickly online at *https://service.ariba.com/Supplier.aw*), pursuant to District procurement law, so that plaintiffs' experts could be paid for their time. *See* e-mail of December 13, 2010 from G. Graham to W. Claiborne (copy attached). Opposing counsel was directed to have the experts speak with the undersigned's administrative assistant directly, who would help speed the process. *Id*. Opposing counsel was warned that "[t]his process needs to begin immediately if your experts expect to be paid by the District." *Id*.

Opposing counsel responded on December 15, 2010, objecting to these "conditions" and threatening to move for a protective order. *See* e-mail of December 15, 2010 from W. Claiborne to G. Graham (copy attached). The District responded that day, and again noted that, pursuant to District law, a purchase order must be in place prior to the experts (or any vendor) being paid, and urged that the experts be directed to contact the undersigned's administrative assistant directly. *See* e-mail of December 15, 2010 from G. Graham to W. Claiborne (copy attached).

- 2 -

The District followed up the next day, sending another copy of the Master Supplier Information Collection Form (copy attached), and reminding opposing counsel that the purchase-order requirement was mandated by law. *See* e-mail of December 16, 2010 from A. Saindon to W. Claiborne (copy attached) (citing D.C. Official Code § 2-301.05(d)(1)).

Later that day, opposing counsel provided Dr. Kriegler's W-9 form, and a completed Master Supplier Information Collection Form for Dr. Kriegler's company, Econ One Research, Inc. *See* e-mail of December 16, 2010 from W. Claiborne to G. Graham (copy attached). Dr. Kriegler indicated that his company had already been registered in the District's online vendor-payment system. *Id.*[1] The undersigned forwarded the information to their administrative assistant, and again requested that opposing counsel direct his experts to contact her directly to complete the process. *See* e-mail of December 16, 2010 from G. Graham to W. Claiborne (copy attached).

That same day, after coordinating with opposing counsel, the District served Notices of Deposition for plaintiffs' proffered experts Sean Day and Dr. Brian Kriegler, for December 29, 2010, and December 30, 2010, respectively. Opposing counsel deposed the District's expert, Karen Albert, as scheduled on December 21, 2010. Late that day, opposing counsel was again sent a copy of the Master Supplier Information Collection Form and urged to provide the required information. Mr. Day finally provided his W-9 form on December 23, 2010. *See* e-mail of December 23, 2010 from S. Day to A. Saindon (copy attached). Later that day, Mr. Day was reminded that additional information was required, and he was again provided a copy of the District's Master Supplier Information Collection Form, urged to register online, and given

---

[1]     Because Dr. Kriegler's company information was already in the District's procurement system, a purchase order issued shortly thereafter, and his deposition will occur as previously scheduled on Thursday, December 30, 2010.

- 3 -

telephone numbers to call if he had questions about the process. *See* e-mail of December 23, 2010 from G. Rivers to S. Day (copy attached).

Mr. Day subsequently provided some of the requested information, but has not—to date—submitted a completed Master Supplier Information Form. As of today's date, the information required to insure that Mr. Day will be paid for his deposition has not been received.

## **<u>Argument</u>**

The deposition of plaintiffs' proffered expert Mr. Day cannot legally occur unless the appropriate authorization is in place beforehand. *See* D.C. Official Code § 2-301.05(d)(1). Consequently, even if plaintiffs are compelled to provide the required information immediately, several days will elapse before the appropriate authorization is finalized, hence the District will not be able to depose Mr. Day by the December 31, 2010, deadline. Because of this delay, and plaintiffs' repeated failure to provide the requested information, the time for the District to complete depositions of plaintiffs' experts should be extended, as should the remaining deadlines in this matter. In the alternative, Mr. Day should be struck as an expert witness.

"A district court has the prerogative to manage its docket and the discretion to determine how to do so." *Antoine v. J.P. Morgan Chase Bank*, 2009 WL 5842054, * 2 (D.D.C. 2009) (citing *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996)).

A scheduling order may only be modified on a showing of "good cause" and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The primary inquiry under the "good cause" standard focuses on the diligence of the party seeking the modification. *Dag Enterprises v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005) (citations omitted); *Antoine, supra* at *2 (same).

The District's diligence here cannot be reasonably questioned. The District has bent over backwards to assist plaintiffs in providing the minimal information necessary to ensure the payment of plaintiffs' experts, repeatedly requesting the necessary information and offering any assistance necessary to obtain it, through a half-dozen e-mails and numerous phone calls. *See supra* at 2–4.

Simply put, the District cannot take Mr. Day's deposition, and pay him for his time, unless the legal authorization is in place in advance. That authorization cannot occur until plaintiffs provide a few, simple pieces of information. If plaintiffs had provided the information or contacted the undersigned's administrative assistant for help soon after December 13, Mr. Day's deposition could occur as previously scheduled on December 29. However, even if plaintiffs provide the required information immediately, several days will elapse before final authorization (in the form of a purchase order) will be in place pursuant to normal procedures, notwithstanding staff holiday schedules, preventing the District from meeting the deadline to complete discovery of plaintiffs' experts.

Additionally, the other deadlines in this matter must be extended, as plaintiffs' intransigence will have a ripple effect on the instant timeline, in light of the holidays, the undersigned's schedule, and the time necessary to ensure the preparation and review of the transcript of Mr. Day's deposition, in advance of the filing of dispositive motions.

The District thus suggests the following proposed schedule:

| | |
|---|---|
| January 4, 2011 | Plaintiffs provide to the District a completed Office of Contracting and Procurement Master Supplier Information Collection form for Mr. Day |
| January 21, 2011 | Complete depositions of plaintiffs' expert witnesses |
| February 18, 2011 | Dispositive Motions due |

March 22, 2011          Oppositions to Dispositive Motions due

April 8, 2011           Replies due[2]

In the alternative, if plaintiffs fail to provide the required information by January 4, 2011, to allow the District to pay for the deposition of Mr. Day, plaintiffs should be precluded from utilizing him as an expert. *See, e.g., United States v. Washington*, 106 F.3d 983, 1009 (D.C. Cir. 1997) (trial court has broad discretion in deciding to admit or exclude expert testimony).[3]

## Conclusion

For the reasons discussed herein, the Court should extend the remaining deadlines in this matter. In the alternative, if plaintiffs fail to provide the necessary information to the District by

---

[2]     These deadlines are proposed based on the undersigned's previous experience that, in the normal course, it will likely take from 10 days to 2 weeks to issue a purchase order after submission of the required information. While it took 7 days for a purchase order to issue for Dr. Kriegler, his company's information was already in the District's procurement system.

[3]     In a recent local matter, the Superior Court struck plaintiffs' expert witness for this same reason, *i.e.*, failure to provide the information necessary for the District to pay the witness for a deposition:

> [T]he plaintiffs declined to accept the defendant's offer that each party pay the fees associated with the depositions of their own experts, and the plaintiffs (and their experts) repeatedly have been advised that in order for the District of Columbia to pay for the time of the plaintiffs' experts for purposes of their depositions, the experts must provide certain basic information to satisfy the requirements of applicable statutes and regulations. Mr. Worrell and counsel for the plaintiff knew of those requirements, but the information nonetheless was not provided, and as a consequence, the defendants have been unable to take Mr. Worrell's deposition.

> In the circumstances, the Court will treat the motion to strike as conceded, and the testimony of Mr. Worrell will be stricken.

*Leonard v. Fenty*, 2007 CA 005388 R(RP), Order Granting Defendants' Motion to Strike Plaintiffs' Expert Witness, at 2 (July 16, 2010) (copy attached).

January 4, 2011, the District respectfully requests that this Honorable Court enter an order precluding plaintiffs from utilizing Mr. Day.

FILED:          December 28, 2010          Respectfully submitted,

                                           PETER J. NICKLES
                                           Attorney General for the District of Columbia

                                           GEORGE C. VALENTINE
                                           Deputy Attorney General, Civil Litigation Division

                                           /s/ Ellen A. Efros
                                           ELLEN A. EFROS, D.C. Bar No. 250746
                                           Chief, Equity Section I
                                           441 Fourth Street, N.W., 6th Floor South
                                           Washington, D.C. 20001
                                           Telephone: (202) 442-9886

                                           /s/ Grace Graham
                                           GRACE GRAHAM, D.C. Bar No. 472878
                                           Assistant Attorney General, DC
                                           441 Fourth Street, NW
                                           Sixth Floor South
                                           Washington, DC 20001
                                           Telephone: (202) 442-9784
                                           Facsimile: (202) 741-8892
                                           grace.graham@dc.gov

                                           /s/ Andrew J. Saindon
                                           ANDREW J. SAINDON, D.C. Bar No. 456987
                                           Assistant Attorney General
                                           Equity I Section
                                           441 Fourth Street, N.W., 6th Floor South
                                           Washington, D.C. 20001
                                           Telephone: (202) 724-6643
                                           Facsimile: (202) 730-1470
                                           andy.saindon@dc.gov