UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
**CARL BARNES,** *et al.*,          )
    Plaintiffs, )
                                    )
    v.           )    Civil Action No. 06-315 (RCL)
                                    )
**DISTRICT OF COLUMBIA,**           )
    Defendant.   )
                                    )
_____)

## MEMORANDUM AND ORDER

Before the Court are the following motions:

- Defendant's Emergency Motion to Extend Deadlines or, in the Alternative, to Strike Plaintiffs' Expert Witness [188]; Notice of Plaintiffs' Intent to File an Opposition to the motion [189]; Defendant's Response to Notice of Plaintiffs' Intent to File an Opposition to the motion [190]; and Supplemental Statement of Plaintiffs' Intent to File an Opposition to the motion [192]; and

- Plaintiffs' Emergency Motion for a Protective Order Requiring Defendant to Pay Dr. Kriegler's Actual Deposition Preparation Time, Prohibiting Defendant from Deposing Dr. Kriegler, or, in the Alternative, to Preclude Defendant from Using the Fruits of Dr. Kriegler's Deposition [191]; Notice of Defendant's Intent to File an Opposition to the motion [193], and the opposition to the motion [194].

The Court will address the motions in turn.

    **I.**    **Defendant's Emergency Motion to Extend Deadlines or, in the Alternative, to Strike Plaintiffs' Expert Witness [188]**

1

Shortly before plaintiffs' expert, Mr. Day, was scheduled to be deposed, the District informed plaintiffs that Mr. Day could not be deposed without a valid purchase order in place.[1] Despite having never mentioned this requirement before, the District stated that it was unable to pay anyone for their work without this purchase order. Mr. Day tried to complete the paperwork and electronic filings to set up this paperwork, but the forms were not complete by December 31, 2010—the day scheduled as the close of expert discovery. The District has stated that once Mr. Day completes the forms, it will take several weeks for the District to process the forms and to authorize the deposition, and the District will not be able to take Mr. Day's deposition until this final authorization is in place. The District has thus asked to extend deadlines in this case by about three weeks.

In support of its argument, the District cites to a D.C. Code provision, which provides: "No District employee shall authorize payment for the value of supplies and services received without a valid written contract. This subsection shall not apply to a payment required by a court order . . . ." D.C. Code § 2-301.05(d)(1). This subsection thus provides that a court order will obviate the requirement of final authorization and a valid purchase order before the District can take Mr. Day's deposition. The Court will accordingly order that the District take Mr. Day's deposition forthwith, without waiting for the paperwork to be in place. The District must, of course, still pay Mr. Day for his time.[2] Further, instead of sending Mr. Day to the District's administrative assistant, counsel for the District shall act as a direct conduit between the administrative assistant and Mr. Day to help Mr. Day complete the relevant forms.[3] The Court

---

[1] The District informed Dr. Kriegler that he needed to have a purchase order as well, but apparently the process was streamlined because Dr. Kriegler was already in the District's electronic system, so Dr. Kriegler's situation has been resolved.

[2] As discussed below, the District must pay Mr. Day reasonable expenses incurred in preparing for the deposition as well.

[3] If counsel for the District had spent half as much time helping Mr. Day to complete the forms as it did filing this motion, this process would have already resolved itself.

2

will reopen expert discovery for the limited purpose of taking Mr. Day's deposition. The Court will not extend the deadlines for filing dispositive motions. Thus, the Court will grant in part and deny in part the motion.

## II. Plaintiffs' Emergency Motion for a Protective Order Requiring Defendant to Pay Dr. Kriegler's Actual Deposition Preparation Time, Prohibiting Defendant from Deposing Dr. Kriegler, or, in the Alternative, to Preclude Defendant from Using the Fruits of Dr. Kriegler's Deposition [191]

Plaintiffs move for: (1) a protective order requiring defendant to pay plaintiffs' expert, Dr. Kriegler, for the time he spent preparing for the deposition, (2) an order that the deposition not be held, because the District's purchase order authorization for Dr. Kriegler's preparation time was inadequate, and (3) in the alternative, an order precluding the District from using the fruits of Dr. Kriegler's deposition. ([191] at 1.) The second issue is now moot, because the District deposed Dr. Kriegler by telephone on December 30, 2010. ([194] at 2.) Further, because the Court is resolving the first issue, the Court need not reach the third issue.

This motion turns on two questions: (1) whether the District must compensate Dr. Kriegler for the time he spent in preparing for his deposition, and (2) if the District must compensate Dr. Kriegler, how much must it compensate him?

On the first issue, the Court agrees with plaintiffs that the District must compensate Dr. Kriegler for the time he spent in preparing for his deposition. Federal Rule of Civil Procedure 26(b)(4)(C)(i) provides: "Unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." The plain language of this Rule is unclear on this issue. In a recent case, however, Magistrate Judge Facciola held that an expert must be compensated for the time spent preparing for his deposition, abrogating his prior holding on the same point. *See Schmidt v. Solis*, Civil Action No. 07-2216, 2010 WL 4628223 (D.D.C. Nov. 16, 2010),

3

*abrogating United States ex rel. Fago v. M&T Mortg. Corp.*, 238 F.R.D. 3 (D.D.C. 2006). The Court finds the reasoning of the *Schmidt* case convincing and adopts its holding. The court in *Schmidt* notes:

> Any lawyer worthy of the name is going to prepare the witness for the deposition . . . . [T]hat a lawyer will prepare the expert and consume some of her time is such a certainty that it should always be considered as a form of "responding to discovery" under the pertinent rule, and should always be paid by the party who is taking the deposition, whatever her motive, intent or purpose.

Other courts have agreed with this logic. *See, e.g.*, *Stewart v. City of Houston*, Civil Action No. H-07-4021, 2010 WL 1524015, at *1 (S.D. Tex. Apr. 14, 2010) ("Fees awarded under Rule 26(b)(4)(C)(i) include time spent in preparing for a deposition, in traveling to the deposition, and in the deposition."). Thus, the Court holds that an expert's time preparing for a deposition is "time spent in responding to discovery" under Rule 26(4)(C)(i), and the party who noticed the deposition must compensate the expert accordingly.

On the second issue, the Court is unable to resolve the issue without further briefing. The rule requires only that the expert's fee be "reasonable." The party seeking reimbursement for the fee—here, plaintiffs—bears the burden of establishing reasonableness. *Guantanamera Cigar Co. v. Corporacion Habanos, SA*, Civil Action No. 08-721, 2010 WL 3035750, at *7 (D.D.C. Aug. 15, 2010). Plaintiffs must, at a minimum, submit an invoice itemizing the charges for which they expect the District to pay. Once Dr. Kriegler has indicated in an invoice how many hours he and his staff spent on preparation for the deposition, noting the hourly rate charged by each person who helped him prepare for the deposition, then the Court can determine reasonableness. The Court will consider several factors in determining reasonableness, including:

> (1) the witness's area of expertise; (2) the education and training that are required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular

geographic area; (6) the fee actually being charged by the expert to the party who retained him; and (7) fees traditionally charged by the expert on related matters.

*Id.* at *7. Plaintiffs should provide this invoice and brief this issue within seven days of this order. The District will have seven days after service of plaintiffs' brief to respond, and plaintiffs will have four days after service of the District's opposition to reply. Briefing on this issue will not affect the briefing schedule for dispositive motions. Thus, the Court will grant in part and deny as moot in part and defer judgment in part on the motion.

## III. CONCLUSION

Accordingly, for the reasons stated, it is hereby

ORDERED that Defendant's Emergency Motion to Extend Deadlines or, in the Alternative, to Strike Plaintiffs' Expert Witness [188] is GRANTED IN PART AND DENIED IN PART. Specifically, it is

(1) ORDERED that the District shall take Mr. Day's deposition forthwith and shall compensate him for his time, even though there is not yet a valid purchase order or final authorization in place; and it is furthermore

(2) ORDERED that the motion is GRANTED insofar as expert discovery is reopened for the limited purpose of taking Mr. Day's deposition; and it is furthermore

(3) ORDERED that the motion is DENIED insofar as the Court will not extend deadlines for briefing dispositive motions; and it is furthermore

(4) ORDERED that the motion is DENIED insofar as plaintiffs may call Mr. Day as an expert witness in this matter and/or rely on his testimony. It is furthermore

ORDERED that Plaintiffs' Emergency Motion for a Protective Order Requiring Defendant to Pay Dr. Kriegler's Actual Deposition Preparation Time, Prohibiting Defendant from Deposing Dr. Kriegler, or, in the Alternative, to Preclude Defendant from Using the Fruits of Dr.

5

Kriegler's Deposition [191] is GRANTED IN PART AND DENIED AS MOOT IN PART AND DEFERRED JUDGMENT IN PART. Specifically, it is

(1) ORDERED that the motion is GRANTED insofar as the District must compensate Mr. Day for his time spent preparing for the deposition; and it is furthermore

(2) ORDERED that the motion is DENIED AS MOOT as related to plaintiffs' request that the deposition not be held; and it is furthermore

(3) ORDERED that the Court will DEFER JUDGMENT on the amount of money that constitutes "reasonable" expert fees for Mr. Day until further briefing; and it is furthermore

(4) ORDERED that plaintiffs shall brief the issue of expert fees within seven days of this order, the District shall respond to plaintiffs' brief within seven days of service of plaintiffs' brief, and plaintiffs shall respond to the District's brief within four days of service of the District's brief. It is furthermore

ORDERED that the scheduling order set out for clarification as follows:

The parties shall complete the following on or before the dates prescribed:

Dispositive Motions—January 31, 2011;

Oppositions to Dispositive Motions—March 1, 2011;

Replies to Oppositions to Dispositive Motions—March 15, 2011.

Since only Mr. Day's deposition remains to be completed, the Court considers these dates firm. They will not be extended.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on January 6, 2011.