UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
                                      )
**CARL BARNES,** *et al.*,            )
    Plaintiffs,    )
                                      )
    v.             )    Civil Action No. 06-315 (RCL)
                                      )
**DISTRICT OF COLUMBIA,**             )
    Defendant.     )
                                      )
_____)

## ORDER

Before the Court is plaintiffs' Motion for Leave to Amend Second Amended Complaint for Money Damages and Injunctive Relief and Jury Demand [174]. Upon consideration of the motion, the opposition thereto [186], the reply brief [187], the Court will grant the motion.

As a threshold matter, the Court agrees with plaintiffs that the Court should review this motion under Rule 15—not Rule 16—of the Federal Rules of Civil Procedure. The District argues that the Court should construe this motion as a motion to modify the scheduling order under Rule 16. Rule 16(b)(3)(A) provides: "The scheduling order must limit the time to . . . amend the pleadings." "A schedule may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). But the scheduling orders in this case have never set a deadline for amending the pleadings. Thus, the Court need not modify a scheduling order to permit plaintiffs to amend their pleading.

Under Rule 15, plaintiffs may amend their pleading anytime before trial with the Court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

1

The Supreme Court has indicated the circumstances in which a court should deny leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The D.C. Circuit has also noted: "when a plaintiff has imperfectly stated what may be an arguable claim . . . , leave to amend is ordinarily in order." *Alley v. Resolution Trust Corp.*, 984 F.2d 1201, 1207 (D.C. Cir. 1993).

The District objects to the amendments in two respects: (1) plaintiffs' addition of Razina Jones as a named plaintiff, and (2) plaintiffs' addition of "dozens of paragraphs detailing the alleged causes and results of the overdetentions and strip searches." ([186] at 1.)

First, the Court finds that plaintiffs may amend their complaint to name Razina Jones as a named plaintiff. This amendment would not unduly prejudice the District. First, it would not require the District to engage in additional discovery. *See Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996) (finding that a court should give weight to "whether amendment of a complaint would require additional discovery"). Plaintiffs have already submitted signed interrogatory responses from Ms. Jones. ([174] at 4.) The District has not deposed Ms. Jones, (*id.*,) but the District did not notice the depositions of any named plaintiffs ([187] at 3). Thus, the District is not likely to wish to depose Ms. Jones, even if discovery were not complete. Second, the District had notice of this amendment long before plaintiffs actually moved to amend their complaint. Plaintiffs informed the District by letter dated October 6, 2009, that plaintiffs intended to add Razina Jones as a named plaintiff. ([174] at 4.)

Second, the Court finds that plaintiffs may amend their complaint to add paragraphs detailing the facts underlying their legal claims. This amendment would not unduly prejudice the

District. First, it would not require either party to engage in additional discovery. *Atchinson*, 73 F.3d at 426. As plaintiffs state, "Nor does the District offer even hints about how the District would have changed its discovery strategy had it known about the proposed amendments. *The proposed allegations are facts that come from the District*, previously disclosed to the District, or come from Plaintiffs' experts' analysis of over detentions and post release strip searches." ([187] at 3 (emphasis added).) Thus, not only do the amendments not require additional discovery; they actually implement the discovery already completed in this case. Second, the Court finds that there is no "undue delay." *Foman*, 371 U.S. at 182. Plaintiffs state that they needed to complete a deposition "before amending the complaint to clarify their theories of deliberate indifference." ([174] at 4.) Plaintiffs filed their amended complaint once they had completed that deposition. Further, the amendment does not add any new legal claims, but rather only clarifies plaintiffs' original allegations. Third, the Court finds that there is no "bad faith, or dilatory motive on the part of movant." *Foman*, 371 U.S. at 182. Fourth, the Court finds that there is no "repeated failure to cure deficiencies by amendments previously allowed." *Id.* at 182. Plaintiffs have not moved to file an amended complaint since filing their Second Amended Complaint [12] in 2006. In this amended complaint, plaintiffs seek to incorporate the discovery that they have acquired since that time. Plaintiffs, thus, could not have cured any deficiencies in their 2006 amended complaint. Fifth, the Court finds that the amendment is not futile. The amendment assists the Court in understanding plaintiffs' claims. Sixth, the Court disagrees with the District's primary objection to the amendment. The District states: "plaintiffs intend to replace certain of their original allegations with their polar opposites." ([186] at 2.) In support of this statement, the District argues that plaintiffs' Second Amended Complaint states that overdetention problems stem from problems with the District's computer system "and for other reasons," and plaintiffs'

proposed Third Amended Complaint states that overdetention problems stem from the District's failure to use their computer system and reliance on a "sneaker network" instead. (*Id.*) This amendment is not the polar opposite of the allegations in the Second Amended Complaint; rather, it clarifies plaintiffs' previous statement of "and for other reasons." For all of these reasons, the Court finds that the amendment would not unduly prejudice the District. Thus, the Court will freely give plaintiffs leave to amend their complaint.

Accordingly, it is hereby

ORDERED that the motion is GRANTED; and it is furthermore

ORDERED that plaintiffs' Third Amended Complaint, filed under seal and captioned "Second Amended Complaint for Individual Money Damages and Class Injunctive Relief and Jury Demand," shall be deemed filed on the public record with a pen and ink correction to the title page to show that it is the Third Amended Complaint.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on January 20, 2011.