# DEFENDANT'S EXHIBIT 10

**Massengale, Robin (OAG)**

| | |
|---|---|
| **From:** | Graham, Grace G. (OAG) |
| **Sent:** | Friday, October 29, 2010 5:33 PM |
| **To:** | 'claibornelaw@gmail.com' |
| **Cc:** | Saindon, Andy (OAG) |
| **Subject:** | interrogatory response |
| **Attachments:** | Barnes Final Analyis (Rog Response) 10.29.10.pdf; 9.5B D's Suppl Res. to rogs on over-det sample 10.29.10.pdf |

Chaz,

Please find attached the District's response to your contentions regarding the mediation sample. In the PDF file, because the size of the spreadsheet would not allow all columns on one page, note that for the first entry (Donaldson), the row with his information begins on page 1, continues on page 52, and then again on 103. Each entry will need to be read in this manner.

Regards,

Grace Graham
Assistant Attorney General
Civil Litigation, Equity I
Office of the Attorney General
  for the District of Columbia
441 4th Street NW
6th Floor North
Washington, DC  20001
(o) 202-442-9784
(f) 202-741-8892

Information contained in this e-mail transmission may be privileged, confidential, and/or covered by the Electronic Communications Privacy Act.  If you are not the intended  recipient, please do not read, distribute, or reproduce this transmission.  Please notify the sender immediately of the error by return e-mail and delete the e-mail from your system.

**Preventing terrorism is everybody's business.**
If you SEE something, SAY something.
Call the Metropolitan Police Department at **(202) 727-9099** to report suspicious activity or behavior that has already occu
Call **911** to report in-progress threats or emergencies.

To learn more, visit **http://www.mpdc.dc.gov/operationtipp**.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL A. BARNES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case Number:   06-315 (RCL) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO PLAINTIFFS' INTERROGATORIES ON OVER DETENTION SAMPLE AND STRIP SEARCH SAMPLE SPREADSHEETS

Defendant District of Columbia ("the District"), by and through counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the rules of this Court, submits the following objections and responses to Plaintiffs' Interrogatories on Over Detention Sample and Strip Search Sample Spreadsheets.

(1) The information supplied in these responses is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

(2) The word usage and sentence structure may be that of the attorney assisting in the preparation of these responses and does not necessarily purport to be the precise language of the executing party.

(3) For any additional responsive information made available through deposition testimonies, the District incorporates such information for purposes of giving the parties notice that such information exists, but does not adopt such testimony as accurate and complete.

## General Objections

The District's General Objections set forth herein, are to be considered continuing objections and/or assertions of privilege and responses to each and every specific Interrogatory that follows. That some of these General Objections are not restated in response to particular interrogatories does not waive the assertion and application of the General Objections. The District's objections and responses given herein shall not prejudice any objection and/or assertion of privilege they may later assert in any context. Moreover, the District responds to the instant discovery subject to the accompanying objections, without waiving and expressly preserving all ojections.

1.      The District objects to the instructions propounded by Plaintiffs to the extent that they seek or purport to impose obligations in excess of those required by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Columbia. Included in the instructions objected to are Plaintiffs' definitions, which purport to assign to words and phrases meanings other than those generally understood or used in common parlance.

2.      The District objects to this discovery to the extent that it inquires into matters privileged from disclosure pursuant to the attorney-client privilege, executive privilege, deliberative process privilege, legislative privilege, informant's privilege, law enforcement privilege, prosecutorial privilege, spousal privilege, Privacy Act, District of Columbia Municipal Regulations, D.C. Office of Personnel rules and/or regulations, the work-product doctrine, and/or any other applicable privilege or similar protection. Inadvertent production of any information so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

2

3. The District objects to this discovery to the extent that it seeks disclosure of confidental material or information in the absence of a protective order.

4. In responding to these requests, the District does not waive, but retains and preserves any and all objections to the materiality, and/or relevance of the information provided.

5. In responding to this discovery, the District does not concede or admit any premise, proposition, or characterizations contained in any request or any pleading in this or any other matter.

6. In seeking the disclosure Plaintiffs seek hereby, Plaintiffs are understood to waive any and all privileges, protections or claims regarding or relating to the subject of the disclosure.

7. The District objects to this discovery insofar as it is overbroad, unduly burdensome or vexatious on grounds, including, but not limited to, seeking materials without limitation as to time period or over a period of time so lengthy as to seek information immaterial, irrelevant to, or otherwise inadmissible in this litigation.

8. The District understands that Plaintiffs' requests are not intended to seek communications or documents that are protected by the attorney-client privilege or protected by the work product doctrine and object to Plaintiffs' requests insofar as they could be read to seek such protected information.

9. The District objects to these interrogatories to the extent they are vague, ambiguous, irrelevant, and/or overly broad.

10. This response to these interrogatories is accurate to the best of the District's knowledge as of this date. The District's investigation, however, is continuing, and the District may obtain additional information relevant to the subject matter of this action through discovery

and futher review of documents. The District will produce additional responsive information, if necessary, and reserves the right to rely on subsequently discovered information.

11. The District reserve the right to object to the use of its response to these requests in any proceedings other than the above-captioned case.

12. The District objects to these interrogatories as unduly burdensome and redundant insofar as they seek the production of materials or information received in discovery, whether formal, informal or through mediation, from any party herein, served upon or filed by any party or counsel to any party to these matters, or available from the Court in which these matter are pending.

13. The District objects to the interrogatories to the extent they exceed the number of interrogatories allowed by the Court.

14. Each and every response herein is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular interrogatory is not intended to constitute a waiver of General Objections that are not specifically referred to in that response.

15. The District objects to the extent that these requests go beyond the class period beginning September 1, 2005.

## Defendant's Objections and Responses

1. For each line of data on each of the overdetention sample and strip search sample spreadsheets please tell plaintiffs the information requested for each column:

- The DCDC # (entered by plaintiffs)
- Booking Cycle Number (entered by plaintiffs)
- Commitment Date
- Exit Date (Date inmate was released from DOC custody for this period of detention)
- Date of Last Detainer (Date last Detainer if any was discharged or closed out)

- Court Discharge Date 1,2,3 etc. (the date each charge on which inmate was held on was discharged either by expiration or by court order; for Court discharge Date where the Records Office did not receive the release order on the date the court entered the release order please give date of release order)
- Last Date Present in Court (the date of the last court date in the period of confinement inmate attended)
- Location after Last Date Present in Court (please specify location or facility inmate was released from, e.g., DC Jail, MHU, Superior Court)
- Release Date (Date all charges inmate was held on were discharged whether by court order or expiration or otherwise [please enter date of court order not date Records Office received order [date last detainer or warrant holding inmate was released or discharged)
- Description of Release Date (release type)
- # of Hours of Over-detention (number of hours inmate was held past date all charged, detainer and other holds on all cases on which detained discharged, if any)
- SS Class (state whether inmate subjected to strip search after Released Date, i.e. date all charges inmate was held on were discharged whether by court order or expiration or otherwise [please enter date of court order not date Records Office received order]; date last detainer or warrant holding inmate was released or discharged)

In other words, please provide for plaintiffs the same information plaintiffs provided to defendants for each column of each line of the over detention and strip search sample spreadsheets.

**OBJECTION AND RESPONSE:** The District objects to this interrogatory as the information requested is equally available to Plaintiffs as it is to the District. Moreover, Plaintiffs have routinely been provided information available in JACCS, which incorporates electronic data available to the DOC. Further, the District objects that some of the requested information, *i.e.*, number of over-detention hours/days is actually related to damages, a phase of discovery that will be scheduled to begin at a later date.

Additionally, the District objects because Plaintiffs have had ample opportunity to discover how and when strip searches are conducted per policy; as previously explained, inmate jackets do not reveal this information. Thus, this interrogatory is duplicative and overly burdensome for that reason. Further, this request exceeds the allowable number of interrogatories per court order.

5

The District reserves the right to supplement its response, particularly with respect to the number of hours an inmate may have been over-detained.

Based on the information contained in a review of inmate jackets, the Department of Corrections ("DOC") provides its response to Plaintiffs' contentions and notes in the attached spreadsheet where there is a disagreement. Additionally, with respect to the strip search class, the DOC declines to state whether each individual inmate is in the class as there is no verifying information in a jacket that determines this issue with specificity. The DOC has previously acknowledged that any inmate returned to the Central Detention Facility ("CDF") is strip searched upon entry into the CDF.

| Objections by Counsel: | Respectfully submitted, |
|---|---|
| | PETER NICKLES<br>Attorney General for the<br>District of Columbia |
| | GEORGE C. VALENTINE<br>Deputy Attorney General<br>Civil Litigation Division |
| | ELLEN EFROS [250746]<br>Chief, Equity I |
| | /s/ Grace Graham<br>Grace Graham [472878]<br>Assistant Attorney General, DC<br>441 Fourth Street, NW<br>Sixth Floor South<br>Washington, DC 20001<br>Telephone: (202) 442-9784<br>Facsimile: (202) 741-8892<br>grace.graham@dc. |
| | /s/ Andrew J. Saindon<br>ANDREW J. SAINDON [456987]<br>Assistant Attorney General<br>441 Fourth Street, NW<br>Sixth Floor South |

Washington, DC 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
andy.saindon@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2010, the foregoing document -- **DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO PLAINTIFFS' INTERROGATORIES ON OVER DETENTION SAMPLE AND STRIP SEARCH SAMPLE SPREADSHEETS** -- has been served via electronic mail (e-mail) on Plaintiffs' Counsel.

William Claiborne
Attorney at Law
717 D Street, NW
Suite 210
Washington, DC 20004
Phone 202/824-0700
law@claiborne.net

/s/ Grace Graham
Grace Graham

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARL A. BARNES, *et al.*,        )
                                 )
            Plaintiffs,          )
                                 )   Case Number:   06-315 (RCL)
     v.                          )
                                 )
DISTRICT OF COLUMBIA,            )
                                 )
            Defendant.           )

### CERTIFICATION OF RESPONSES TO INTERROGATORIES BY MARK SIBERT

  Mark Sibert states under penalty of perjury that he/she has read the foregoing Interrogatory answers and know the contents thereof; that said answers were prepared with the assistance and advise of counsel; that the answers set forth above, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by a review of the records and information still in existence within those records, presently recollected, and thus far discovered in the course of the preparation of these answers; that Mark Sibert reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to these limitations the Interrogatory answers are true to the best of his/her knowledge information, and belief.

/s/ MARK SIBERT

DATE: 10-29-2010

8

| Group | DCDC # | Name | Booking Cycle Number | Plaintiffs say Late? | # of Hours of Over detention | Plaintiffs' Comments | DOC Says | DOC Hours Late | DOC COMMENTS |
|---|---|---|---|---|---|---|---|---|---|
| Extreme OD S2 | | | 2006-08791 | Late | 11.00 | 6/29/06 HWOB (29), 7/6/06 WRO (27), 11/29/06 20 mos. ESS (26). Release form states Exit of 11/29/06 (7). | NOT LATE | | JACCS not posted properly to show actual release date from HWH. |
| G2 EXP S1 | | | 2007-14066 | Late | 0.00 | 10/29/07 HWOB (72), 11/13/07 150 Days ESS all but 20 (72), 11/16/07 Expiration (70-71). 10/29/07 DOJ USMS Detainer filed (38), 11/28/07 DOJ Bureau of Prisons Release Authorization (29), 11/28/07 Jail Fax "Need to lift detainer for release" (37), 11/29/07 Detainer lifted (28). 11/29/07 Exit (4). | NOT LATE | | **Early release.** BOP disrespected DC DOC jurisdiction and processed when executing detainer. **Should have been released 12/18/07.** |
| G5 EXP S2 | | | 2007-04945 | Late | 16.54 | 4/19/07 150 Days (31), 9/12/07 Expiration (27-28). 9/13/07 Exit (5). | NOT LATE | | Inmate receive 3 days Educational Good Time credit, was not received by CTF Records Office until 09/13/07. |
| G2 EXP S1 | | | 2007-01134 | Late | 1620.65 | 2005 CMD 2118. 2/13/07 S100 Bond (59), 2/28/07 15 days concurrent (57). Their calculations show Expiration of 3/13/07 (9-10, 52-53), fails to account for time served 2/13/07 - 2/28/07, correct Expiration was 2/28/07. 2005 Fel 4462. 8/6/05 HWOB (144), 8/11/05 S1K Bond (72), 5/3/06 18 mos. ESS all but time served. COR (66, 63), 1/25/07 HWOB (60), 2/1/07 12 mos (56). Their initial calculation done on 3/5/07 was 2/22/08 Expiration, giving credit only for 8/5/06 - 8/6/06 and 1/25/07 - 1/31/07 (74-75). 4/9/07 memo shows correct TS calculation (54), not until 7/2/07, however, that they did an Expiration calculation (50) for 4/27/07, which is off by 1 day as was late-released 5/4/06 (146). Correct Expiration was 4/26/07. | NOT LATE | | Inmate was in FBOP custody. DOC did not have the authority to compute the sentence, or release the inmate w/o authorization from FBOP. FBOP did not compute the sentence in a timely manner, possibly because there was some confusion regarding whether the sentence was for a felony or a misdemeanor (it was a felony). DOC Released the inmate per FBOP authorization as is required of DOC. |
| G5 COR S2 | | | 2006-14058 | Late | 0.00 | 2006 CMD 16530. 10/9/06 HWOB (45), 10/11/06 40 Days (43). 2006 CF2 22290. 10/9/06 HWOB (39), 11/16/06 180 Days ESS all but time needed to place (38), COR to drug treatment (36). 1/26/07 Exit to drug treatment (4). | NOT LATE | | DOC does not have control over when the inmate is placed in a drug treatment program but is required by the Court Order to hold the inmate until such time as they are placed in an appropriate drug treatment program. This inmate was not late released by DOC. |

| Group | DCDC # | Name | Booking Cycle Number | Plaintiffs say Late? | # of Hours of Over-detention | Plaintiffs' Comments | DOC Says | DOC Hours Late | DOC COMMENTS |
|---|---|---|---|---|---|---|---|---|---|
| Extreme OD S1 | | | 2003-07830 | Late | 299.73 | 02-248. 5/30/03 Writ Ad pros for 7/1/03 (40), 7/2/03 brought to DC (41), 7/7/03 HWOB (38), 1/9/07 COR (Tues.) (32). 1/17/07 48 Hour Immigration Detainer filed (5). DOC email on 1/18/07 states it is their policy to hold indefinitely despite Detainer's authorization of 48 hours stated on the face of the detainer (47). There was also delay from 1/9/07 to 1/18/07 because DOC does not release if there is a moot writ, such as the one here for 7/1/03, which was issued in the same case as the court's 1/9/07 order to release. 48 hours (excluding weekends and holidays) after COR used as Release Date. 1/24/07 Exit to "INS" (4). | NOT LATE | | This inmate was serving time under a non-DC jurisdiction and DC DOC could not release the inmate until the writ release quash was received from the USMS, which occurred on 1/18/2007. DOC's policy is to hold inmates for ICE until such time as ICE releases the detainer in the interest of Public Safety. |
| G1 EXP S1 | | | 2000-02205 | Late | 370.04 | Inmate was held in PG Co. MD, brought to DC on Writ Ad Pros issued 10/23/00 and executed 11/29/00 (88). 12/1/00 HWOB (89). 2/1/02 sentenced to 360 Days (45). 11/22/01 Expiration (41-44). Delay between 11/22/01 to 3/15/02, 3/15/02 sent back to PG Co. (51). Sentenced in PG Co. then sent BACK to DC on DC Detainer after serving his Maryland sentence. However, there was no need for him to come back as he had completed his DC Sentence. They eventually figured this out AFTER his return to DC (3, 51, 41-44). 10/16/07 was returned to DC (17), 11/1/07 Exit (23). | NOT LATE | | "Dimunition of credit" is a Maryland term unknown to DC DOC staff. Inmate's attorney had alerted DOC of this concept and DOC had to get documentation from an appropriate authority. There was no paperwork from MD to his sentence's conditions. Other wise, it was assumed the DCSC misdemeanor sentences were consecutive, and that the inmate's time while in DC on the Habaeus Corpus belonged exclusively to Maryland. The inmate was in DC on a WRIT AD PROS through 3/14/2002, then returned to DC to serve MISD time but the WRIT AD PROS time did not count towards the MISD sentence. The inmate was not late. |
| Extreme OD S2 | | | 2006-05865 | Late | 778.45 | 4/28/06 HWOB (17), 5/1/06 WRO (13), 7/18/06 HWOB (12), 10/20/06 30 mos. ESS + 30 Days (10), more than enough time served (6-7). 11/22/06 Exit (53). | NOT LATE | | Released on time. |
| Extreme OD S2 | | | 2006-09489 | Late | 10.53 | 7/15/06 HWOB (32), 7/21/05 WRO (30), 4/17/07 COR. Release form not fully completed (5). | NOT LATE | | 10pm cut-off not applicable to HWH, prioritized for later processes. |
| G2 COR S2 | | | 2006-11966 | Late | 0.00 | 8/28/06 HWOB (11), 9/22/06 COR (9), 9/22/06 Exit (15). | NOT LATE | | Released on time. |

| Group | DCDC # | Name | Booking Cycle Number | Plaintiffs say Late? | # of Hours of Over-detention | Plaintiffs' Comments | DOC Says | DOC Hours Late | DOC COMMENTS |
|---|---|---|---|---|---|---|---|---|---|
| G3 COR S2 | | | 2007-12382 | Late | 0.00 | 9/20/07 HWOB (29), 9/21/07 WRO (22), 12/12/07 24 mos. ESS (20) 12/12/07 Exit (4), 52:18 after 10:00 p.m. | NOT LATE | | Documents match to release date. |
| G5 COR S1 | | | 2006-06065 | Late | 0.00 | 05 CMD 12967. 9/7/06 COR (38). 06 CMD 2945. 5/9/05 WRO (60), 9/7/06 COR to drug treatment (32), 9/7/06 60 Days ESS all but time needed to place (33). 06 CMD 8271. 8/9/06 WRO (56), 9/7/06 COR to drug treatment (29), 9/7/06 6 mos. ESS all but time needed to place (30). 06 CMD 8720. 5/3/06 HWOB (62), 5/9/06 WRO (58), 9/7/06 COR to drug treatment (35), 9/7/06 6 mos. ESS all but time needed to place (36). 11/22/06 Exit to 2nd Genesis (8). Took 3 months, 63 days to place. | NOT LATE | | Although waiting to be placed in program was extensive, the time did not exceed the sentence. |
| G5 COR S2 | | | 2006-13549 | Late | 0.00 | 2004 CMD 3528. 9/28/06 HWOB (73), 10/3/06 COR (71). 2000 CMD 5985. 9/28/06 HWOB (70), 10/3/06 90 Days (no credit) (50). 2006 CMD 21467. 9/28/06 $300 Bond (67), 10/3/06 15 Days (65). 1/9/07 Expiration (60-62), 1/9/07 Exit (9). | NOT LATE | | Facesheet #2 shows expiration date as 01/09/07. Released same at 9:51p.m. |
| Extreme OD S2 | | | 2006-09627 | Late | 0.00 | 2006 CMD 14749. 7/18/06 $500 Bond (61), 10/25/06 50 Days (59). Parole. 6/14/06 warrant (64), 7/31/06 detainer (70), 10/27/06 served (65), 1/12/07, parole decision, serve new term of 6 mos. from 10/27/06 (5-6). They claculated Release Date of 3/5/07 (8-10), but probably should have been 4/26/07. Either way, not overdetained. | NOT LATE | | Not released early as was speculated. BOP computation did not show the potential jail credit from when the misdemeanor sentence ended, 09/06/06 to 10/25/06 = 51 days. |
| G1 COR S2 | | | 2006-11741 | Late | 0.00 | 8/24/06 HWOB (6), 9/8/06 $22K Bond (5), 10/3/06 posted (10), 10/3/06 Exit (9). | NOT LATE | | Both the original and amended bond slip dated 10/03/06. Release authorization form shows released by 9:35p.m. the same day. |

| Group | DCDC # | Name | Booking Cycle Number | Plaintiffs say Late? | # of Hours of Over detention | Plaintiffs' Comments | DOC Says | DOC Hours Late | DOC COMMENTS |
|---|---|---|---|---|---|---|---|---|---|
| Extreme OD S1 | | | 2003-02528 | Late | 78.18 | 02-256-03. 3/3/03 Committed (89), 3/4/03 HWOB (85), 2/7/07 (Wed.) COR (26), 48 Hour Immigration Detainer. 9/26/06 filed (5). 2/12/07 Exit to "INS" (4). | NOT LATE | | Pick up schedule for Immigration was 02/12/07. |
| Extreme OD S1 | | | 2003-02529 | Late | 88.17 | 02-256-01. 3/3/03 Committed (112), 3/4/03 HWOB (109), 2/7/07 (Wed.) COR (25). 48 Hour Immigration Detainer. 9/26/06 filed (5). 2/12/07 Exit to "INS" (4). | NOT LATE | | Immigration pick up schedule dated 02/12/07 |
| Extreme OD S1 | | | 2003-03417 | Late | 34.99 | 02-479. later 3-199. 3/24/03 Committed (260. 3/25/03 HWOB (20), 4/13/07 COR (14). Park police Detainer. 4/1/03 filed, 4/17/07 lifted (7, 12). | NOT LATE | | Faxed copy of Detainer lift dated 4/17/07 |
| G1 EXP S2 | | | 2007-13792 | Late | 0.00 | 11/15/07 Expiration (59, 61, 65), 11/7/07 Exit to MPD Fugitive Unit (3), 11/7/07 order to pick-up by 11/13/07 (8), 11/9/07 Exit to PG Co. MD (7). | NOT LATE | | NCIC hit in WALES. Released inmate to MPD to waive extradition. |
| Extreme OD S1 | | | 2005-03235 | Late | 0.08 | 3/11/05 HWOB (8), 3/14/05 WRO (6), 1/20/06 COR (5). Release Form shows 1/20/06 Exit (17). | NOT LATE | | Hope Village halfway house faxed a copy that shows Mr. Bell (Superviser) released Inmate at 11:45p.m. on 1/20/08. Not released from JACCS until the following Monday 01/23/06. Verified dates and days of the week. |
| Extreme OD S2 | | | 2004-13647 | Late | 181.49 | 03-246. 5/16/03 HWOB (97), 6/30/06 (Fri.) COR, Time Served (41). 10/6/04 commitment = return from Writ Ad Testificandum. 5/15/03, 5/21/03, and 6/21/06, Immigration Detainer (10, 99, 101). 7/13/06 Exit to ICE (7). | NOT LATE | | Immigration (ICE) pick up scheduled for 07/13/06. |
| Extreme OD S2 | | | 2006-12098 | Late | 0.00 | 8/30/06 HWOB (34), 9/1/06 WRO (31), 2/23/07 COR (32), 2/23/07 Exit (3). 1:05:51 after 10:00 pm. | NOT LATE | | Released 02/23/07 from Effec halfway house. |
| G3 COR S1 | | | 2006-11099 | Late | 0.00 | 2006 CF2 17334. 8/14/06 HWOB (81), 8/17/05 COR (79). 2006 CMD 4874. 8/14/06 $1K Bond (78), 9/21/06 Time Served (870, 9/26/06 COR (89). 2005 CMD 12947. 8/14/06 $1K Bond. 9/7/06 WRO (75), 9/26/06 COR (86). | NOT LATE | | Inmate housed at CTF. Court ordered release dated 09/26/06. Released at 9:35p.m. |
| G3 EXP S1 | | | 2006-11099 | Late | 0.00 | 2006 CF2 17334. 8/14/06 HWOB (81), 8/17/06 COR (79). 2006 CMD 4874. 8/14/06 $1K Bond (78), 9/21/06 Time Served (870, 9/26/06 COR (89). 2005 CMD 12947. 8/14/06 $1K Bond. 9/7/06 WRO (75), 9/26/06 COR (86). | NOT LATE | | Inmate housed at CTF. Court ordered release dated 09/26/06. Released at 9:35p.m. |

| Group | DCDC # | Name | Booking Cycle Number | Plaintiffs say Late? | # of Hours of Over-detention | Plaintiffs' Comments | DOC Says | DOC Hours Late | DOC COMMENTS |
|---|---|---|---|---|---|---|---|---|---|
| Extreme OD S1 | | | 2005-07590 | Late | 13.92 | 6/4/05 HWOB (8), 6/10/05 WRO (6), 11/1/05 COR (3), 11/2/05 Exit (12). | NOT LATE | | Release form faxed to Effec halfway house at 9:41p.m. Inmae not release until 11/02/05 at 8:40a.m. when inmate return from work. |
| G5 EXP S1 | | | 2006-07543 | Late | 0.00 | 2006 CMD 1694. 6/3/06 $1K Bond (49), 6/16/06 COR (460). 2006 CMD 11200. 6/3/06 HWOB (58), 6/9/06 COR (53), 6/12/06 HWOB (56), 6/14/06 COR (52). 2006 CMD 11246. 6/3/06 HWOB (36), 6/5/06 $1K Bond (34), 6/14/06 90 Days ESS all but 15 (9). 2005 CMD 6134. 6/3/06 $1K Bond (44), 6/16/06 90 Days (42). 2005 CMD 6120. 6/3/06 $1K Bond (40), 6/16/06 30 Days (38). 10/7/06 Expiration (28-31 -- handwritten corrections are correct, sentence total of 135 days from 6/16/06, credit for 21 days. = 10/7/06). 10/7/06 Exit (7). | NOT LATE | | Supervisor verified computation (after 2 signatures). Release date 10/07/06 |
| G1 EXP S1 | | | 2005-10784 | Late | 0.00 | F-4433-05. 8/5/05 HWOB (13), 8/9/05 WRO (11), 5/17/06 HWOB (60), 7/21/06 6 mos. (58). 2006 CF2 8454. 4/29/06 HWOB (47), 7/21/06 120 Days (45). 9/6/05 Escaped (64). 4/24/06 48 Hour Immigration detainer (6-8), 1/17/07 Expiration (32-34, 43-44), 1/19/07 Exit to "INS" (16). | NOT LATE | | Immigration pick-up schedule for 01/19/07 |
| G2 COR S2 | | | 2007-14317 | Late | 129.93 | 2007 CTF 2251. 11/3/07 $200 Bond (120), 11/6/07 COR (119). 2007 CTF 15121. 11/7/07 COR (115). 11/15/07 Exit to Fugitive unit (75), 11/15/07 order to pick-up by 11/20/07 (6). 11/16/07 Exit to Maryland (5). Took 10 days to transfer to Fugitive Unit. | NOT LATE | | District Court TOT. Inmate went to USDC but DOC did not get documents. DOC attempted to ascertain their obligation. |
| G5 COR S1 | | | 2005-11723 | Late | 0.00 | 2006 CF2 12769. 6/26/06 HWOB (73), 7/14/06 COR (72). 2005 CDC 2335. 6/23/06 $50 Bond (71), 7/28/06 5 Days (69). 2006 Cf2 12795. 6/23/06 HWOB (58), 10/18/06 COR (52). F-4011-05. 8/25/05 HWOB (29), 8/26/05 WRO (15), 8/23/06 HWOB (64), 10/18/06 15 mos. ESS, COR (50, 54). 10/18/06 Exit (32). | NOT LATE | | Sentence was suspended/COR COR in jacet |