UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
**CARL BARNES,** *et al.*,          )
    **Plaintiffs,**      )
                                    )
    v.                   )    Civil Action No. 06-315 (RCL)
                                    )
**DISTRICT OF COLUMBIA,**           )
    **Defendant.**        )
                                    )
_____)

## MEMORANDUM AND ORDER

Before the Court are the following motions:

- Defendant's Motion for Extension of Time to Reply to Motion to Compel Payment of Expert Karen Albert's Preparation Time [260], the opposition thereto [264], and the lack of reply;

- Defendant's Motion to Compel Payment of Expert Karen Albert's Preparation Time [225]; the opposition thereto [251], and the reply [266];

- Simon Banks's Applicant 2nd Motion to Intervene and to Modify Protective Order [249], Mr. Banks's numerous memoranda in support of his motion, the opposition to the motion [262], and the lack of reply;

- Defendant's Motion to Preclude Further Motions by Applicant Banks Absent Prior Leave of Court [263], the opposition thereto [267], and the reply [273];

- Simon Banks, Applicant's Motion to Stay Decision(s) on All Dispositive Motions Until After the Court Issues Decision upon Applicant's Application for Intervention and Motion for Declaratory Judgment [268]; and

1

- Simon Banks, Applicant's Motion for Declaratory Relief Pursuant to Rule 57 and 28 U.S.C. § 2201 [269] and Supplement to Motion for Declaratory Relief [272].

The Court will address the motions in turn.

## I. Defendant's Motion for Extension of Time to Reply to Motion to Compel Payment of Expert Karen Albert's Preparation Time [260]

Upon consideration of defendant's Motion for Extension of Time to Reply to Motion to Compel Payment of Expert Karen Albert's Preparation Time [260], the opposition thereto [264], the lack of reply, and the entire record in this case, it is hereby

ORDERED that the motion is GRANTED *nunc pro tunc*; and it is furthermore

ORDERED that defendant may file its reply on or before April 21, 2011.

## II. Defendant's Motion to Compel Payment of Expert Karen Albert's Preparation Time [225]

Upon consideration of defendant's Motion to Compel Payment of Expert Karen Albert's Preparation Time [225], the opposition thereto [251], the reply [266], applicable law, and the entire record in this case, the Court will grant in part and reserve judgment in part on the motion.

The District has proffered Ms. Albert as an expert witness. "Ms. Albert seeks $1,750 for her preparation time, which includes three hours meeting with counsel, three hours reviewing documents and two hours traveling to and from the site of the deposition." ([225] at 4.) Ms. Albert charges $175 per hour. This preparation time includes two hours of travel in each direction, totaling four hours of travel, and seven and a half hours of time spent at the deposition. ([225-1] at 2.)

Plaintiffs challenge Ms. Albert's fee in four respects: (1) Ms. Albert is not properly qualified as an expert, so she should not be paid an expert fee; (2) the fee is not reasonable; (3)

Ms. Albert is being paid a lump sum, so she is not entitled to an hourly fee; and (4) because the District initially argued that time spent preparing for a deposition is not compensable, their expert should not be compensated for time spent preparing for her deposition. The Court disagrees with plaintiffs on issues one, two, and four, and reserves judgment on issue three. The Court notes that Ms. Albert's invoice charges for four hours of travel time. Plaintiffs do not challenge this part of the invoice, other than by generally arguing that none of Ms. Albert's preparation time is compensable. Plaintiffs have thus waived any argument that travel time is not compensable as part of preparation time, so the Court will order that if Ms. Albert is compensated for her hourly fee, she should be compensated for her travel time.

First, plaintiffs argue that the fee petition should be denied because "Ms. Albert did not produce any opinions meeting the requirements of Fed. R. Civ. P. 26 or [Fed. R. Evid.] 702 or [Fed. R. Evid.] 703." ([251] at 1.) But as the District notes, ([266] at 2,) a challenge to a fee petition is not the proper forum to debate Ms. Albert's qualification as an expert. Rather, plaintiffs can challenge her qualification as an expert either by motion *in limine* or at trial. For purposes of a fee petition for an expert, it is sufficient that the District proffer Ms. Albert as an expert. After she is proffered, the Court need only determine whether her fee was reasonable. As discussed below, this includes some consideration of her value as an expert, but it is not the same analysis as a qualification as an expert. Further, if Ms. Albert really is as unqualified as plaintiffs make her out to be, then this deposition was their perfect opportunity to collect testimony that they could later use to show that she is unqualified. As the District points out, plaintiffs "argue simultaneously that they seek to use the deposition testimony they elicited to support their position that Ms. Albert is not qualified, while also arguing that Ms. Albert should not be paid for her preparation time." ([266] at 2 n.1.) Thus, the Court will not assess at this time whether Ms. Albert should be

3

qualified as an expert in this case, and will not determine whether her opinions meet the expert-testimony requirements of the Federal Rules of Civil Procedure or Evidence.

Second, plaintiffs argue that Ms. Albert's requested fee is unreasonable. The Court has held [195] that a party must compensate the other party's expert for time spent preparing for a deposition. Under Federal Rule of Civil Procedure 26(b)(4)(C)(i), an expert must be paid a "reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." The party seeking reimbursement for the fee—here, the District—bears the burden of establishing reasonableness. *Guantanamera Cigar Co. v. Corporacion Habanos, SA*, Civil Action No. 08-721, 2010 WL 3035750, at *7 (D.D.C. Aug. 15, 2010). The Court considers several factors in determining reasonableness, including:

> (1) the witness's area of expertise; (2) the education and training that are required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) the fee actually being charged by the expert to the party who retained him; and (7) fees traditionally charged by the expert on related matters.

*Id.* at *7. The Court will address these factors in turn.

As to factors one and two, the District argues that "Ms. Albert is an expert in the field of corrections. She is a professional with more than 30 years of education and/or experience in the public safety field." ([225] at 2.) She majored in correctional services at East Carolina University and worked at the Arlington Sheriff's Office for 21 years. (*Id.*) In her last few years at the office, she developed training materials on the intake and release of prisoners. (*Id.*) Following her work at that office, she consulted with correctional agencies about issues relating to new correctional facilities, including intake and release of prisoners. (*Id.*) She has provided analyses in other cases similar to the one required in this case. Ms. Albert provides this same information in her expert report. ([251-1] at 2.) Plaintiffs counter that "Ms. Albert does not list individually and describe

4

any training she has had. She does not list any publications. She does not even have a CV to produce." ([251] at 3.) Although there is no CV in the record, Ms. Albert stated in her expert report that she attached a CV to her report. ([251-1] at 2.) Further, the District explained her expertise, education, and experience in its motion. Plaintiffs did not respond to those descriptions of her experience. Based on this proffer of Ms. Albert's education and training—which plaintiffs did not sufficiently rebut—the District has met its burden of showing that the fee is reasonable under these two factors.

As to factor three, plaintiffs argue that "none of the information on fees she claims are customary [is] supported by any data and she did not produce data on the fee she charged in the two cases she listed in her report." ([251] at 13–14.) But in her affidavit, Ms. Albert states that her rate is reasonable and customary in her field, and that comparable experts charge $175–$200 per hour. ([225-5] at 2–3.) The Court notes that plaintiffs' expert—Dr. Brian Kriegler—charges $150 per hour. Although Ms. Albert did not provide information on the fee she charged in other cases, she did provide information on the fees that comparable experts charge. Plaintiffs have not produced any evidence to counter the District's assertion that $175 per hour is a reasonable rate for comparable experts in her field, so plaintiffs have not sufficiently rebutted the reasonableness of this rate.

As to factor four, plaintiffs argue that Ms. Albert offers insufficient expert opinions because they are "not based on any independent investigation into the facts," ([251] at 14,) do not provide a standard for "best practices," ([251] at 16,) and do not reflect the facts of the case (*id.*). The Court finds that Ms. Albert did a sufficient investigation into the facts of the case. In her report, she indicates that she has observed the release process in several places, has reviewed written policies and procedures, and has conducted staff interviews. ([251-1] at 6.) The Court also

5

finds that Ms. Albert provided a standard for "best practices," which she outlined in her expert report as a standard coming from the American Correctional Association. ([251-1] at 6.) This may be inconsistent with her deposition testimony that the standard varies by location, ([251-1] at 299,) but this is not the proper forum to cross-examine Ms. Albert. Finally, the Court finds that her opinions reflect the facts of the case. Plaintiffs may disagree with Ms. Albert's conclusions and her spin on the facts in the case, but that disagreement does not affect the Court's assessment of the nature, quality, and complexity of Ms. Albert's discovery responses. Thus, in light of the nature, quality, and complexity of Ms. Albert's expert opinions, her fee is reasonable.

Plaintiffs do not challenge the reasonableness of the fee under factors five, six, or seven, so the Court does not reach those factors.

Accordingly, under the rubric set forth above, the District has met its burden of showing that Ms. Albert's hourly fee of $175 is reasonable, and plaintiffs have not sufficiently rebutted it. The Court emphasizes that this determination that Ms. Albert's fee is reasonable does not absolve the District from the requirement to qualify her as an expert and satisfy the *Daubert* framework at later.

Third, plaintiffs argue that because Ms. Albert is charging a flat fee for her work, this flat fee should include time spent in depositions and preparing for depositions. Under Federal Rule of Civil Procedure 26(a)(2)(B)(vi), an expert's report must contain "a statement of the compensation to be paid for the study and testimony in the case." Ms. Albert states in her report: "My compensation for this project is a lump sum agreement of $5000.00." ([251-1] at 2.) She does not mention a $175 per hour rate. Ms. Albert then billed plaintiffs $175 per hour for time spent in the deposition and preparing for the deposition. On its face, this billing scheme appears to be inconsistent. The District attempts to explain this inconsistency by saying that to "facilitate [an

6

expert's] payment," the District creates a purchase order that estimates the amount of time the expert will spend on the project and "comes up with a 'flat fee' arrangement." ([225] at 5.) "Establishing a flat fee is an administrative convenience [so that] the District and the expert do not have to establish a new purchase order for each month of expected activity." (*Id.*) But the District also states that this flat fee "does not eliminate the need for the expert to bill by the hour for her activities." (*Id.*) At best, the District maintains a confusing system; at worst, District attorneys are improperly manipulating purchase orders, which the Court cannot condone. The Court will give the District the benefit of the doubt and allow it to explain the rationale behind the flat fee and the hourly fee, other than to manipulate the system. Further, the Court will require further briefing by the District on how this flat fee and hourly fee interact. The Court is particularly interested in what happens to the money that plaintiffs pay Ms. Albert: Would a $1,750 payment reduce the District's $5,000 obligation to Ms. Albert by $1,750, so that the District must only pay Ms. Albert $3,250? Does the $5,000 represent only the District's obligation to Ms. Albert, so that plaintiffs' payment of $1,750 would mean that Ms. Albert gets compensated $6,750? Has the District already paid Ms. Albert $5,000, or is it giving her money in increments of $175 for each hour she bills? If Ms. Albert bills for less than 28.5 hours of work ($5,000 ÷ $175/hour = 28.5 hours), does the District get its money back? Likewise, if Ms. Albert bills for more than 28.5 hours of work, does the District owe Ms. Albert money? In sum, the Court would appreciate further briefing on Ms. Albert's fee arrangement.

Fourth, plaintiffs argue that because "at the time of the deposition the District was taking the position that deposition prep time was not compensable," it would be a "windfall" to the District and to Ms. Albert to pay Ms. Albert for deposition preparation time. ([251] at 12–13.) The Court disagrees. It is true that the District took that position, but the Court ruled against the

7

District [195]. The District is just as entitled as plaintiffs to the benefit of a ruling. Plaintiffs can't have it both ways—either both experts get compensated for deposition preparation time or neither does. Because the Court found that both experts get compensated for deposition preparation time, the District is not receiving any windfall.

Accordingly, it is hereby

ORDERED that defendant's Motion to Compel Payment of Expert Karen Albert's Preparation Time is GRANTED IN PART AND RESERVED FOR JUDGMENT IN PART. Specifically, it is

ORDERED that the motion is GRANTED insofar as Ms. Albert's fee of $175 is a reasonable hourly fee; and it is furthermore

ORDERED that the motion is RESERVED FOR JUDGMENT insofar as the Court will require further briefing on why Ms. Albert is demanding an hourly fee, when she has a flat fee in place; and it is furthermore

ORDERED that the District shall file a brief on this issue within 7 days of this Order, plaintiffs shall file any response within 7 days of the District's brief, and the District shall file any reply within 3 days of the plaintiffs' opposition.

### III. Simon Banks's Applicant 2nd Motion to Intervene and to Modify Protective Order [249]

Upon consideration of Simon Banks's Applicant 2nd Motion to Intervene and to Modify Protective Order [249], Mr. Banks's numerous memoranda in support of his motion, the opposition to the motion [262], the lack of reply, applicable law, and the entire record in this case, the Court will deny the motion.

In December 2007, Mr. Banks first moved to intervene for purposes of "lifting and modifying the Protective Order" in this case and to obtain discovery material generated in this

case [43]. In January 2008, the Court denied that motion [48]. He has now renewed his motion to intervene and moved for the Court to reconsider its denial of his previous motion to intervene [249].

First, Mr. Banks cannot intervene as of right. An applicant may intervene as of right under Federal Rule of Civil Procedure 24(a)(2) if he meets four prerequisites: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008). Assuming that Mr. Banks can meet the first three prerequisites, he cannot meet the fourth, because the named plaintiffs can adequately represent the interest of the entire class—including Mr. Banks. The District has stated that Mr. Banks is a *de facto* member of the *Barnes* class [44]. When the Court certified the class in this case [33], it necessarily found that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Mr. Banks has not met his burden of showing that, contrary to this finding, the named plaintiffs cannot represent his interests.

Second, the Court will not allow permissive intervention for Mr. Banks. An applicant may intervene permissively if he: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Court finds that permitting Mr. Banks to intervene would unduly delay the adjudication of the original parties' rights. Mr. Banks is requesting essentially all of the discovery in this case. Presumably, once he receives this discovery, he will want to file dispositive motions

9

in this case. He has already shown such willingness by filing a motion for declaratory judgment [269], and he has shown willingness to delay the proceedings by filing a motion to stay pending the adjudication of his motions [268]. If the Court were to grant Mr. Banks's motion to intervene, the District would have to produce "tens of thousands of pages of discovery" to Mr. Banks, ([262] at 5–6,) which would substantially delay the proceedings and create unnecessary costs. Further, allowing Mr. Banks to file motions would be duplicative and would substantially delay the adjudication of this case.

Third, the Court will not reconsider its previous order. Mr. Banks has established no proper grounds for reconsideration under Federal Rule of Civil Procedure 60. Accordingly, it is hereby

ORDERED that Simon Banks's Applicant 2nd Motion to Intervene and to Modify Protective Order is DENIED.

### IV. Defendant's Motion to Preclude Further Motions by Applicant Banks Absent Prior Leave of Court [263]

Upon consideration of defendant's Motion to Preclude Further Motions by Applicant Banks Absent Prior Leave of Court [263], the opposition thereto [267], the reply [273], applicable law, and the entire record in this case, the Court will grant the motion.

Since defendant filed this motion several weeks ago, Mr. Banks has made no less than twenty filings in this case. These include a motion for declaratory judgment [269], a motion to stay [268], and numerous supplemental memoranda that contain irrelevant exhibits. "[T]he court has an obligation to protect the orderly and expeditious administration of justice." *In re Powell*, 851 F.2d 427, 430 (D.C. Cir. 1988). Requiring the parties to this case to respond to these filings further would unnecessarily waste both their time and the Court's time, and would thus impede the expeditious administration of justice. Further, because the Court has found that Mr. Banks

10

may not intervene in this case, he is not entitled to file any motions or exhibits anyway. Accordingly, it is hereby

ORDERED that defendant's Motion to Preclude Further Motions by Applicant Banks Absent Prior Leave of Court is GRANTED; and it is furthermore

ORDERED that until further notice, Mr. Banks is prohibited from making any further filings in this matter without first obtaining leave of the Court to do so.

V. **Simon Banks, Applicant's Motion to Stay Decision(s) on All Dispositive Motions Until After the Court Issues Decision upon Applicant's Application for Intervention and Motion for Declaratory Judgment [268]**

As stated above, Mr. Banks is prohibited from making any further filings in this matter without first obtaining leave of the Court to do so. In light of that ruling, the Court will construe this motion as a motion for leave to file his Motion to Stay Decision(s) on All Dispositive Motions Until After the Court Issues Decision upon Applicant's Application for Intervention and Motion for Declaratory Judgment [268]. Upon consideration of the motion and the entire record in this case, it is hereby

ORDERED that Mr. Banks's motion for leave to file his Motion to Stay Decision(s) on All Dispositive Motions Until After the Court Issues Decision upon Applicant's Application for Intervention and Motion for Declaratory Judgment [268] is DENIED.

VI. **Simon Banks, Applicant's Motion for Declaratory Relief Pursuant to Rule 57 and 28 U.S.C. § 2201 [269] and Supplement to Motion for Declaratory Relief [272]**

As stated above, Mr. Banks is prohibited from making any further filings in this matter without first obtaining leave of the Court to do so. In light of that ruling, the Court will construe this motion as a motion for leave to file his Motion for Declaratory Relief Pursuant to Rule 57 and 28 U.S.C. § 2201 [269] and his Supplement to Motion for Declaratory Relief [272]. Upon consideration of the motion and the entire record in this case, it is hereby

ORDERED that Mr. Banks's motion for leave to file his Motion for Declaratory Relief Pursuant to Rule 57 and 28 U.S.C. § 2201 [269] and his Supplement to Motion for Declaratory Relief [272] is DENIED.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on May 6, 2011.