UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CARL A. BARNES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-315 (RCL) |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is plaintiffs' Motion [341] to Compel responses to interrogatories propounded in February 2012. Upon consideration of the Motion [341], the Opposition [347], the Reply [348], the entire record herein and the applicable law, plaintiffs' Motion will be GRANTED in part and DENIED in part. For the reasons below, defendant has fifteen (15) days from the date of this Order to answer plaintiffs' interrogatory by summarizing the expected testimony of the witnesses identified in defendant's initial response. Plaintiffs' Motion to Compel defendant to identify each document that defendant intends to introduce during the liability phase of the trial is DENIED.

**I.  BACKGROUND**

If this case were a child it would be preparing to enter the first grade.[1] The parties took their most recent baby step on their six-year crawl to trial on February 10, 2012, when plaintiffs propounded "liability interrogatories and document production requests." Mot. Compel [341] 1, Apr. 16, 2012. The two interrogatories that provide the genesis of the present Motion asked the

---

[1] The Court assumes familiarity with its prior opinions, which detail the background of this more than six-year-old class-action litigation. *See, e.g., Barnes v. District of Columbia*, 793 F. Supp. 2d 260 (D.D.C. 2011).

defendant to "identify its witnesses and to summarize the testimony the District expected them to present at trial by stating each fact that each witness would testify to," and to "identify each document it intends to introduce in the liability phase of the trial." *Id.* 1–2.  Defendant made "a general objection to the whole interrogatory but defendant did not make any specific objections on [sic] with respect to the individuals listed in their response."[2]  *Id.*  Defendant then "listed several [ten] witnesses"— Jeanette Myrick, Thomas Hoey, Joseph Pettiford, Fred Thompson, Steve Fezuk, Reena Chakraborty, Orlando Harper, Karen Albert, Sean Day, and Brian Kriegler—"and stated the topic each witness would testify to in general terms. . . ." *Id.* 3–5.

Unsatisfied, plaintiffs and defendant had several discussions regarding this response.  *Id.*  According to plaintiffs, the District of Columbia was unable to answer the interrogatory in a satisfactory manner because the defendant "had not prepped . . . [their witnesses] and so did not know what they would say at trial."  *Id.*  The defendant argued that stating the topic to which each witness would testify was sufficient under Federal Rule of Civil Procedure 33.  *Id.* 6.  Defendant also argued that even if it had prepared its witnesses, it would still be unable to predict the future with the specificity asked for by plaintiffs' interrogatory.  Opp. [347] 4, May 1, 2012.  Plaintiffs take issue with the District's position and now ask the Court to compel defendant to provide "complete responses to 'plaintiffs' 2-10-12 liability interrogatories and document production requests to defendant.'"  Mot. Compel [341] 1.

---

[2] Plaintiffs neither attached to their Motion nor submitted to the Court at any time thereafter copies of their interrogatories and defendant's responses.  The Court's understanding of the interrogatories and responses comes from language pasted into plaintiffs' Motion, language to which defendant did not object.  Both parties are directed to attach original copies of supporting documents when submitting any future pleadings.

## II.  LAW AND ANALYSIS

### A.  Interrogatories Under the Federal Rules.

The primary purpose of discovery is to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1946)).  Interrogatories are part of the discovery process and help litigants prepare for trial by narrowing issues and determining what evidence they will need at trial.  8B CHARLES ALAN WRIGHT, ET. AL., FED. PRAC. & PROC. § 2162 (3d Ed. 2012).  Federal Rule of Civil Procedure 33 allows a party to propound interrogatories "relat[ing] to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(2).  Rule 26(b) allows for discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."

Interrogatories must be answered "fully" with "true, explicit, responsive, complete and candid" answers.  *Equal Rights Ctr. v. Post Properties, Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007).  "The party objecting to . . . discovery bears the burden of 'show[ing] why discovery should not be permitted,'" *Alexander v. F.B.I.*, 193 F.R.D. 1, 3 (D.D.C. 2000) (internal citations omitted), while the party seeking to compel discovery has the burden of proving that a discovery response is inadequate, *Equal Rights Ctr.*, 246 F.R.D. at 32.  Evasive or incomplete answers to interrogatories are to be treated as a failure to respond.  Fed. R. Civ. P. 37(a)(4).

If a party fails to respond, then the parties have a duty to confer in good faith to resolve their dispute before bringing the matter before the Court.  Fed. R. Civ. P. 37(a)(1).  Only after the parties have come to an impasse can the propounding party move the court for a motion to compel.  *Id.*  Unless the opposing party's objection was "substantially justified" or circumstances

make an award of expenses unjust, the court is directed to award attorney's fees to the moving party when granting a motion to compel. Fed. R. Civ. P. 37(a)(5).

A motion to compel should (1) provide enough facts for the Court to understand the dispute and (2) "provide a concise legal analysis explaining why as a matter of law a party is entitled to the discovery that party seeks." *Breslin v. Dickinson Tp.*, No. 09-cv-1396, 2011 WL 3292924, at*5 (M.D. Pa. Aug. 1, 2011). Additionally, this Court's local rules demand that "[e]ach motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion . . . ." LCvR 7(a). The Court does have discretion to waive local rule 7(a) when the other party is not prejudiced. *Contech Const. Prods., Inc. v. Heierli*, 764 F. Supp. 2d 96, 106 (D.D.C. 2011) (citing *Mazloum v. D.C. Metro. Police Dep't*, 576 F. Supp. 2d 25, 41 n. 11 (D.D.C. 2008)); *see also Interim Services, Inc. v. Interim, Inc.*, 6 Fed. Appx. 12, 13 (D.C. Cir. 2001) (per curiam) (unpublished) (affirming the District Court's discretion to interpret the local rules). Waiving or setting aside the local rules should be done only in those rare circumstances where enforcing a rule would be prejudicial to both parties, delay resolution of the litigation, and would have no substantive effect on the Court's ruling.

> **B.**   **Analysis of Plaintiffs' Motion to Compel and Defendant's Opposition.**

Plaintiffs' first interrogatory asked defendant to identify its witnesses and to summarize their testimony by "stating each fact that each witness would testify to." Mot. Compel [341] 1–2. Defendant named ten witnesses, and then described the subjects of their testimony. *Id.* 3–5. Now, plaintiffs ask the Court to compel defendant to produce "narrative responses." Prop. Order [341-1] 1. Plaintiffs' Motion did provide enough information for the Court to understand the dispute, but it lacked a "statement of specific points of law and authority," LCvR 7(a), and failed to provide any legal analysis, *Breslin v. Dickinson Tp.*, 2011 WL 3292924, at*5. Plaintiffs did

cite two previous orders of this Court in this case, but then they did no more than point to those two orders and, in effect, say, "See! The Court has ordered us to give narrative responses before, so it should order defendant to do so, too!" Mot. Compel [341] 6–7. While plaintiffs contend that the "quality not quantity [of case law] is the gold standard," they provided neither. Reply [348] 5, May 7, 2012. The Court has seen better legal analysis from *pro se* plaintiffs with no legal education. Plaintiffs' Motion is unbecoming of a first-year law student, let alone a seasoned attorney.

However, the instant case presents a situation where the local rule should be waived. At this point, dismissing or denying plaintiffs' Motion would not further the "just, speedy and inexpensive determination" of this case. Fed. R. Civ. P. 1.[3] The Fifth Circuit poignantly underlined the problem of delay: "[D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990).

This case has dragged on for years and dismissing plaintiffs' Motion would only serve to lengthen the litigation process. Having already considered the issue and determined that plaintiffs can succeed on their Motion, at least partially, delaying this ruling until after plaintiffs file a corrected motion would simply create more expense for both litigants and waste judicial resources. Therefore, the Court will accept plaintiffs' deficient pleading, but reminds both parties that the Court will not tolerate future pleadings that skirt or ignore the local rules.

---

[3] Local Rule 1.1(a) directs that they be "construed in harmony" with the Federal Rules of Civil Procedure. LCvR 1.1(a).

Turning to the substance of the dispute, defendant argues that it cannot provide a complete answer based on plaintiffs' interrogatory because defendant has not prepared its witnesses and does not know what they are going to say, and because a complete answer is impossible. Mot. Compel [341] 5; Opp. [347] 4. Defendant also believes that a topic summary of each witness's likely testimony is sufficient. Opp. [347] 2. In support of its position, defendant points to several cases from our sister courts where contention interrogatories asking for exhaustive factual responses were denied. Opp. [347] 3–4 (citing *Shoemake v. McCormick, Summers & Talarico II, LLC*, No. 10-cv-2514-RDR, 2011 WL 5553652, at *7 (D. Kan. Nov. 15, 2011); *Bashkin v. San Diego County*, 08-cv-1450-WQH(WVG), 2011 WL 109229, at *2 (S.D. Cal. Jan. 13, 2011); *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009); *Gregg v. Local 305 Ibew*, 08-cv-160, 2009 WL 1325103, at *6 (N.D. Ind. May 13, 2009); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007); *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kan. 1998); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997)). Defendant also suggests that Rule 30(b)(6) depositions are the appropriate vehicle for discovering the information plaintiffs' seek. Opp. [347] 4.

The "function of interrogatories under Fed.R.Civ.P. 33 is broadly the same as any other discovery method," *Babcock Swine, Inc. v. Shelbco, Inc.*, 126 F.R.D. 43, 45 (S.D. Ohio 1989) (citation omitted), and each litigant has the right to select his or her weapon of choice in discovery, whether it is a deposition or an interrogatory, s*ee* FED. PRAC. & PROC. § 2163. Interrogatories are useful for "obtain[ing] information needed in order to make use of the other discovery procedures." FED. PRAC. & PROC. § 2163. While plaintiffs may not be able to obtain all the information they desire without the use of depositions, they may have other strategic interests in mind.

Additionally, this Court does not prohibit contention interrogatories that ask a party to state "all the facts upon which it bases a contention." *See, e.g., Barnes v. District of Columbia*, 270 F.R.D. 21, 24 (D.D.C. 2010) (quoting *Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995)). Here, the plaintiffs' interrogatory asks for "each fact that each witness would testify to." Mot. Compel [341] 2. The Court agrees with Defendant to an extent: this is a step too far. Providing a complete answer to this interrogatory would be impossible. However, defendant's other objection—that they could not answer such a question because they have not prepared their witnesses—is nonsensical. Opp. [347] 4. Defendant provided the names of their witnesses to plaintiffs presumably because the defense intends to call these witnesses at trial. Defendant must have some understanding of their own witnesses' testimony. Otherwise, naming them as witnesses would be both foolish and illogical.

In order to avoid needless delay and to bring this case closer to trial, defendant is ordered to provide a summary of the likely testimony of each of the ten witnesses it named in its response to plaintiffs' interrogatory: Jeanette Myrick, Thomas Hoey, Joseph Pettiford, Fred Thompson, Steve Fezuk, Reena Chakraborty, Orlando Harper, Karen Albert, Sean Day, and Brian Kriegler. Mot. Compel [341] 3–5. But, defendant will not have to pay plaintiffs' attorney's fees because awarding such fees would be unjust given the circumstances. Fed. R. Civ. P. 37(a)(5).

Plaintiffs' second interrogatory requests that defendant identify every document the District will use during the liability phase of the trial. Mot. Compel [341] 1–2. However, other than describing this interrogatory in the opening section of their motion, plaintiffs neither requested these documents in their proposed order nor argued that they are entitled to the documents in their Motion. *Id.*; Prop. Order [341-1] 1. They merely pray that this Court order defendant to provide "complete responses" to their interrogatory requests. *Id.* While the Court

7

is being lenient in allowing plaintiffs' pleading, the Court cannot grant what plaintiffs' have neither argued for nor requested.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that plaintiffs' Motion to Compel [341] is GRANTED in part and DENIED in part. Defendant must provide plaintiffs, within 15 days of this Order, a narrative response with a summary of the expected testimony of witnesses Jeanette Myrick, Thomas Hoey, Joseph Pettiford, Fred Thompson, Steve Fezuk, Reena Chakraborty, Orlando Harper, Karen Albert, Sean Day, and Brian Kriegler. However, defendant does not have to identify each document defendant intends to introduce during the liability phase of trial.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on June 12, 2012.