# Defendant's Exhibit No. 2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CARL A. BARNES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case Number: 06-315 (RCL) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT DISTRICT OF COLUMBIA'S SECOND RESPONSE TO PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant District of Columbia ("the District"), by and through counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the rules of this Court, submits the following objections and responses to Plaintiffs' Fourth Request for Production of Documents.

### General Objections

The District's General Objections set forth herein, are to be considered continuing objections and/or assertions of privilege and responses to each and every specific Document Request that follows.  That some of these General Objections are not restated in response to particular document requests does not waive the assertion and application of the General Objections.  The District's objections and responses given herein shall not prejudice any objection and/or assertion of privilege they may later assert in any context.  Moreover, the District responds to the instant discovery subject to the accompanying objections, without waiving and expressly preserving all ojections.

1. The District objects to the instructions propounded by Plaintiffs to the extent that they seek or purport to impose obligations in excess of those required by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Columbia. Included in the instructions objected to are Plaintiffs' definitions, which purport to assign to words and phrases meanings other than those generally understood or used in common parlance.

2. The District objects to this discovery to the extent that it inquires into matters privileged from disclosure pursuant to the attorney-client privilege, executive privilege, deliberative process privilege, legislative privilege, informant's privilege, law enforcement privilege, prosecutorial privilege, spousal privilege, Privacy Act, District of Columbia Municipal Regulations, D.C. Office of Personnel rules and/or regulations, the work-product doctrine, and/or any other applicable privilege or similar protection. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

3. The District objects to this discovery to the extent that it seeks disclosure of confidental material or information in the absence of a protective order.

4. In responding to these document requests, the District does not waive, but retains and preserves any and all objections to the materiality, and/or relevance of the information provided.

5. In responding to this discovery, the District does not concede or admit any premise, proposition, or characterizations contained in any document request or any pleading in this or any other matter.

6. In seeking the disclosure Plaintiffs seek hereby, Plaintiffs are understood to waive any and all privileges, protections or claims regarding or relating to the subject of the disclosure.

7. The District objects to this discovery insofar as it is overbroad, unduly burdensome or vexatious on grounds, including, but not limited to, seeking materials without limitation as to time period or over a period of time so lengthy as to seek information immaterial, irrelevant to, or otherwise inadmissible in this litigation.

8. The District understands that Plaintiffs' document requests are not intended to seek communications or documents that are protected by the attorney-client privilege or protected by the work product doctrine and object to Plaintiffs' document requests insofar as they could be read to seek such protected information.

9. The District objects to these document requests to the extent they are vague, ambiguous, irrelevant, and overly broad.

10. This response to these document requests is accurate to the best of the District's knowledge as of this date. The District's investigation, however, is continuing, and the District may obtain additional information relevant to the subject matter of this action through discovery and futher review of documents. The District will produce additional responsive documents, if necessary, and reserves the right to rely on subsequently discovered information.

11. The District reserve the right to object to the use of its response to these document requests in any proceedings other than the above-captioned case.

12. The District objects to these document requests to the extent that they seek copies of electronic mail ("e-mail") on the grounds that compilation and disclosure of such documents would be oppressive, unduly burdensome and exessively expensive. Plaintiff provides no reasonable parameters as to the dates of the search or on the senders, recipients, or search terms.

Nor have Plaintiffs indicated any willingness to defray the expense of compiling responsive email.

13. The District objects to these document requests as unduly burdensome and redundant insofar as they seek the production of materials received in discovery, whether formal, informal or through mediation, from any party herein, served upon or filed by any party or counsel to any party to these matters, or available from the Court in which these matter are pending.

14. Each and every response herein is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response.  The explicit reference to a General Objection or the making of a specific objection in response to a particular discovery repsonse is not intended to constitute a waiver of General Objections that are not specifically referred to in that response.

## Defendant's Objections and Responses

1. All versions of the <u>JACCS Data Dictionary</u> that are (or were) in use from September 1, 2005 to Present Day including a listing of every field in the JACCS system that has been in use since 9/1/05 to the present, the screen name of the field, and the technical name of the field.

**Response:  Subject to and without waiving the general objections, the District responds that Plaintiffs are already in possession of the JACCS data dictionary.  In fact, Plaintiffs' counsel used the data dictionary in the February deposition of Lee Gazley.  The District declines to produce the document a second time.  Accordingly, Plaintiffs' motion to compel is moot.**

2. A <u>JACCS Data Production</u>, to include data from following tables (using the table names in column A of the attached JACCS Data Dictionary) for all inmates released on or after September 1, 2005:
    - o BOND_MASTER
    - o BOOKING

4

- o CHARGES
- o COUNT_HISTORY_DETAIL
- o COUNT_HISTORY_GENERAL
- o COUNT_LOCATION
- o CURR_LOC_SNAPSHOT
- o CURRENT_LOCATION
- o DETAINERS
- o HA
- o HATMP
- o IHHIST
- o LOCATION_HIST
- o MOVEIT
- o MOVEMENT_HISTORY
- o MOVEMENT_QUEUE
- o OSF
- o SOCIAL
- o TRHIST
- o Any additional tables that are needed to determine the exact location of a given inmate at any point in time on or after September 1, 2005
- o Any additional tables that include fields populated at R&D Control and/or R&D Processing, MHU, Superior Court and all of the half-way houses from whom in-custody defendants were released from 9/1/05 to present (and as supplemented to the termination of the case).

**Response: The District objects to this request as it is unrelated to liability; discovery regarding damages is stayed per order of the Court. In the Plaintiffs' Opposition to the District's Motion for Protective Order [filed under seal at Docket No. 89], Plaintiffs acknowledge that "JACCS data cannot be relied upon to identify overdetentions."** *See* **Opp. at 7. Further, Plaintiffs also acknowledge that they have already done a sample of the years following the first year of the class period, which can be utilized to assess the accuracy of JACCS data as well as to potentially extrapolate the number of over-detentions, a fact that the District contends relates to the size of the class,** *i.e.***, damages.[1]** *See id.* **at 5. Consequently, data for the period from 2005 until the present, as requested here, is duplicative and further, will not assist Plaintiffs in their attempts to establish**

---

[1] The District does not accept Plaintiffs' analysis regarding the number of over-detained individuals in the sample as accurate.

5

liability.  Subject to and without waiving the general and specific objections, the requested document is produced.  Accordingly, Plaintiffs' motion to compel is moot.

    3.    <u>Code tables</u> for all categorical (i.e., pull-down menu) fields within one or more tables listed in (2) which were in use from 9/1/05 to present.

**<u>Response</u>:  Subject to and without waiving the general objections, the District responds that Plaintiffs are already in possession of the code tables, as they were provided in informal discovery.  However, the District will produce (again) this document on disk and/or CD when it responds to the Plaintiffs' Seventh Document Request.  Accordingly, Plaintiffs' motion to compel is moot.**

    5.    All versions of a complete <u>JACCS Data Entry Responsibilities Matrix</u>, which identifies which division of the Department of Corrections is responsible for populating the fields on each screen.

**<u>Response</u>:  Subject to and without waiving the general objections, the District responds that Plaintiffs are already in possession of the JACCS data entry responsibilities matrix.  In fact, Plaintiffs' counsel used the matrix in the February deposition of Lee Gazley.  The District declines to produce the document a second time.  Accordingly, Plaintiffs' motion to compel is moot.**

                                     Respectfully submitted,

                                     PETER NICKLES
                                     Attorney General for the
                                     District of Columbia

                                     GEORGE C. VALENTINE
                                     Deputy Attorney General
                                     Civil Litigation Division

                                     ELLEN EFROS [250746]
                                     Chief, Equity I

                                     <u>/s/ Grace Graham                    </u>
                                     Grace Graham [472878]

Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC  20001
Telephone: (202) 442-9784
Facsimile:  (202) 741-8892
grace.graham@dc.

/s/ Andrew J. Saindon
ANDREW J. SAINDON [456987]
Assistant Attorney General
441 Fourth Street, NW
Sixth Floor South
Washington, DC  20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
andy.saindon@dc.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on March 8, 2010, the foregoing document -- **DEFENDANT DISTRICT OF COLUMBIA'S SECOND RESPONSE TO PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS** -- has been served via electronic mail (e-mail) on Plaintiffs' Counsel.

William Claiborne
Attorney at Law
717 D Street, NW
Suite 210
Washington, DC 20004
Phone 202/824-0700
law@claiborne.net

                                                   /s/ Grace Graham
                                                 Grace Graham