## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CARL A. BARNES,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 06-315 (RCL)** |
| | ) | |
| **THE DISTRICT OF COLUMBIA** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER
### (REGARDING CLASS NOTICE AND DECERTIFICATION OF SPECIAL DAMAGES CLASS)

## I.     BACKGROUND AND PROCEDURAL HISTORY

As more fully explained in this Court's earlier opinions, *see*, *e.g.*, *Barnes v. District of Columbia*, 793 F. Supp. 2d 260, 265 (D.D.C. 2011), this case involves overdetentions and strip searches at the District's jail facilities.  This is the second of two virtually identical class actions filed against the District involving overdetentions and strip searches at its jails.  The first one, *Bynum v. District of Columbia*, settled in January 2006 pursuant to an agreement designed to remedy the overdetention and strip search problems.  412 F. Supp. 2d 73 (D.D.C. 2006).  The settlement required the District to set aside $3 million from the $12 million settlement fund to build a new inmate processing center.  *Id*. at 83.

This Court was initially hopeful that the *Bynum* settlement would produce "significant policy changes in the operation of the Department of Corrections."  *Id*. at 85.  However, the overdetention and strip search problems continued unabated for well over a year, precipitating the filing of the instant lawsuit.  *Barnes*, 793 F. Supp. 2d at 267–68.  In February 2006, Carl

Barnes and several other named plaintiffs brought suit under 42 U.S.C. § 1983, alleging that the District was liable for overdetentions and strip searches that violated the Constitution. Pls.' Second Am. Compl. ¶¶ 43, 44, ECF No. 12. The Court later certified the case as a class action. *Barnes v. District of Columbia*, 242 F.R.D. 113, 120 (D.D.C. 2007). Specifically, the Court certified the case as a hybrid class action, with plaintiffs' claims for injunctive and declaratory relief certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure, and plaintiffs' claims for "monetary damages" certified under Rule 23(b)(3). *Id.* at 124. The Court defined both an "overdetention" and "strip search" class, *id.* at 120–21, and later ordered the case bifurcated into liability and damages phases. Order, Aug. 31, 2009, ECF No. 65.

After discovery on liability concluded, the parties filed cross-motions for summary judgment, and the Court ruled on those motions in June 2011. *Barnes*, 793 F. Supp. 2d at 273–91. The Court held, *inter alia*, that the District was liable for overdetentions that occurred at its jail facilities from September 1, 2005, up to and including December 31, 2006. *Id.* at 285. The Court determined that genuine issues of material fact precluded a finding of summary judgment for plaintiffs or for the District as to the District's liability for overdetentions that occurred from January 1, 2007, to February 25, 2008. *Id.* at 286. As to overdetentions that occurred from February 26, 2008, to the present, the Court found that the District was not liable as a matter of law. *Id.* However, as to any overdetentions caused by the DOC's enforcement of the "10 p.m. cut-off rule," the Court found the District liable during all parts of the class period. *Id.* at 283. As to the DOC's policy of strip searching inmates entitled to release, the Court found that such class members' Fourth Amendment rights were violated and that the District was liable. *Id.* at 291. Following the Court's issuance of this ruling, and upon the request of the parties, the Court stayed the case for sixty days and referred it to a magistrate judge for mediation. Order,

Aug. 9, 2011, ECF No. 311.  Settlement discussions, however, failed.[1]

Thereafter, the parties submitted proposals for proceeding, discussing how the liability and damages trials should go forward.  *Barnes v. District of Columbia*, 278 F.R.D. 14, 16 (D.D.C. 2011).  On December 7, 2011, the Court made several rulings pursuant to these proposals, including decertifying the plaintiffs' claims for special damages:

> As to "special" damages—such as damages for emotional distress, lost wages, or other types of compensatory damages other than general damages as defined above—the Court will decertify the class as to such individualized damages. While the Court previously certified plaintiffs' claims for "monetary damages" generally pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, *Barnes*, 242 F.R.D. at 120, plaintiffs' clarification at this stage of their intention to seek special damages on a classwide basis necessitates this Court's clarification that its class certification Order does not extend to such damages.  Because not all members of the strip search and overdetention classes will have been impacted in the same way, because of differences in those experiences as well as differences in class members' backgrounds and personal characteristics, questions affecting individual members of the class will necessarily predominate over any questions of law or fact common to the class.  See Fed.R.Civ.P. 23(b)(3).  Therefore certifying such damages under Rule 23(b)(3) is inappropriate.  Adjudication of claims for special damages must proceed on an individual basis.

*Id*. at 22.  The Court officially "ORDERED that plaintiffs' claims for special damages are decertified and must proceed on an individual basis."  *Id*. at 23.  Almost a year after this Court ordered the plaintiffs' special damages class decertified, the plaintiffs filed a Motion for Stay of the Decertification Order, to Defer Class Notice, and For Order that Defendant Bear the Cost of Notice When it is Approved, Dec. 4, 2012, ECF No. 400.  The plaintiffs request that the stay of the decertification be made retroactive, *nunc pro tunc*, to December 7, 2011.  *Id*. at 1.  The District filed an opposition, agreeing to pay for notice, delay notice, and stay decertification; but strenuously opposing a *nunc pro tunc* stay of the decertification order.  Def.'s Mem. & P.&A. in Partial Opp'n to Pls.' Mot. ("Def.'s Partial Opp'n"), Dec. 12, 2012, ECF No. 405.  Upon

---

[1] The Court has adopted the previous three paragraphs of background information from its opinion in *Barnes v. District of Columbia*, 278 F.R.D. 14, 16–17 (D.D.C. 2011).

consideration of the plaintiffs' motion, the defendant's partial opposition, and the plaintiffs' reply thereto, Pls.' Reply, Dec. 28, 2012, ECF No. 406, the Court grants in part the plaintiffs' motion. The Court will stay decertification of the special damages class *nunc pro tunc* to December 4, 2012—the date the plaintiffs first asked for a stay. The Court will order the defendant to bear the cost of such notice, and order that such notice be provided—at the District's option—within thirty days after the Court's Order resolving the liability trial, or within thirty days after the Court's Order resolving all remaining class matters.

## II.    DISCUSSION

This is a difficult decision. On one hand, the Court believes if plaintiffs had asked for a stay a year ago, the Court would have agreed. On the other hand, the plaintiffs provide no reason why this request comes a year after the decertification order. Approaching this issue, the Court considers its authority to issue stays *nunc pro tunc*, whether doing so would unduly prejudice the District or would "reward" the plaintiffs' lawyers for their lack of diligence, the interests of the individual plaintiffs, and the Court's interest in having the *Barnes* class action proceed in an orderly manner. After carefully considering these factors, the Court finds that a stay is appropriate, and that the Court should enter it *nunc pro tunc* on December 4, 2012, the date plaintiffs first requested a stay—not December 7, 2011, the date requested by plaintiffs.

First, this Court believes it has the discretion to stay its special damages decertification order, pending resolution of the remaining class claims. The Court may have deferred decertification of the special damages class—or notice thereof—until after the trial on liability as an exercise of its broad power to manage class actions in an orderly and efficient manner. *See, e.g.*, *In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 141 (2d Cir. 2001) ("There are a number of management tools available to a district court to address any

individualized damages issues that might arise in a class action, including…(3) decertifying the class after the liability trial and providing notice to class members concerning how they may proceed to prove damages….We emphasize that the issue of manageability of a proposed class action is always a matter of justifiable and serious concern for the trial court and peculiarly within its discretion.") (internal quotation marks omitted).

*Puffer v. Allstate Ins. Co.*, 614 F. Supp. 3d 905 (N.D. Ill. 2009) suggests that it may be inappropriate for a court to stay the effect of its decertification order on the resumption of the statute of limitations.  As discussed later, the Court agrees it should not issue a broad order retroactively tolling the statute of limitations for a wide class.  However, *Puffer* does not prevent the Court from entering a stay of its decertification order to protect the orderly resolution of the remaining class issues.  In *Puffer*, the court never certified a class at all, denying class certification outright.  614 F. Supp. 3d 907.  Therefore, there was no reason to stay the denial of certification, other than to give individual plaintiffs the benefit of a longer statute of limitations.

In this case, it makes sense to stay the decertification of the special damages class at least until a jury has decided the District's liability for overdetentions.  It is a waste of judicial resources to have plaintiffs individually argue that the District was liable for their overdetentions, when a jury may resolve that issue class-wide in a few months.[2]  While special damages claims are not amenable to class-wide resolution, each special damages claim will likely incorporate a legal determination—whether the District was liable for overdetentions that occurred at DOC facilities—that is amenable to class-wide resolution.  The District agrees that a stay of decertification is appropriate, but argues that it should not be retroactive.  *See* Def.'s Partial Opp'n (District "opposes plaintiffs' request to stay, *nunc pro tunc*, the effect of [the

---

[2]   If there is no stay of decertification, and if notice of decertification is issued immediately, the individual plaintiffs may rush to court to preserve their claims before the class-wide proceedings have had a chance to conclude.

decertification] decision to the date it issued.   Any such stay should only be entered prospectively."); Def.'s Proposed Order, Dec. 12, 2012, ECF No. 405-1 (asking Court to "ORDER[], that the Court's decertification decision regarding the claims for special damages, as reflected in the Memorandum and Order (Trial Plan) of December 7, 2011 (Doc. No. 328), at 14, is hereby STAYED as of the date of this Order")  Exercising the Court's considerable discretion in managing a class action, it finds that staying the special damages class decertification is appropriate.  Later, the Court discusses whether such a stay should issue *nunc pro tunc*.

The Court will also order that notice be provided at the expense of the District.  The District has already agreed to pay for notice.  Def.'s Partial Opp'n 7 ("the District agrees that notice should be provided to the class members regarding the Court's decertification decision, and conceded that it should pay the costs of such notice in light of the liability already imposed").  The District has also agreed to delay such notice until after the Court determines final liability in this matter.  Def.'s Proposed Order 2 (asking Court to "ORDER[], that the parties shall meet and confer on the mechanics of the notice (the reasonable costs of which will be paid by the District), and present a joint proposed notice…no later than thirty (30) days after the date of the Court's Order determining final liability in this matter.").  Delaying notice until after the Court determines liability mitigates the risk that individual plaintiffs will file a flood of cases to preserve their rights.  It is unclear from the District's proposed order whether—in referring to "final liability in this matter"—the District refers to the upcoming liability trial alone, or the District's total "liability," including their financial "liability" for general damages.[3] The plaintiffs have argued that it would be more "economical" for the District to provide notice once, after all class matters have been resolved.  However, since the District is paying for notice,

---

[3]   The Court thinks, based on the District's statements at the last pretrial hearing, that the District wishes to send out notice after the liability trial, not after the general damages trial.  Out of an abundance of caution, and respect for the wishes of the District, the Court will ask the District to clarify what it means in its proposed order.

the Court will allow it to decide when to provide notice, and asks the District to clarify what it means by "final liability in this matter." Therefore, the Court will order that proposed notice be provided for this Court's approval—at the District's option—within thirty days after the Court's Order resolving the issues related to the upcoming liability trial, or within thirty days after the Court's Order resolving all remaining class matters.

The parties have generally agreed: (1) the Court should stay the decertification order; (2) that the District should pay for the cost of notice; and (3) notice should be delayed at least until after the trial on liability is resolved. The only remaining question is whether the Court should make its stay of the decertification order retroactive.

In the background is how the special damages class decertification, or a retroactive stay of that order, would affect the running of the statute of limitations for individual class members. "The filing of a class action tolls the statute of limitations for all members of the class[.]" *Culver v. City of Milwaukee*, 277 F.3d 908, 914 (7th Cir. 2002). The filing of the original Complaint tolled the statute of limitations for each class members' claims as of February 26, 2006. Compl., ECF No. 1. The parties disagree over whether the statute of limitations began to run again when the Court ordered the special damages class decertified. The District argues:

> "[D]ecertification has the same effect on the members of the class [as denying certification], so far as the running of the statute of limitations is concerned[.]" *Culver*, 277 F.3d at 915. Here, when the Court decertified plaintiffs' claims for special damages, on December 7, 2011, the statute of limitations on those claims resumed running.

Def.'s Partial Opp'n 3. The plaintiffs claim that the District mistakenly relies on cases that "all involved either outright denial of class certification at the outset…or complete decertification of the class," and argues that "because the class has been and remains certified and the class claims have not been completely resolved, the statute of limitations is not running." Pls.' Reply 3–4.

Despite their position on the statute of limitations, the plaintiffs still think a retroactive stay is necessary, arguing:

> [T]he correct interpretation is that, because there remains a certified class, the statute of limitations does not run until the class claims are resolved. Nonetheless, in order to avoid having to litigate this issue later, and to provide class members complete certainty, the Court should enter an order staying its partial decertification order, and should do so *nunc pro tunc*. If the Court agrees with Plaintiffs' analysis of the statute of limitations, it is still advisable to eliminate any potential confusion on the issue by entering a stay order.

*Id.* at 8. It is not clear whether the statute of limitations began running after the partial decertification order. There is no clear guidance from this Circuit on this issue. The Court feels it is unnecessary to determine this issue at this time.

Class counsel worries that individual plaintiffs will rush to file individual damages claims unless they can be assured that they will not encounter statute of limitations problems. The *notice* that the statute of limitations has begun to run typically creates the risk of a "rush." The parties have already agreed to delay notice until, at least, after the liability trial. Individual plaintiffs, largely unaware that their special damages claims have been decertified for over a year, have yet to flood the Court with individual claims. The Court does not see how making the stay retroactive to December 2011 promotes the manageability of the class action before it.

In effect, the plaintiffs ask the Court to either: (1) rule that the statute of limitations has not run on special damages claims, and issue a stay *nunc pro tunc* to protect that ruling; or (2) make a ruling applying equitable or retroactive tolling to all class members. It is not appropriate for this Court, through a retroactive stay of a decertification order, to "make a ruling that all…class member are entitled to equitable tolling of the statute of limitations." *Puffer*, 614 F. Supp. 2d at 908; *see also id.* at 917 (tolling analysis is "fact-specific" and issuing "blanket tolling order" is inappropriate); *Green v. Harbor Freight Tools USA, Inc.*, __ F. Supp. 2d. __, 2012 WL

6561261, *1 & n.6 (D. Kan. Dec. 14, 2012) (inappropriate to use broad tolling order because tolling should be addressed case-by-case if and when individual plaintiffs file suit); *Radanovich v. Combined Ins. Co. of Am.*, 271 F. Supp. 2d 1075, 1079 (N.D. Ill. 2003) (determinations of tolling must be made on case-by-case basis "if and when" individual files suit).  The Court sees no need to make such an across-the-board ruling on whether the statute of limitations has been running on special damages claims, or whether equitable tolling applies to individual claims. Such determinations would require premature resolution of questions for which there is no clear guidance from the Circuit.

Additionally, the Court feels that making the stay retroactive to December 2011 would be an inappropriate use of its power to enter orders *nunc pro tunc*.  As held by the D.C. Circuit, "A judgment entered *nunc pro tunc* is one given effect as of a date in the past.  The principle underlying entry of a judgment or an order *nunc pro tunc* is that of fairness to the parties, seeking to rectify any injustice suffered by them on account of *judicial* delay."  *Weil v. Markowitz*, 829 F.2d 166, 174–75 (D.C. Cir. 1987) (emphasis added).  The Circuit continued:

> As the Supreme Court has stated, a "*nunc pro tunc* order should be granted or refused, as justice may require, in view of the circumstances of the particular case."  *Mitchell v. Overman*, 103 U.S. (13 Otto) 62, 65 (1881).  Entry *nunc pro tunc* thus must have a proper factual basis.

*Id*.  There is no proper factual basis for an entry *nunc pro tunc* extending back to December 2011.  Justice does not require the retroactive application of the stay, when class counsel provides no reason whatsoever why they could not have asked for the stay sooner.  Class counsel has not made out a particularly strong case for "prejudice"—their case being that if the stay is not entered *nunc pro tunc*, each plaintiff may have to individually request equitable tolling, or argue that the statute of limitations did not start running again in December 2011.  This does not rise to the level of "prejudice," as several courts have found that such statute of limitations and

tolling decisions *should* be made on a case-by-case basis. *See, e.g., Puffer*, 614 F. Supp. 2d at 908; *Harbor Freight Tools*, 2012 WL 6561261, *1 & n.6; *Radanovich*, 271 F. Supp. 2d at 1079. The Court is not convinced that the District would suffer considerable prejudice if the Court made the stay retroactive, but this alone is not a reason to overlook class counsel's unexcused failure to ask for a stay earlier.

Courts typically issue orders *nunc pro tunc* when the Court seeks to "rectify any injustice suffered by [the parties] *on account of judicial delay*." *Markowitz*, 829 F.2d at 175 (emphasis added); *see also Mitchell*, 103 U.S. (13 Otto) at 64–65 (where delay has been caused either for a court's convenience, or by intricacy of the questions involved, or by any other cause not attributable to the laches of the parties, the judgment or the decree may be entered retrospectively: "[i]n such cases…it is the duty of the court to see that the parties shall not suffer by the delay"). Here, most of the delay is not attributable to the Court. When no party asked the Court to stay the partial decertification order, the Court can hardly be blamed for not doing so. The plaintiffs do not argue that they could not have asked for a stay sooner because of some procedural hurdle outside of their control. The Court is willing, in the interest of total fairness to individual class members, to issue its stay *nunc pro tunc* to December 4, 2012—the date the plaintiffs first asked for a stay. The Court finds no proper factual basis for making its stay retroactive to December 7, 2011—the date the Court decertified the special damages class.

## III. CONCLUSION AND ORDER

Upon consideration of the plaintiffs' Motion for Stay of Decertification Order, to Defer Class Notice, And for Order that Defendant Bear the Cost of Notice When it is Provided, Dec. 4, 2012, ECF No. 400, the defendant's Partial Opposition to Plaintiffs' Motion for Stay, Dec. 21, 2012, ECF No. 405, the plaintiffs' Reply thereto, Dec. 28, 2012, ECF No. 406, the record herein,

and for the reasons stated in this memorandum opinion and order, the Court hereby

ORDERS that plaintiffs' motion for *nunc pro tunc* order staying the damages decertification order [400] is GRANTED IN PART AND DENIED IN PART; the Court further

ORDERS that the Court's decertification decision regarding the claims for special damages, as reflected in the Memorandum and Order (Trial Plan) of December 7, 2011 (ECF No. 328) at 14, is hereby STAYED *nunc pro tunc* as of December 4, 2012; the Court further

ORDERS that plaintiffs' motion to defer class notice and for defendant to bear the cost of notice [400] is GRANTED IN PART AND DENIED IN PART; the Court further

ORDERS that the plaintiffs shall draft a proposed notice that satisfies the purposes of Fed. R. Civ. P. 23(d)(1) and submit it to the District for review and comment; the Court further

ORDERS that the parties shall meet and confer on the mechanics of distribution of notice (the reasonable costs of which will be paid by the District), and present a joint notice and method(s) of publication to the Court for its approval; the Court further

ORDERS that the District, at its option, may present such notice to the Court either:

- No later than thirty (30) days from the date of the Court's Order determining the District's liability for overdetentions for the period covering January 1, 2007, to February 25, 2008, with the District also undertaking the costs and burdens of sending separate notice, if necessary, after the subsequent trial on general damages and after any other remaining class issues are resolved; or

- No later than thirty (30) days from the date of the Court's Order resolving all class issues, including liability and general damages.

IT IS SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on February 19, 2013.