# CLASS ACTION SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Settlement Agreement" or "Agreement") is entered into by and among Dernard Hawkins, David Peterson, Toney James Malloy, Maurice Williams, Razina Jones, Tyree Speight and Myra Diggs (individually and on behalf of the classes defined herein (collectively "Plaintiffs")) and the District of Columbia, a municipal corporation ("Defendant" or "the District"). Plaintiffs and Defendant may be referred to, collectively, as "the Parties."

Carl A. Barnes was a named class representative, but is now deceased. Accordingly, he will be removed as a class representative in the Preliminary Approval Order. Tyree Speight and Myra Diggs – both of whom testified at the March 2013 trial – were not originally named as class representatives, but will be added as class representatives in the Preliminary Approval Order. Mr. Barnes' removal as a class representative shall be without prejudice.

## I. RECITALS

WHEREAS, Plaintiffs filed a civil action, *Barnes v. District of Columbia*, No. 06-cv-315 (D.D.C.) on February 23, 2006 (the "Lawsuit"); and

WHEREAS, Plaintiffs asserted they represented a class of persons who were subjected to strip searches ("strip searches") by the DOC after having become entitled to release, and a class of persons who were held by the DOC past their court ordered release dates ("overdetentions"); and

WHEREAS, Plaintiffs further alleged various violations of the U.S. Constitution, via 42 U.S.C. §1983; and

WHEREAS, the District Court certified two classes (defined below) on March 26, 2007; granted summary judgment on June 24, 2011, to Plaintiffs for a.) their Fifth Amendment claim for overdetentions at any time during the class period caused by the District's "10 p.m. cut-off ordinance;" b.) their Fifth Amendment claim for overdetentions not caused by the District's "10 p.m. cut-off ordinance" during the period September 1, 2005 to December 31, 2006; and c.) their Fourth Amendment claim for any qualifying strip search during all parts of the class period; and

WHEREAS, the District Court, on June 24, 2011, granted summary judgment to the District as to Plaintiffs' Fifth Amendment claim for overdetentions not caused by the District's "10 p.m. cut-off ordinance" during the period February 26, 2008 to the present; and

WHEREAS, after a jury trial in March 2013, the jury found the District not liable for overdetentions not caused by the District's "10 p.m. cut-off ordinance" during the period January 1, 2007 to February 25, 2008; and

WHEREAS, Defendant denies all liability to the defined classes and does not concede any infirmity in the defenses that it has asserted or intended to assert in these proceedings, and

WHEREAS, despite some of the foregoing rulings and decisions limiting the District's liabilities, the parties have agreed, for purposes of this settlement only, that both classes will extend from September 1, 2005 through July 31, 2013, and

WHEREAS, the Plaintiffs believe that the terms of this Settlement Agreement are fair, reasonable, and adequate; that this Settlement Agreement provides substantial benefits to the class members; and that the settlement of the action on the terms set forth in this Settlement Agreement is in the best interests of the class members; and

WHEREAS, the Parties to this Settlement Agreement believe that settlement is in the best interests of the parties and will avoid additional lengthy and costly litigation;

NOW, THEREFORE, in consideration of the mutual agreements herein contained and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties have agreed to compromise and settle all remaining claims and disputes related to this Lawsuit, subject to the terms and conditions below:

## II. <u>DEFINITIONS</u>

1.      "10 p.m. cut-off ordinance" means D.C. Official Code § 24-211.2(b)(6).

2.      "Administrator" means a class administrator to review and determine the validity and amount of claims submitted by a Settlement Class Member ("SCM") (as defined herein), according to the procedures set forth herein.

3.      The "Bar Date" is the date by which any SCM must file any objections to this Settlement Agreement or to the request for attorney's fees; or any request to be excluded from the class (opt-out). The Bar Date shall be calculated as the close of business on the 75th day after the last day of mailing Class Notice (the time frame for which mailing is up to two consecutive business days from beginning to end, as is addressed in ¶ 49).

4.      The "Claims Filing Date" is the date by which any SCM who wishes to receive payment pursuant to the Settlement Agreement must file his/her Proof of Claim and Release Form (attached as Exhibit B). The Claims Filing Date shall be calculated as the close of business on the 120th day after the last day of mailing Class Notice (the time frame for which mailing is up to two consecutive business days from beginning to end, as is addressed in ¶ 49).

5.       "Class Counsel" means William Claiborne, 2020 Pennsylvania Ave. NW, Suite 395, Washington DC 20000; Ralph Robinson, 8160 Skelton Circle, Falls Church, VA 22042; and  Barrett S. Litt, of Kaye, McLane, Bednarski & Litt, 234 Colorado Blvd., Ste 230, Pasadena, CA 91101.

6.      The "Class Notice" means the notice to the Class regarding settlement, to be sent to Class Members in a form substantially similar to that attached hereto as Exhibit C, and such

other summary notice to be published in accordance with the terms of this Settlement Agreement.

7.      The "Class Period" is September 1, 2005 to July 31, 2013;

8.      The Settlement Agreement "Database"(which shall include information from JACCS and the Release Discrepancy Database) is the information provided in electronic form by the Defendants to the Administrator and Class Counsel no later than fourteen (14) days from the date that the contract with the Administrator is finalized, as set out in ¶ 44, below. It shall include, to the extent available, the name, address at time of booking, date of birth, Social Security Number, telephone number, closest relationship contact information, and any other computerized data relevant to determining Class Membership or notifying Class Members, including the date(s), time(s), and location(s) of incarceration and release, during the class period defined in ¶ 7.

9.      "DOC" means the District of Columbia Department of Corrections.

10.      The "Effective Date" means the date upon which a judgment entered by the Court approving the Settlement Agreement becomes final.  If no objections to the Settlement Agreement have been filed, the Effective Date will be the date that the Court signs the final order approving the Settlement Agreement.  If one or more objections have been filed, the Effective Date will occur on the expiration of the time to appeal the Court's final order—provided no such appeal is, in fact, filed.  If one or more objections have been filed, and a Notice of Appeal of the Court's final order is filed, the Effective Date will be upon exhaustion of all appeals and petitions for writs of certiorari, the final resolution of which upholds the Settlement Agreement.

11.      An "Opt-Out" is any Class Member who files a timely request for exclusion pursuant to the terms of this Settlement Agreement, as specified in ¶ 3.

12.      The "Proof of Claim Form" means the Proof of Claim and Release Form required to be used to make a claim for payment under this settlement. The Proof of Claim form utilized will be materially similar to the copy of the proposed Proof of Claim and Release Form attached as Exhibit B.

13.      "The District" means the District of Columbia, together with past, present and future officials, employees, representatives, attorneys, and/or agents of the District.

14.       "Strip Search Class," as certified in the Court's Order of March 26, 2007, means those persons who, from September 1, 2005, up to July 31, 2013, were: (i) in the custody of the DOC; (ii) taken to court from a DOC facility; (iii) ordered released by the court or otherwise became entitled to release by virtue of the court appearance; (iv) were not the subject of any other pending cases or cases which imposed any condition of release other than personal recognizance; (v) were not the subject of any detainer or warrant; (vi) were returned from court to the DC Jail or CTF or other District facility, to be processed out of DOC custody; and (vii) were subject to a strip search and/or visual body cavity search without any individualized finding of reasonable suspicion or probable cause that he or she was concealing contraband or weapons; before being released, regardless of whether he or she was overdetained.

15.     "Overdetention Class," as certified in the Court's Order of March 26, 2007, means those persons who, from September 1, 2005, up to July 31, 2013, were (a) incarcerated in any DOC facility; and (b) who were not released by midnight on the date on which the person was entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired.

16.     A "Class Member" means any member of the classes as defined above.

17.     A "Settlement Class Member" or "SCM" means any member of the classes as defined above in the combined ¶¶ 14 and 15, including representatives, successors and assigns, who does not file a valid and timely request for exclusion as provided for in ¶ 3 of this Settlement Agreement.

18.     "Validity of the Claim" means a check of the inmate jacket to verify that the person qualifies as a class member, i.e., was either strip searched or over-detained during the class period, and, if over-detained, for how long.

## III. <u>DISCLAIMER OF LIABILITY</u>

19.     This Settlement Agreement is for settlement purposes only, and neither the fact of, nor any provision contained in, this Settlement Agreement or its exhibits, nor any action taken hereunder, shall constitute, be construed as, or be admissible in evidence as, any admission of the validity of any claim or any fact alleged by any Plaintiff or Class Member in either this action or in any other pending or future action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the District or admission by the District of any claim or allegation made in this action or in any other action. Defendant denies all allegations of wrongdoing and denies any liability to Plaintiffs or to any Class Member. The Parties have agreed that, in order to avoid long and costly litigation, this dispute should be settled pursuant to the terms of this Settlement Agreement, subject to the approval of the Court.

## IV. <u>TERMS AND EFFECT OF SETTLEMENT AGREEMENT</u>

20.     This Agreement is a contract binding upon the Parties. The Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing the terms of this Agreement. Plaintiffs' acceptance of this Agreement is reflected by Class Counsel's signature(s) upon this Agreement and is binding on the Class, subject to final approval by the Court.

21.     The Parties enter into this Agreement solely for the purposes of this settlement and implementation of the settlement. In the event that Final Approval of this Settlement Agreement is not obtained or the Settlement Agreement is deemed null and void for any reason, the Parties will revert to the positions they occupied prior to the execution of the Agreement, and nothing herein shall be deemed to waive any of the Parties' claims, arguments, objections, or defenses.

22.     The Parties agree to move the Court, in the Joint Motion for Preliminary Approval of Settlement, to vacate the Court's decertification of special damages (Dkt. No. 328; Dec. 7, 2011). Should the Court decline to vacate that decision, this Agreement is null and void.

23.     The Parties agree that all objections and requests to be heard will be submitted to the Court and counsel for the parties in writing and at least 30 days before the scheduled Fairness hearing.

24.     Upon execution of this Agreement by the Parties, the Parties will notify the Court of this Settlement. The Parties will move the Court for an order preliminarily approving the settlement and setting a fairness hearing. Prior to the fairness hearing, and as part of the Final Approval Order, the parties will move to dismiss the case with prejudice on the precondition that the settlement is finally approved, and enter a proposed consent order dismissing the case with prejudice. The proposed Final Approval Order will also provide that the Court shall retain jurisdiction to enforce the Settlement Agreement.

25.     A SCM who complies with the requirements set forth in this Settlement Agreement will be paid specified sums determined by the settlement distribution process set forth herein, which payment shall be in full satisfaction of all claims of that SCM.

26.     The Settlement Agreement, once finally approved and effective (see definition of effective date in ¶ 10), resolves in full all claims, agreements, actions, cases, causes of action, compromises, controversies, costs, damages, debts, demands, disputes, expenses, judgments, liabilities, payments, promises, claims for attorneys' fees, and suits of any nature whatsoever, whether or not known, against the District or its current and former agents, servants, officers, officials, and/or employees, in their individual and official capacities, by all of the SCMs, including the named Plaintiffs, their agents, heirs, and assigns, involving violations of law or constitutional rights, including, without limitation, their Fourth Amendment rights, their Fifth Amendment rights, or any other federal or District of Columbia law, regulation, duty, or obligation, or any other legal theory, action or cause of action, which are based upon or could be based upon or arise from the facts alleged in the Lawsuit, *i.e.*, claiming damages for overdetentions or strip searches occurring while in custody of the DOC that fit within the definition of the classes listed herein. When the Settlement Agreement is final, as of the Effective Date, all SCMs, including the named Plaintiffs, waive all rights to any and all claims relating to overdetentions or strip searches by the District that occurred during the Class Period under any theory or cause of action whatsoever under District of Columbia law and federal law. This waiver and release shall include a full release and waiver of unknown rights based on claims relating to overdetentions or strip searches by the District that occurred during the Class Period.  The Final Approval Order shall contain such a release and provide that it is binding on Class Members, even if they never received actual notice of the Lawsuit or this Agreement.

27.     It is the Parties' intent that, after the Effective Date, this Settlement Agreement bars any and all named plaintiffs and SCMs, and their privies, from bringing a subsequent suit or enforcement action in this court, or another, alleging the same or similar claims for relief as contained in the complaint or in any amended complaints in this Lawsuit, with respect to any strip search or overdetention by the District that occurred or may have occurred during the Class Period specified herein, based upon events occurring prior to the execution of the Settlement Agreement. Notwithstanding the foregoing, and for the avoidance of doubt, the preceding sentence shall not bar or limit any action to enforce the terms of this Agreement.

28.     The Parties waive and assume the risk of any and all claims that exist as of the date this Agreement is signed, which that Party does not know of or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, with respect to either facts or law, and which, if known, would materially affect his/her/its decision to enter into this Agreement.

29.     This Settlement Agreement, together with its exhibits, contains all the terms and conditions agreed upon by the Parties hereto regarding the subject matter of the instant proceeding, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Settlement Agreement shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein, except as expressly provided herein.

30.     The Parties agree that failure to comply with the provisions of this Agreement shall not be a basis for entry of contempt or sanctions against the District.

31.     This Settlement Agreement is subject to and conditioned on a Fairness Hearing conducted by the Court and the Final Approval of this Settlement Agreement and the issuance of the final order and judgment of dismissal by the Court, providing the specified relief as set forth below, which relief shall be pursuant to the terms and conditions of this Settlement Agreement and the Parties' performance of their continuing rights and obligations hereunder. The Order and Judgment shall be deemed final only on its "Effective Date" as defined in ¶ 10. Such final Order and Judgment shall:

    a.  Dismiss with prejudice all claims in the action as to the District including all claims for monetary damages, declaratory relief and injunctive relief, each side to bear their own costs and fees except as otherwise provided for in this Settlement Agreement;

    b.  Order that all SCMs are enjoined from asserting against the District, any and all claims that any SCM had, has or may have in the future arising out of the facts alleged in the Lawsuit;

    c.  Release the District from the claims that any SCM has, had or may have, against the District arising out of the facts alleged in the Lawsuit;

    d.  Determine that this Settlement Agreement is entered into in good faith, is reasonable, fair and adequate, and in the best interest of the Classes; and

    e.  Reserve the Court's jurisdiction over the Parties to this Settlement Agreement. Disagreements between the parties on any disputes or unresolved aspects of the final Order and Judgment shall be subject to mediation before the mediator used by the Parties in July 2013. If mediation is not successful, the matter shall be brought to the Court for resolution. In no event will any party be liable in contempt for any alleged or demonstrated violation of the final Order and Judgment, nor will any party be entitled to any attorney's fees for any additional proceedings (in addition to those set forth herein) for any reason.

32.     The Parties will take all necessary and appropriate steps to obtain preliminary and final approvals of the Settlement Agreement, and dismissal of the action with prejudice, all

parties bearing their own fees and costs unless otherwise set forth in this Settlement Agreement. If the Court gives final approval of this Settlement Agreement, and if there is an appeal from such decision, the District will not oppose Plaintiffs' efforts to defend the Settlement Agreement.

33.     The undersigned representatives of the Parties certify that they are fully authorized to enter into and to execute the terms and conditions of this Agreement and to make such Agreement fully and legally binding upon and enforceable against every Party on whose behalf they have executed this Agreement.

34.     The dates by which certain actions are to be taken will be established in the Preliminary Approval Order.

## V. RESOLUTION AND PAYMENT OF CLAIMS TO CLASS MEMBERS

35.     The parties will jointly move the Court, at the same time as moving for Preliminary Approval of the settlement, to vacate its December 7, 2011 class decertification order (regarding special damages) and to adopt, for purposes of the settlement only, the class definition based on the combined ¶¶ 14 and 15 above. That class definition includes both liability and all damages.

36.     The District will pay up to $2.9 million to SCMs as detailed below.

37.     All funds not distributed to SCMs will revert to the District of Columbia General Fund.

38.     The Parties agree that this is a claims-made settlement, requiring a SCM to formally submit a valid and completed Proof of Claim and Release Form, under penalty of perjury, in order to qualify and receive payment under this Settlement Agreement. In addition to and separate from any other payments called for in this Agreement, the District agrees to pay a SCM who complies with the requirements set forth in this Settlement Agreement according to a tier payment process as follows:

    a.   Strip Search Class Member: A Strip Search Class Member is a SCM who was subjected to a post-release strip search during the Class Period (as defined in ¶14). The District agrees to pay a SCM who qualifies as a Strip Search Class Member a sum of $1,000.00, no matter how many times the SCM was subjected to a strip search during the Class Period.

    b.   Overdetention Class Member: A SCM who was overdetained during the Overdetention Class Period (as defined in ¶15). The District agrees to pay a SCM who qualifies as an Overdetention Class Member a sum of $370.00 for the first calendar day of overdetention, plus $250 per day for each succeeding calendar day of overdetention.

39.     Notwithstanding the amounts set forth above to be paid to each class member, the parties have agreed to a maximum payout of $2.9 million. Accordingly, the amounts to be paid Class Members (not including class representatives) will be adjusted if the amount to be awarded SCMs exceeds $2.9 million. In that event, the amount that SCMs receive will be adjusted on a

pro-rated basis, which would result in payments to individual SCMs of amounts lower than those set forth above.

40.     The Parties agree that a *cy pres* fund is not necessary or warranted and no *cy pres* fund will be created under the terms of this settlement.

41.     The District will pay $475,000 (less any amounts deducted for review of claims, as set out in Paragraph 45, below) to the DOC for programs for the benefit of inmates, which funds shall be separate from and in addition to any other sums described in this Agreement.  These funds will not be disbursed until the review of claims, set out in Paragraph 45, below, is complete.  The District will serve on Plaintiffs' counsel a summary of the allocation of such funds, including a brief description of each program, how it benefits those being held in custody, and the amount of each allocation, no later than August 31, 2014.

42.     The District will pay $75,000, total, for the named plaintiffs and testifying plaintiffs. Allocation among the named and testifying plaintiffs will be determined by Class Counsel.

43.     All payments by the District set forth in this Agreement are subject to the availability of an appropriation, and will not be made until the fiscal year starting October 1, 2013, at the earliest.

## VI. <u>NOTICE AND ADMINISTRATION</u>

44.     The District will pay up to $250,000 for class administration and notice costs to an Administrator. The duties of the Class Administrator shall be set forth in greater detail in the Scope of Work to be sent to prospective Class Administrators. A contract for a Class Administrator must be finalized no later than Twenty-one (21) days after the Court grants preliminary approval of the Settlement Agreement. Once the contract is finalized, this clause is no longer conditional.

45.     The District will pay up to $75,000 for a group of three third-party reviewers to review all claims made by SCMs.  The parties will both solicit applications for third-party reviewers from among persons with expertise who are not former employees of the D.C. Department of Corrections.  All applicants must be willing to perform the review for twenty-eight dollars ($28.00) per hour.  From among eligible applicants, the District will select one third-party reviewer, and the Plaintiffs will select the second.  The two selected third-party reviewers will then select the third individual.  In performing the review, each reviewer will be randomly assigned jackets from potential SCMs for a first review.  If the first reviewer concludes that the SCM has a valid claim, that ruling will stand.  If the first reviewer concludes that the SCM does not have a valid claim, the other two reviewers will also review that SCMs jacket. The ruling by the majority of the three reviewers will then be final.  In the event $75,000 proves insufficient to complete the review of claims, the District will utilize the following sources of funds, in order, until review is complete: (1) any funds remaining from the $250,000 allocated for Class Administration; (2) any funds remaining from the $425,000 estimated for plaintiffs' costs; (3) the $475,000 allocated for inmate-processing at the DOC.

46.     Any funds allocated but not spent under the terms of this Agreement, including funds allocated to class members, shall revert to the District of Columbia General Fund.

47.     The Administrator shall be responsible for providing Class Notice. This shall comprise mailing Class Notice and a Proof of Claim and Release Form by regular mail to all Class Members' last known address.  The list of potential Class Members to-be-noticed shall be provided by Plaintiffs.  The Administrator shall also use normal and customary means to search for a Class Member's last known address, including the use of a postal database, when mail is returned, or whenever else it is appropriate in order to reasonably notify Class Members. In the event a Notice to a Class Member's last known address is returned as undeliverable, this will also include making determinations of the location and current mailing address of Class Members who are in state or federal prison, and re-sending notices to them at that address.

48.     The Class Notice shall describe the particulars of the case, provide the class definition, provide information for claimants to contact the Administrator for a claim form, and other usual and customary information. The Class Notice will be materially similar to the proposed Class Notice attached to this Settlement Agreement as Exhibit C.

49.     The Administrator shall complete the mailing of Class Notice within two consecutive business days. The second day of such mailing is the first day of the period for calculating the "Bar Date" and the "Claims Filing Date" as provided in ¶¶ 3 and 4.

50.     The Administrator shall be responsible for publishing a summary Class Notice as follows:

a.  The newspaper. In a newspaper of general circulation, notice shall run on four separate days, a week apart, over a four week period and shall be at least ¼ page in size; and

b.   Internet:  Notice shall be placed on the District's Department of Corrections website for One Hundred Twenty (120) days from the mailing of class notice ; and

c.  Correctional Facilities: Notice shall be placed in a prominent location for One Hundred Twenty (120) days from the mailing of class notice at the D.C. Jail and Correctional Treatment Facility.

51.     The Administrator shall be responsible for providing and receiving Proof of Claim and Release Forms.

a.  The Administrator shall, periodically, provide to the DOC copies of Proof of Claim and Release Forms received.

b.  For those Claim and Release Forms that are sufficiently filled out and executed, the DOC shall retrieve the relevant claimant jackets, and provide them to the third party reviewers, described in ¶ 45.  The DOC will make all reasonable efforts to locate the relevant claimant jackets given the information provided on the Claim and Release Forms.

c.   The Administrator shall post the relevant settlement documents (specifically, the settlement agreement, the preliminary approval order, the claim form, the class notice, the motion for attorney's fees court, the Final Approval Order and, if separate, the final order regarding attorney's fees and costs) on the internet on the website established for this case. Information about how to access this information will be contained in the class notice.  The information shall remain on the internet until all the checks to class members are mailed, and shall be periodically updated to address the timing of such mailings.

52.     A Proof of Claim and Release Form shall be deemed timely submitted when received by the Administrator, or postmarked, on or before the Claims Filing Date. Facsimile or electronic mail filings are not acceptable, will be deemed untimely filed, and shall not be considered by the Administrator.

53.     If a Class Member submits a timely claim form that is deficient in some respect, the Administrator shall provide written notice by First Class Mail and a 30 day time limit to provide a proper claim form, which notice shall inform the Class Members of what s/he must do in order to submit a proper claim. Failure to cure the deficiency within the 30-day time limit will bar any further rights for consideration of eligibility. Failure to fully and completely execute the individual Proof of Claim and Release Form shall constitute a deficiency under this Paragraph, and all payments to Class Members are expressly conditioned on the full and complete execution of that release.

54.     Untimely filed Proof of Claim and Release Forms shall be rejected by the Administrator and no payment shall be made.

55.     The Administrator shall make payments to SCMs who have filed timely claims in accordance with this Settlement Agreement within a reasonable time, with a goal of making payment within 120 days after the Effective Date. If a check to a SCM is not cashed within three months of its mailing, the Administrator shall hold the funds for five additional months, during which time it shall make reasonable efforts to contact the person to whom the un-cashed check was written to make arrangements for its cashing or reissuance. Any such funds not cashed within ten months of its mailing shall revert to the District.

56.     The Administrator shall not make payment to any SCM until all claims have been submitted to the Administrator pursuant to the terms of this Settlement Agreement, all verified claims and payments have been calculated, and all disputes relating to claims have been resolved. However, if the amount of the claims is such that all claims – whether they are valid or not – amount to less than the $2.9 Million allocated to SCMs under ¶¶35 and 38, then payments for claims that are confirmed valid shall be made as soon as possible regardless of the pendency or possibility of disputes relating to other claims.

## VII. <u>CLASS COUNSEL FEES</u>

57.     In addition to and separate from any other payments called for in this Agreement, the District will, subject to final approval by the Court after SCMs have had the opportunity to file any objections, pay Class Counsel $2 million, plus costs not to exceed $425,000.00. These

payments represent a full and final settlement of all claims for past, present and future attorneys' fees and all past, present and future ordinary and extraordinary costs related to the Lawsuit, including the cost of determining potential class members to receive notice, as described in ¶ 47.

58.     Class Counsel agrees and acknowledges that they are personally and solely responsible for any further taxes owed, if any, on the payments in ¶ 57 by any taxing authority, whether federal, state or local. Plaintiffs and Class Counsel acknowledge and understand that the District will report the payments to counsel set forth in this Agreement to the U.S. Internal Revenue Service. Reporting of payments to class members shall be the responsibility of the Class Administrator.

59.     Payment to Class Counsel shall be made by wire transfer as directed by class counsel immediately, but in any event no more than 30 days after the Effective Date. The District's obligation to make this Payment shall not accrue until Class Counsel has provided the information necessary to effectuate payment administratively, including the receipt of an original W-9 form and registration in the District's electronic procurement system, "PASS," for each payee.

## VIII.  PAYMENT LOGISTICS AND DISTRICT PROCUREMENT

60.     All payments by the District set forth in this Agreement are subject to the availability of an appropriation, and will not be made until the fiscal year starting October 1, 2013, at the earliest.

61.     Subject to ¶ 59, the District will submit the payments proposed in this Settlement Agreement for appropriation once the Court has given its preliminary approval.  These appropriation requests will be processed as expediently as possible.

62.     The Administrator cannot begin work under this agreement until payment is appropriated by the District for the Administrator contract.

## IX. EXCLUSION FROM SETTLEMENT CLASS—OPT OUTS

63.     Any Class Member who wishes to be excluded from the Settlement Class, i.e. any "Opt-Out" as defined in ¶ 11, must submit a request to be excluded from the class. The request for exclusion must be delivered to the Administrator, or postmarked, on or before the Bar Date or as the Court may otherwise direct.

64.     Each Class Member who chooses not to Opt-Out from this Settlement shall be deemed to have submitted to the jurisdiction of the Court with respect to his/her claim.

65.     Any Class Member who does not Opt-Out as set forth in this Settlement Agreement, shall be deemed conclusively to have become a SCM and to be bound by the Settlement Agreement and all subsequent proceedings, orders and judgments herein.

66.     Any Class Member who exercises an Opt-Out, as set forth in ¶ 60, shall not share in any monetary benefits provided by this Settlement Agreement.

67.     The Administrator will report to the District's counsel and Class Counsel all Opt-Outs upon receipt.

## X. <u>INTEGRATION</u>

68.     This Settlement Agreement supersedes all prior communications regarding the matters contained herein between the signatories hereto or their representatives. This Settlement Agreement is an integrated agreement and contains the entire agreement regarding the matters herein between the signatories hereto and no representations, warranties or promises have been made or relied on by any party hereto other than as set forth herein.

69.     This Agreement may not be amended or modified in any respect other than by an agreement in writing signed by the Parties and only if such amendment is agreed to prior to notice to the Class Members and Final Approval by the Court. This Agreement creates no obligations or duties on the part of the Parties other than as specifically stated in this Agreement. The Parties stipulate, agree, and acknowledge that nothing in this Agreement may be used by any person or entity for any purpose in any legal proceeding other than as stated specifically herein.

70.     This Settlement Agreement does not and is not intended to create any rights that can be relied upon or enforced by individuals who are not Parties (which term "parties" includes SCMs) to this Lawsuit. The Parties stipulate, agree, and acknowledge that this Agreement is not intended to create any third-party beneficiaries.

71.     None of the obligations and duties of any Party set forth in this Agreement may be assigned or delegated to any other person without the express, prior written consent of all other Parties. This Agreement is not severable except with the prior written consent of all Parties.

72.     All exhibits attached hereto are incorporated herein by reference and made a part of this Agreement. This Settlement Agreement was drafted by counsel for the parties hereto, and there shall be no presumption or construction against any party. This Agreement shall be governed by and construed and enforced in accordance with applicable federal statutes, federal decisional law, and the laws of the District of Columbia.

73.     Provided that all Parties hereto execute a copy of this Agreement, the Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Executed copies of this Agreement may be delivered by facsimile transmission or other comparable means. This Agreement shall be deemed fully executed and entered into on the date of execution by the last signatory required hereby.

## XI. PRELIMINARY APPROVAL, FAIRNESS HEARING, AND <u>FINAL ORDER OF APPROVAL</u>

74.     Before this Settlement Agreement becomes final and binding on the Parties, the Parties shall file a Joint Motion for Preliminary Approval of Settlement, and therein to request that the Court vacate its decertification of special damages (Dkt. No. 328; Dec. 7, 2011). Should the Court decline to vacate that decision, this Agreement is null and void.

75.    Before this Settlement Agreement becomes final and binding on the Parties, the Court shall hold a Fairness Hearing to determine whether to enter a Final Order of Approval. A proposed Final Order of Approval shall be submitted to the Court. In the event that a Final Order of Approval consistent with the terms set forth herein is not entered, either Party has the right to withdraw from the settlement.

## XII. <u>NO ADMISSION OR WAIVER</u>

76.    The Parties acknowledge and agree that all undertakings and agreements contained in this Settlement Agreement have been agreed to solely for the purpose of finally compromising and resolving all questions, disputes and issues between them relating to the litigation. This Settlement Agreement and any proceedings taken pursuant hereto shall not in any event be construed as, interpreted as, or deemed to be evidence of an admission or concession by either party for any purpose, or deemed to constitute a waiver of any legal position or any defenses or other rights which either of the Parties might otherwise assert in any context. Neither this Settlement Agreement nor any of its provisions nor any other documents related hereto nor any negotiations, statements or testimony taken in connection herewith may be offered or received in evidence in, or used for any other purpose, or in any suit, action or legal proceeding which either of them may now have or in the future have with any other person, as an admission or concession of liability or wrongdoing or as any admission or concession on the part of either party, except in connection with any action or legal proceeding to enforce this Settlement Agreement. The Parties have reached this Settlement Agreement on a commercial basis through arms-length negotiations and to avoid the costs and delays of further disputes, litigation and negotiations among them. This Settlement Agreement has been entered into without any concession of liability or non-liability whatsoever and has no precedential or evidentiary value whatsoever.

## XIII. <u>DUTY TO DEFEND AGREEMENT</u>

77.    The Parties and their counsel agree to defend this Agreement.  Counsel for Plaintiffs may not undertake the representation of objectors or persons who opt out of the settlement in any matter substantially related to the Released Claims if that representation conflicts with Counsel for Plaintiffs' obligations as Class Counsel; however, this prohibition is null and void to the extent it conflicts with the D.C. Rules of Professional Conduct including but not limited to Rule 5.6(b).  The Parties shall take no positions contrary to, or inconsistent with, the terms of the Agreement.

DATED: _____          By and through
                              Office of the Attorney General

                              IRVIN B. NATHAN
                              Attorney General for the District of Columbia


                              By: _____
                              Ellen Efros
                              Deputy, Public Interest Division

Attorneys for Defendant

DATED: _____   By: _____
William Claiborne
 Attorneys for Plaintiffs

DATED: _____   By: _____
Ralph Robinson
Attorneys for Plaintiffs

DATED: _____   By: _____
Barrett S. Litt
Attorneys for Plaintiffs

## LIST OF EXHIBITS REFERENCED IN SETTLEMENT AGREEMENT

| Exhibit A | The Settlement Agreement is this Exhibit to the Preliminary Approval Order |
|-----------|---------------------------------------------------------------------------|
| Exhibit B | Proof of Claim and Release Form |
| Exhibit C | Class Notice |

**PROOF OF CLAIM AND RELEASE FORM in *Barnes v. District of Columbia*, United States District Court for the District of Columbia, Case 06-0315 (RCL)**

I, _____ [print name], was incarcerated in the D.C. Jail or other facility operated by the D.C. Department of Corrections, at some point between September 1, 2005, and July 31, 2013; *OR*

I, _____ [print name], am the personal representative of _____ [print name of deceased], who has since died, but was incarcerated in the D.C. Jail or other facility operated by the D.C. Department of Corrections, at some point between September 1, 2005, and July 31, 2013:

**Instructions for completing the following questions:** Below you are asked to provide information to the best of your recollection. However, even if you do not know this information you may qualify as a class member. Fill out whatever information you know. Questions that you do not know may be left unanswered.  These questions are solely intended to facilitate finding you in the D.C. Department of Corrections' records. Those records will ultimately determine if you qualify as a class member.

You should, however, check the box at the beginning of each section (asking if you were overdetained or if you were strip searched after becoming entitled to release) if you believe it applies to you.  Failure to check either of these boxes may result in your claim not being evaluated with respect to that class.

The following is true to the best of my recollection and knowledge (please check all that apply and answer the follow-up questions, which are necessary to accurately process claims):

_____ I (or he or she) was overdetained as follows:

I (or he or she) was incarcerated from _____, ___, 20___ until _____, ___, 20___ (please be as precise as possible, as providing these dates will help to verify potential claims).

I (or he or she) became entitled to release by Court order, or the expiration of the sentence, on _____, ___, 20___.

I (or she or he) was not, in fact, released from the D.C. Jail or other facility operated by the D.C. Department of Corrections until _____, ___, 20___.

_____ I (or he or she) was strip searched as follows:

I (or he or she) was taken to court from a DOC facility on _____, ___, 20___ and  was ordered released by the court or otherwise became entitled to release by virtue of the court appearance.  Instead, I (or he or

she) was returned from court to the D.C. Jail or CTF or other District facility, to be processed out of DOC custody and was subjected to a strip search and/or visual body cavity search before being released.

| Current Address | Address of inmate at the time  of incarceration: |
|---|---|
| _____ <br><br> _____ <br><br> _____ | _____ <br><br> _____ <br><br> _____ |

Phone Number:_____

Date of Birth of Inmate:_____

SS#: _____

Other names, aliases under which you may appear in the D.C. records: _____

_____

I do solemnly swear, subject to the penalties of perjury, that the information provided on this form is true and correct to the best of my recollection and knowledge. By my signature, and in exchange for the sums to be provided as described in the Class Notice, I (or the estate for which I am personal representative) hereby waive and release all rights to any and all claims relating to overdetentions or strip searches by the District under any theory or cause of action whatsoever under District of Columbia law and federal law, up to and including July 31, 2013.

DATE: _____        SIGNED:        _____

                                                          Name

You must mail this completed form, before _____, 2013, to: *Barnes* Class Administrator, [[address]]

**Class and Settlement Notice**

NOTICE OF CLASS ACTION, PROPOSED CLASS SETTLEMENT AND HEARING

RE: *Barnes, et al. v. District of Columbia.,* **United States District Court for the District of Columbia, Case No. 06-0315 (RCL).**

This Class and Settlement Notice is available in Spanish.  Call toll-free_____ or visit the following website: _____**.com**. *(in Spanish)*

**If, between September 17, 2005, and July 31, 2013, you were incarcerated in the District Columbia Jail and either strip searched after the time you were ordered or entitled to release, or were not released by midnight of the day on which you became entitled to release,**

District of Columbia records show that **you may be a CLASS MEMBER.** Therefore, you may be entitled to receive MONEY.  To receive any money in this pending Settlement, **you must fill out and mail a Claim Form**.

There is currently pending a class action lawsuit involving such issues in the United States District Court for the District of Columbia.  The Court has certified the case as a class action, and there is a proposed Settlement.  If the proposed Settlement receives final court approval, CLASS MEMBERS are eligible to receive money.

**Your Claim Form**
must be **postmarked** or received by the Administrator
no later than _____ 2014.

**If you wish to "opt out," or be excluded from the Settlement, your opt-out letter must be postmarked or received by the Administrator by _____, 2014.**

**If You Wish to Claim Money,**
**Fill Out and Mail the Enclosed Claim Form Today. Do Not Wait. If you do not submit a claim on time, you will not receive any money, but will still be bound by the Settlement.**

If you receive more than one Claim Form, sign and file <u>all</u> Claim Forms you receive.

## NOTICE TO CLASS MEMBERS OF PROPOSED SETTLEMENT AGREEMENT

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. A SETTLEMENT HAS BEEN PROPOSED IN THE *BARNES* CASE THAT MAY AFFECT THE RIGHTS OF CERTAIN PERSONS WHO WERE INCARCERATED IN THE DISTRICT OF COLUMBIA JAIL AND OTHER FACILITIES.**

### Why did you get this notice?

1.  You should read this notice because you may be entitled to claim money from a class action settlement. The purpose of this notice is to inform you about a proposed settlement in the *Barnes* lawsuit. The settlement may affect the rights of certain people who were incarcerated in facilities operated by the District of Columbia's Department of Corrections. The settlement is not final. In order for the settlement to be final, the judge in this case, the Honorable Royce Lamberth, will hear from class members who wish to be heard and will then decide if the settlement is fair, reasonable, and adequate. If this notice applies to you, you will have an opportunity to file a claim, and indicate in writing if you object to the settlement, before the judge decides whether to approve it. **However, to receive funds from this lawsuit, you must file the accompanying proof of claim within the time explained in this Notice.**

2.  The rest of this notice explains the *Barnes* lawsuit, how to determine whether this lawsuit applies to you, the key terms of the proposed settlement, and how you can file the appropriate papers regarding your participation in the settlement.

### Does this notice apply to you?

3.  This notice applies to you if you were incarcerated in the D.C. Jail, the Correctional Treatment Facility ("CTF"), or any other facility operated by the Department of Corrections, at any time from September 1, 2005 through July 31, 2013 ("the Class Period"), and were not released by midnight on the date on which you were entitled to be released. This notice also applies to you if you were incarcerated during the time period above, were taken to court from a DOC facility, were ordered released by the court or otherwise became entitled to release by virtue of the court appearance, and were strip searched prior to your release.

### What is this lawsuit about?

4.  The *Barnes* lawsuit was brought in 2005 by a group of former inmates who believed that the District of Columbia's Department of Corrections kept them incarcerated past the time they were supposed to be released, or subjected them to a strip search after they had been to court and were entitled to release because of the court appearance. The people who initially brought the lawsuit, called the "named plaintiffs," are Carl A. Barnes, Dernard Hawkins, David Peterson, Toney James Malloy, Maurice Williams, and Razina Jones. They filed the lawsuit on their own behalf and on behalf of all other persons like them ("plaintiffs"). Carl A. Barnes is no longer a named plaintiff, and two additional named plaintiffs – Tyree Speight and Myra Diggs – have been added.

5. The plaintiffs sued the District of Columbia, whose agency, the Department of Corrections, operates the D.C. Jail and other facilities at which inmates are incarcerated. The District is the "Defendant" here, the party being sued.

6. The plaintiffs and the defendant have written down their agreement in a document called a "Settlement Agreement." Although, on _____, the judge preliminarily approved the agreement, the settlement is NOT FINAL. The settlement will be final only after the judge approves it after holding a public hearing called a "fairness hearing." Before the judge decides to approve the settlement, you can tell the judge if you do not like any part of it by filing in writing what is called an "objection", and you can ask the judge to let you speak at the fairness hearing (although whether he will do so is strictly up to him) .

**<u>What are the key terms of the Settlement Agreement?</u>**

7. The Settlement Agreement provides for monetary compensation for each plaintiff, based on the length of time they were "overdetained" and for qualifying strip searches. In exchange, the settlement class members are releasing all claims related to overdetentions or strip searches for the class period.

8. Without admitting any wrongdoing and to avoid litigating these claims, the Defendant has agreed to pay Six Million and Two Hundred Thousand Dollars and Zero Cents ($6,200,000.00) ("the Total Settlement Amount"), which is divided as follows

   a. Two Million and Nine Hundred Thousand Dollars and Zero Cents  ($2,900,000.00) to be paid to the settlement class members ("Distribution Fund");
   b. Two Million Dollars and Zero Cents ($2,000,000.00) for Plaintiffs' counsel for attorneys' fees and Four Hundred Twenty Five Thousand Dollars and Zero Cents ($425,000.00) for costs incurred by Plaintiffs' counsel;
   c. Seventy Five Thousand Dollars and Zero Cents ($75,000.00) for special payment to named Plaintiffs and other Plaintiffs who testified at trial, for their special assistance in the case;
   d. up to Seventy Five Thousand Dollars and Zero Cents ($75,000.00) for third-party review of disputed claims;
   e. Four Hundred Seventy Five Thousand Dollars and Zero Cents ($475,000.00) to the Department of Corrections to improve inmate processing; and
   f. up to Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00) for costs of administering the class settlement. Class Counsel's attorneys' fees and costs remain subject to Court approval. The Court will decide whether to approve these terms at the "Fairness Hearing."

9. The Distribution Fund will be distributed to Settlement Class Members who submit timely, valid Proof of Claim and Release Forms. The payments to Settlement Class Members who submit timely, valid Proof of Claim and Release Forms shall be determined and paid according to the following formula:

a.   Each Settlement Class Member who was subjected to an unlawful strip search during the Class Period will receive $1,000.00, no matter how many times he or she was strip searched.

b.   Each Settlement Class Member who was overdetained during the Class Period will receive $370.00 for the first day of overdetention, plus $250 per day for each succeeding full day of overdetention.

c.   *Each Settlement Class Member may receive lower amounts*. The Distribution Fund shall be distributed according to the number of valid and timely Proof of Claim and Release Forms received. The amounts to be paid Settlement Class Members (not including class representatives) will be adjusted if the amount to be awarded based on valid claims exceeds $2.9 million. In that event, the amount that Settlement Class Members receive will be adjusted on a pro-rated basis, which will result in payments to individual Settlement Class Members of amounts *lower* than those set forth above.

d.   Whether a claim is valid or not will be determined by review of records of the D.C. Department of Corrections. The proper and complete execution of your claim and release form is very important to that process because it will assist finding you in the D.C. records. If D.C. is unable to locate you in its records, your claim cannot be evaluated, and therefore cannot be paid.  If D.C. is able to locate you and your incarceration in its records based on your claim form, it will forward them to a neutral group of third-party reviewers who will determine the validity of the claim.  Determinations by the third-party reviewers are final and not subject to appeal. **Because your claim form is so critical to determining the validity of your claim, please be sure to complete it correctly, as your claim may not be able to be successfully processed if it is not accurate**.

e.   The settlement checks will be void if not cashed within six months.

10. The parties expect that the amount allocated for each class will be sufficient to pay each class member the amounts set forth previously based on the experience that not all class members file claims. However, it is possible that the parties are wrong, and that the amounts to be paid to class members will have to be adjusted. Thus, it is important that you understand that this is possible.

## Why Is This A Class Action?

11. In a class action, one or more persons, called the Class Representative(s), sue on behalf of a group of people who have similar claims – the Class Members.  One court then resolves the issues for all Class Members, except for those who exclude themselves from the class.

## Are There Lawyers Representing You?

12. The Court has approved lawyers (called "Class Counsel") to collectively represent you.  You will not be asked to pay your own personal money for the services of these attorneys and their associates and staff in litigating this case and negotiating this Settlement.  Instead, the lawyers have sought payment from the defendants, subject to final approval of the Court, as

is described further below.  Only Class Counsel may act on behalf of the class.  However, that does not prevent you from hiring your own lawyer to advise you personally about your rights, options or obligations as a Class Member in this lawsuit.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## What Do I Need To Do To Collect Money?

13. To get money from the Settlement, you *must* complete the enclosed Proof of Claim and Release Form, sign it, and mail it to the Claims Administrator on or before _____, 2014. By accepting the terms of this settlement, you will be waiving your right to assert a claim against the District of Columbia as it applies to overdetentions and strip searches during the Class Period. Therefore, if you do not want to waive these claims, you should opt-out of this settlement as described in section 17 of this Notice as set forth below.

14. The name and address of the Claims Administrator are: _____

15. The Class Administrator maintains a website titled www._____. You can go to it and obtain additional claim forms if you misplace yours. You can also obtain other information about the case on the website.

## What Happens If I Do Nothing?

16. If you do nothing, you will not receive any money. You will still be deemed part of the Class Action, and you will be releasing all claims you may have related to the allegations in the case. **Thus, it is very important that you act promptly to complete your claim form on time or you will not receive money but will still have no right to sue the District on these same issues.**

## What Do I Need To Do If I Want To Request Exclusion or "Opt Out" From the Settlement?

17. You may request to be excluded, or "opt out," from the Settlement. *Class Members who request to be excluded from the Settlement will NOT receive any money, nor will they have released their claims. They will then be entitled to pursue their claims individually.* To request to be excluded from the Settlement, you *must* prepare and submit a written request with your name and address. The request must state: "I do not want to be part of the plaintiff settlement class in the *Barnes* Class Action Case." The request must be signed by you and mailed to the Claims Administrator postmarked on or before _____, 2014. (The contact information for the Class Administrator is set out at ¶ 14. *Note that the date to file an Objection is different from, and earlier than, the date to file a claim.*

## What Must I Do To Object To The Settlement?

18. Any Settlement Class Member may object to the Settlement, or to any settlement term. Settlement Class Members must object in writing. You must file any objection by ___. *Note that the date to file an Objection is different from, and earlier than, the date to file a claim.* If

you object to any part of the Settlement Agreement and you want to tell the Judge, you have to do the following things:

• You must write a letter to the Judge telling him what you do not like about the Settlement Agreement. Include your name, address, phone number, and signature in the letter.

• On the first page of your letter write in large or underlined letters: "Civil Action No. 06-cv-0315 (RCL): Objections to Settlement Agreement in *Barnes v. District of Columbia*."

• Mail your letter to:

The Honorable Royce C. Lamberth
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

• You must also mail copies of your letter to the lawyers for the plaintiffs and defendant at the following addresses:

*Barnes* Class Counsel
Barrett S. Litt
Attention: Paralegal Julia White
Kaye, McLane, Bednarski & Litt
234 Colorado Blvd., Ste 230
Pasadena, CA 91101

(Although there are other class counsel, it is this office that will handle issues related to the settlement.)

AND

Office of the Attorney General for the District of Columbia
Re: *Barnes* Class Action
Andrew J. Saindon, Assistant Attorney General
Attention: Robin Massengale
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001

• If you need help writing your objections, you may ask someone to object on your behalf. The representative must state in the objection that he or she is your representative and explain the nature of the representation and the name of the class member.

19. You may object to all or any part of the settlement.

20. DO NOT CALL THE COURT. THE COURT WILL NOT ACCEPT PHONE CALLS ABOUT THIS. YOU MUST SUBMIT YOUR OBJECTIONS IN WRITING.

**What Is the Release of Claims?**

21. If you are a class member and have not excluded yourself from the class as described above, you are waiving all your rights to all claims during the class period related to strip searches and overdetentions, including even those you are not aware of at present or do not suspect, in exchange for a monetary payment.  By participating, you will not be giving up any other claim(s) that you may have against the District of Columbia not covered by this Settlement.

**Background of Settlement.**

22. Plaintiffs' lawyers believe that this Agreement is fair, reasonable, adequate, and is in the best interest of the class because it provides compensation for past injuries, while acknowledging that the DOC has substantially eliminated the problems the lawsuit was intended to address. Although Defendant denies that it has committed any wrongdoing, it believes that further litigation would be protracted, expensive, and contrary to its best interests. Thus, the Parties entered into settlement negotiations which resulted in the settlement. The Honorable Royce C. Lamberth has determined on a preliminary basis that the settlement is fair, reasonable, and adequate and in the best interests of the Class.

23. The judge will retain jurisdiction over the case to decide any disputes about compliance with the Settlement Agreement.

24. You may obtain a copy of the entire Settlement Agreement on the Department of Corrections' website at www.doc.dc.gov.

25. The lawyers for the plaintiffs are Barrett S. Litt and William Claiborne. Class members do not pay any fees to these lawyers. The fees are approved by the Court. The contact information for Plaintiffs' counsel is contained in ¶ 18 (referring to *Barnes* Class Counsel)

**When and where will the judge decide whether to approve the Settlement Agreement?**

26. A final fairness hearing will be held on _____, at _____ ___.m. before the Honorable Judge Royce C. Lamberth of the U. S. District Court for the District of Columbia, at the E. Barrett Prettyman United States Courthouse. The courthouse is located at 333 Constitution Avenue, NW, Washington, DC 20001. The hearing will be held in courtroom 22A.

27. At the final fairness hearing, the judge will consider whether the settlement is fair, reasonable, and adequate. The judge will consider any objections that were made according to the procedures described above. Plaintiffs' and defendant's lawyers will be available to answer any questions that the judge may have.

28. You may speak at the hearing only if you sent your objections to the judge in writing, and if the judge determines he will allow those who object to speak. If he does, he may decide to allow some and not others to do so.

29. If the judge decides to approve the settlement, his decision is final and the Lawsuit will end. The class members will no longer be able to petition the courts for the same things they sued about in the *Barnes* lawsuit.

30. If the judge does not approve the settlement, the Lawsuit will continue.

## When Will I Receive Money From the Settlement?

31. No money will be paid until after the Settlement is approved and all possibilities of appeal are completed.  After that, it will likely take two to three months, and quite possibly more, to process all the claims, calculate the amount due to each Class Member and receive the money to send to the Class Members.  If you file a claim and do not receive money within eight months after _____, 2014, which is the last day to mail or file a claim, check the website for this case about when mailings are expected, or contact the Class Administrator by either calling _____ or writing to the Class Administrator, whose contact information is contained in ¶ 14.

75.     Before this Settlement Agreement becomes final and binding on the Parties, the Court shall hold a Fairness Hearing to determine whether to enter a Final Order of Approval. A proposed Final Order of Approval shall be submitted to the Court. In the event that a Final Order of Approval consistent with the terms set forth herein is not entered, either Party has the right to withdraw from the settlement.

## XII. NO ADMISSION OR WAIVER

76.     The Parties acknowledge and agree that all undertakings and agreements contained in this Settlement Agreement have been agreed to solely for the purpose of finally compromising and resolving all questions, disputes and issues between them relating to the litigation. This Settlement Agreement and any proceedings taken pursuant hereto shall not in any event be construed as, interpreted as, or deemed to be evidence of an admission or concession by either party for any purpose, or deemed to constitute a waiver of any legal position or any defenses or other rights which either of the Parties might otherwise assert in any context. Neither this Settlement Agreement nor any of its provisions nor any other documents related hereto nor any negotiations, statements or testimony taken in connection herewith may be offered or received in evidence in, or used for any other purpose, or in any suit, action or legal proceeding which either of them may now have or in the future have with any other person, as an admission or concession of liability or wrongdoing or as any admission or concession on the part of either party, except in connection with any action or legal proceeding to enforce this Settlement Agreement. The Parties have reached this Settlement Agreement on a commercial basis through arms-length negotiations and to avoid the costs and delays of further disputes, litigation and negotiations among them. This Settlement Agreement has been entered into without any concession of liability or non-liability whatsoever and has no precedential or evidentiary value whatsoever.

## XIII. DUTY TO DEFEND AGREEMENT

77.     The Parties and their counsel agree to defend this Agreement.  Counsel for Plaintiffs may not undertake the representation of objectors or persons who opt out of the settlement in any matter substantially related to the Released Claims if that representation conflicts with Counsel for Plaintiffs' obligations as Class Counsel; however, this prohibition is null and void to the extent it conflicts with the D.C. Rules of Professional Conduct including but not limited to Rule 5.6(b).  The Parties shall take no positions contrary to, or inconsistent with, the terms of the Agreement.

DATED: __11/1/13__          By and through
                            Office of the Attorney General

                            IRVIN B. NATHAN
                            Attorney General for the District of Columbia

                            By: _____
                            Ellen Effros
                            Deputy, Public Interest Division

13

Attorneys for Defendant

DATED: _____   By: _____

William Claiborne
Attorneys for Plaintiffs


DATED: _____   By: _____
Ralph Robinson
Attorneys for Plaintiffs


DATED: _____   By: _____
Barrett S. Litt
Attorneys for Plaintiffs


LIST OF EXHIBITS REFERENCED IN SETTLEMENT AGREEMENT

| Exhibit A | The Settlement Agreement is this Exhibit to the Preliminary Approval Order |
| Exhibit B | Proof of Claim and Release Form |
| Exhibit C | Class Notice |

14

Attorneys for Defendant

DATED: _____     By: _____
                       William Claiborne
                       Attorneys for Plaintiffs

DATED: 4/6/2013        By: _____
                       Ralph Robinson
                       Attorneys for Plaintiffs

DATED: _____     By: _____
                       Barrett S. Litt
                       Attorneys for Plaintiffs

## LIST OF EXHIBITS REFERENCED IN SETTLEMENT AGREEMENT

| Exhibit A | The Settlement Agreement is this Exhibit to the Preliminary Approval Order |
|-----------|---------------------------------------------------------------------------|
| Exhibit B | Proof of Claim and Release Form |
| Exhibit C | Class Notice |

14

Attorneys for Defendant

DATED: _____      By: _____
                          William Claiborne
                           Attorneys for Plaintiffs


DATED: _____      By: _____
                          Ralph Robinson
                          Attorneys for Plaintiffs


DATED: _11/01/2013_       By: _____
                          Barrett S. Litt
                          Attorneys for Plaintiffs


## LIST OF EXHIBITS REFERENCED IN SETTLEMENT AGREEMENT

| Exhibit A | The Settlement Agreement is this Exhibit to the Preliminary Approval Order |
| --- | --- |
| Exhibit B | Proof of Claim and Release Form |
| Exhibit C | Class Notice |

14