UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARL BARNES,** *et al.,* <br><br> **Plaintiffs,** <br><br> v. <br><br> **THE DISTRICT OF COLUMBIA,** <br><br> **Defendant.** | **Civil Action No:**     06-0315 (RCL) |

**[PROPOSED] PRELIMINARY ORDER OF APPROVAL AND SETTLEMENT**

Upon consideration of the Parties' Joint Motion for Preliminary Order of Approval and Settlement, the Memorandum of Points and Authorities in Support thereof, the entire record herein, and it appearing that the relief should be granted, it is hereby ORDERED that:

WHEREAS, the above-captioned class action is pending before this Court; and

WHEREAS, on March 26, 2007, the Court certified a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), consisting of two (2) classes, *i.e.*,

An "Overdetention Class," consisting of (a) each person who has been, is, or in the future will be incarcerated in any District of Columbia Department of Corrections facility from September 1, 2005 forward; and (b) who was not released, or, in the future, will not be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired (hereafter "Overdetention Definition"); and

A "Strip Search Class," consisting of each person who was, or in the future will be, from September 1, 2005, forward: (i) in the custody of the District of Columbia Department of Corrections; (ii) taken to court from a Department of Corrections facility; (iii) ordered released by the court or otherwise became entitled to release by virtue of the court appearance because the

charge on which he had been held was no longer pending or was dismissed at the hearing, was ordered released on his own recognizance, or had posted bail, was sentenced to time served, was acquitted or was otherwise entitled to release; (iv) was not the subject of any other pending cases or cases which imposed any condition of release other than personal recognizance; (v) was not the subject of any detainer or warrant; (vi) was returned from court to the DC Jail or CTF or other District facility, to be processed out of Department of Corrections custody; and (vii) was subject to a strip search and/or visual body cavity search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons; before being released, regardless of whether he was overdetained (hereafter "Strip Search Definition"); and

WHEREAS, the Parties have jointly applied to the Court for an Order preliminarily approving the settlement of the above-named action in accordance with the terms and provisions of the Settlement Agreement dated November 1, 2013 (the "Settlement Agreement") which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of the Lawsuit; and

WHEREAS, the Court has read and considered that Settlement Agreement and the exhibits thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed, and with good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order (the "Preliminary Approval Order") incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Lawsuit, the Parties, and all members of the Class.

3. Class Counsel adequately represented the Class for the purpose of entering into and implementing the Settlement Agreement. Notice will be provided to all potential Class Members.

4. Having reviewed the Settlement Agreement (with its attachments and exhibits), the Court hereby preliminarily approves the Settlement Agreement and the settlement and its terms contemplated thereby, as being fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and as being the product of informed, arm's length, negotiation by counsel. The Settlement Agreement contains no deficiencies that would prevent preliminary approval. The Court directs the Parties to proceed with the settlement pursuant to the terms and conditions of the Settlement Agreement and exhibits thereto, subject to this Court's authority to determine whether finally to approve the Settlement.

5. Carl A. Barnes was a named class representative, but is now deceased. He is accordingly no longer an adequate class representative, and is removed as a Named Plaintiff without prejudice. Tyree Speight and Myra Diggs—both of whom testified at the March 2013 trial—are hereby added as class representatives.

6. The Court hereby VACATES its decertification of special damages (Dkt. No. 328; Dec. 7, 2011, because the Parties have agreed, and the Court finds it appropriate, to enter into this final settlement, which would resolve all claims, including any special damages claims. Accordingly, the concerns that led the Court to conclude it was appropriate to decertify special damages do not apply, as there will not be individualized damages determinations.

7. For purposes of this settlement only, the Court revises the Class Period and sets it as September 1, 2005, through July 31, 2013, for both the Strip Search and the Overdetention Classes.

8. The Court sets the following dates for purposes of this class action settlement:

   a. Final class-identifying information will be provided by the Plaintiffs to the Class Administrator within fourteen (14) days of the date of this Order;

   b. Mailing Class and Settlement Notice, and Claim Forms, to Class Members, as defined in the Settlement Agreement (Exhibit A), to be completed within two consecutive business days from start to finish. The first such mailing must be postmarked by December 12, 2013, and the last such mailing must be postmarked within one business day thereafter;

   c. Publication of summary notice and posting of the notice in all DOC facilities as provided in the Settlement Agreement (Exhibit A): effected by December 12, 2013;

   d. Filing of Plaintiffs' Motion for Award of Attorneys' Fees and Costs: Must be filed by  January 9, 2013;

   e. Filing of Class Members' Objections to any aspect of the Settlement (including Plaintiffs' Motion for Approval of Settlement of Attorneys' Fees and Costs): Must be filed by  February 12, 2014;

   f. Deadline to opt-out: Must be postmarked or received by February 25, 2014;

   g. Filing of Opposition or Reply to Objections (including to objections to award of attorneys' fees and costs): Must be filed by  February 28, 2014;

   h. Filing of Proposed Final Order of Approval, which shall contain the Parties' proposed language addressing any objections to the settlement timely filed by class members: Must be filed by February 28, 2014; and

     i.     Final Approval Hearing: March 14, 2014.

     j.     Deadline for filing class claims: Must be postmarked or received by April 11, 2014;

9. In the event that the class notice is not mailed and initially published within the time specified herein, the subsequent dates contained herein will be deferred for the number of additional days before such notice occurs without the need for additional court approval. However, the Court must approve any change of the date of the Final Approval Hearing.

10. The Court hereby finds that the proposed notice plan set forth in the Settlement Agreement and the form of Class Notice attached as Exhibit C to the Settlement Agreement, fully satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances to members of the Class. The Court hereby directs that the Class Notice be provided to the members of the Class substantially in the manner specified in the Settlement Agreement and substantially in the form as attached as Exhibit C to the Settlement Agreement, provided that the Parties, by agreement, may revise the Class Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy, and may adjust the layout of the Notice for clarity and efficient mailing.

11. The Court preliminarily approves and orders the use of Gilardi & Co., LLC as class administrators, contingent on the execution of an acceptable contract and subject to the availability of an appropriation.

12. All Class Members shall be bound by all determinations and judgments concerning the Settlement Agreement and the settlement contemplated hereby unless the class member has opted out of the settlement.

13. The Court's preliminary approval of the Settlement shall be subject to further consideration at a hearing to be held before this Court on March 14, 2014 at 10:00 a.m. (the "Fairness Hearing"). The Court will determine at or following the Fairness Hearing whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court. The date and time of the Fairness Hearing shall be set forth in the Class Notice.

14. By no later than 15 days prior to the Fairness Hearing, Class Counsel and counsel for the Defendant shall file with the Court any papers in support of final approval of the settlement.

15. The Court reserves the right to adjourn the Fairness Hearing from time to time without further notice by adjournment announced in open court and to rule upon the settlement at any time after the Fairness Hearing.

16. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to Class Members.

17. If for any reason the Settlement Agreement is not finally approved by the Court or otherwise does not become effective, this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc*, the Parties will revert to the positions they occupied prior to the execution of the Settlement Agreement, and all proceedings in connection with the settlement shall be without prejudice to the status quo ante rights of the Parties to the Lawsuit. In this event, the Parties expressly do not waive, and will not be construed to have waived, any claims, arguments, objections, and/or defenses.

IT IS SO ORDERED.

Signed by Royce C. Lamberth, Judge, on _____ 2013.