**UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CARL BARNES,** *et al.,* | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No:   06-0315 (RCL)** |
| **THE DISTRICT OF COLUMBIA,** | |
| **Defendant.** | |

**[~~PROPOSED~~] FINAL ORDER OF APPROVAL OF SETTLEMENT**

The Court, having held the Fairness Hearing on March 17, 2014, notice of the Fairness Hearing having been duly given in accordance with this Court's Preliminary Approval Order, the Court having considered all matters submitted to it at the Fairness Hearing and otherwise, including any objections by Class Members to the proposed settlement, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefor,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     This Order (the "Final Approval Order") incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings set forth in the Settlement Agreement. The Settlement Agreement

1

is attached as Exhibit A to the Court's Preliminary Approval Order, entered on November 11, 2013 (Doc. #466), and as modified on November 22, 2013 (Doc. #468).

2.      The terms of this Court's Preliminary Approval Order are incorporated by reference in this Order.

3.      The Court has jurisdiction over the subject matter of the Lawsuit, the Parties, and all members of the Class.

4.      Class Counsel adequately represented the Class for the purpose of entering into and implementing the Settlement Agreement. Class counsel has made reasonable efforts to consult with members of the class.

**Class Certified Under Federal Rules of Civil Procedure 23(b)(3)**

5.      This Court has certified an "Overdetention Class" and a Strip Search Class in this case, initially on March 26, 2007, and subsequently on November 8, 2013, in its Preliminary Order of Approval and Settlement. The class has been certified under Fed. R. Civ. Proc. 23(b)(3) and Class Members have the right to opt-out.

**Settlement Agreement is Fair, Adequate, and Reasonable**

6.      The Court hereby finds that the Settlement Agreement (including its exhibits and attachments) and the settlement contemplated thereby are the product

of arm's length, good faith settlement negotiations between the Defendant and Class Counsel.

7.     The Settlement Agreement and the settlement set forth herein are hereby approved and found to be fair, adequate and reasonable, in the best interest of the Class as a whole, and in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

8.     The Court hereby finds and concludes that class notice was disseminated to members of the Classes in accordance with the terms set forth in the Settlement Agreement, and was in compliance with this Court's Preliminary Approval Order. The Court further finds and concludes that the notice fully satisfied Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, was the best notice practicable under the circumstances, and supports the Court's exercise of jurisdiction over the Class as contemplated by the Settlement Agreement and this Order.

9.     The Court hereby finally approves the Settlement Agreement and the settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs consummation of the settlement pursuant to the terms and conditions of the Settlement Agreement. The Court finds the financial terms of the settlement favorable to class members. The average

recovery for each class member is expected to be higher than was the case in the predecessor *Bynum* case, and it includes payments for Over-detentions after the period January 1, 2007, even though Plaintiffs did not prevail on those over-detention claims.

10.     The fairness and adequacy of the settlement is reflected in the Class's satisfaction with the settlement. There were 21,479 total identified potential class members in the DOC Database, of whom, approximately 8,000 were likely class members.  After re-mailing returned mailings, the Class Administrator was able to mail successfully to 18,999 such potential class members.

11.     As of February 28, 2014, the Class Administrator had received and processed 1,224 Proof of Claim Forms, and as of the Fairness hearing, there were _____ Proof of Claim Forms filed. The last day for class members to file a Proof of Claim Form is April 11, 2014. There was only one objection (addressed in ¶ 14, *infra*) and 8 opt-outs (addressed in ¶ 13, *infra*) , which means that, even if opt-outs are considered individuals dissatisfied in some form with the result (a conclusion not borne out by the content of the opt-outs), approximately 0.1 % (1/10 of 1%) of class members expressed any type of arguable dissatisfaction.  This is a highly favorable reaction by the class to the settlement. See, e.g., *Vista Healthplan, Inc. v. Warner Holdings Co. III*, Ltd., 246 F.R.D. 349, 362 (D.D.C. 2007) (50 opt outs and one objection out of 41,561 notices sent; the few opt outs and "existence of

4

even a relatively few objections certainly counsels in favor of approval"); *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 398-99 (D.D.C. 2002) (13 objectors and 14 opt outs from class where over 13,000 copies of the class notice were sent; "[t]he fact that such an overwhelming majority of class members elected to stay in the class evidences a favorable reaction by the class to the settlement" and objections were not well taken and relatively low in numbers); *Hughes v. Microsoft Corp.*, 2001 WL 34089697, 8 (W.D.Wash. 2001) (court found that the "class members overwhelmingly support[ed] the settlement" where there were over 37,000 notices sent out, 2,745 class members participated in the settlement, "only nine objections were submitted", and there were 86 timely opt-outs and over 20 additional defective or untimely opt-outs; "these indicia of the approval of the class of the terms of the settlement support a finding of fairness under Rule 23"), citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir.1998) (despite vigorous objections and appeal by objectors, "fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness"; court did not abuse its discretion in approving settlement); *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir.1977) (approximately 1% of 31,000 class members opted out; "the fact that the overwhelming majority of the class willingly

approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness").

**Opt-Outs Filed**

12.    There were 8 Opt-outs filed.

    a.    Other than Simon Banks, the opt-outs generally consisted of 1-2 lines and stated noting more than that the individual opting out did not want to be part of the plaintiff class action settlement.  The opt-outs did not express disapproval of the settlement. Thus, there is no reason to conclude that even those few opting out were dissatisfied with the settlement.

**Objections Filed**

13.    There was 1 objection filed.

    a.    The only objection filed was filed by Chat Lowe. After reviewing Mr. Lowe's objection, the Court finds Mr. Lowe's objections to be without merit, and not in the best interest of the Class. Mr. Lowe's objections are difficult to follow, and at times inconsistent. It seems that the crux of Mr. Lowe's objections has to do with whether actions taken by the DOC directed at Mr. Lowe personally were intentional, deliberate and intended to cause him harm. Mr. Lowe concedes that that Class Counsel and Class Members should be adequately

compensated, but at the same time that the terms of the Settlement

Agreement setting forth compensation (Sections 8, 9 and 10 on the

Class Notice) should be reexamined, but offers no coherent

explanation as to whether or why he believes the terms are unfair to

the class. Mr. Lowe's objection is **over ruled.** To the extent that Mr.

Lowe's objection is construed as an objection as to the amount of

attorneys' fees and costs, Mr. Lowe's objection is **over ruled**, as the

Court finds that the amount of attorneys' fees and costs sought is

reasonable.

    i.  The Court further orders that Mr. Lowe's objection, which

        clearly reflects his belief he has been injured and that he is a

        class member, be treated as a Proof of Claim Form. Mr. Lowe

        did not submit an Opt-Out, and as such is otherwise bound by

        the terms of the Settlement Agreement and entitled to

        compensation under it.

**Notice**

14.     As required by the Court in its Preliminary Approval Order: (a) Class

and Settlement Notice were mailed to all potential class members or their

representatives whose addresses could be obtained with reasonable diligence; and

(b) Class Settlement and Notice were published and posted in all DOC facilities and provided for in the Settlement Agreement and Preliminary Approval Order.

15.    The Notice given to the class is hereby determined to be fully in compliance with both the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Notice given is further found to be the best notice practicable under the circumstances and therefore, constitutes due and sufficient notice to all parties.

16.    Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the hearing, it is hereby determined that all Class Members, except those who have opted out of the settlement (who are listed in Exhibit 1 to this Order) are bound by this Final Order of Approval of Settlement.

**Class Counsel**

17.    The Court reaffirms appointment of Barrett S. Litt of Kaye, McLane, Bednarski & Litt, William Claiborne, and Ralph Robinson as Class Counsel. It addresses their request for attorneys' fees and costs in a separate order.

**Appointment of Class Administrator**

18.    Pursuant to the Preliminary Approval Order, Gilardi & Co. was appointed to be the Class Administrator. The Court approves and affirms that appointment, finds that the Class Administrator was qualified, and has discharged

8

its responsibilities as the Class Administrator. The Class Administrator, to the extent its duties are not yet completed, is authorized to by this Order to complete those duties.

**Amendment to the Settlement Agreement**

19.     The Court orders that pursuant to further agreement between the parties, the following language supersedes and replaces Paragraph 45 of the Settlement Agreement:

a.   The District will pay up to $75,000 for a group of third-party reviewers to review all disputed claims made by SCMs. If possible, the parties will contract with Correctional Management and Communications Group, LLC, ("CMGC"), or a similar company, to provide the third-party reviewers.  In the event a contract with such a company cannot be finalized for any reason, the Parties will agree on another set of reviewers.  In any event, the Parties will make all reasonable efforts to ensure the total cost of review does not exceed $75,000.  In the event $75,000 proves insufficient to complete the review of claims, despite the best efforts of the Parties, the District will utilize the following sources of funds, in order, until review is complete: (1) any funds remaining from the $250,000 allocated for Class Administration; (2) any funds remaining from the $425,000

estimated for plaintiffs' costs; and (3) the $475,000 allocated for inmate-processing at the DOC.

**General Provisions**

20.   Proof of Claim Forms not received or post-marked by April 11, 2014, shall not be paid, although such persons shall nonetheless be bound by this Order.

21.   All Class Members except those who timely filed opt-out forms shall be bound by this Order.

22.   Except as provided by this Order, and an order on Attorneys' Fees and Costs, each party shall bear its own expenses and attorney's fees.

23.   At the conclusion of the Class Distribution, the Class Administrator shall submit a report to the Court and the parties summarizing the payments made to the class, and seeking any final administrative costs to be approved.

**Final Resolution**

24.   The Court hereby dismisses this Lawsuit, with prejudice, and without fees or costs to any party except as otherwise expressly provided by the Settlement Agreement.

25.   Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the hearing, it is hereby determined that all Class Members, except those who have

opted out of the settlement, listed in Exhibit 1 to this Order, are bound by this Final Order of Approval and Settlement.

26.     Subject to paragraph 27 below, each and every Class Member hereby unconditionally, fully and finally releases and forever discharges Defendant, its agents, servants, officers, officials, and/or employees, from further claims that arise out of the allegations raised by Plaintiffs in the complaint or any amended complaint in the Lawsuit.

27.     This order is binding on all settlement class members and their privies and prevents them from bringing a subsequent suit alleging the same or similar claims for relief as contained in the complaint or in any amended complaint in this Lawsuit and based upon facts occurring prior to the execution of the Settlement Agreement.

28.     If for any reason the settlement contemplated by the Settlement Agreement does not become effective (whether as a result of further judicial review or otherwise), this Final Judgment and Order of dismissal, including but not limited to the releases contemplated by paragraph 27 above, shall be rendered null and void and vacated *nunc pro tunc*, the Parties will revert to the positions they occupied prior to the execution of the Settlement Agreement, and all proceedings in connection with the settlement shall be without prejudice to the *status quo ante* rights of the Parties to the Lawsuit. In this event, the Parties expressly do not

waive, and will not be construed to have waived, any claims, arguments, objections, and/or defenses.

29.     The Court approves the Settlement Agreement, which was attached to the Preliminary Approval Order (Dkt. #466) and is part of the settlement record in this case, and the Court retains jurisdiction to enforce the Settlement Agreement's terms, although no party anticipates that there should be any issue regarding implementation of the Settlement Agreement.

30.     Failure to comply with the provisions of the Settlement Agreement shall not be a basis for an entry of contempt or sanctions against the Defendant, but the Court may enter any otherwise appropriate order as needed to enforce the terms of the Settlement Agreement pursuant to its retention of jurisdiction as stated in ¶29.

31.     From the date of this Order forward, each Party shall bear its own costs, including attorneys' fees.

32.     Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter this order on the docket forthwith.

IT IS SO ORDERED.

Signed by Royce C. Lamberth, Judge, on _Mar. 18_ 2014.

12