# UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF COLUMBIA

CARL BARNES, *et al.*,

        Plaintiffs,

v.

THE DISTRICT OF COLUMBIA,

        Defendant.

Civil Action No:    06-0315 (RCL)

---

## [~~PROPOSED~~] ORDER ON PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS [DKT. #472] [SUPPLEMENTED]

Upon consideration of Plaintiffs' Petition for Attorneys' Fees and Costs [Dkt. #472], and the Declaration of Barrett S. Litt Supplementing Plaintiffs' Petition for Costs, and it appearing that the requested relief should be granted, the Court hereby ORDERS:

    1.    That in addition to and separate from any other payments called for in the Class Action Settlement Agreement (Settlement Agreement)[1] or Consent Order Dismissing Case with Prejudice and Retaining Jurisdiction for Purposes of Enforcing Settlement Agreement (Final Approval Order), the District of Columbia will pay Class Counsel $2 million, plus costs of $425,000. The explanation for the calculation of costs is addressed further on in this order. These payments represent a full and final settlement of all claims for past, present and future attorneys' fees and all past, present and future ordinary and extraordinary costs related to the

---

[1] This Order on Plaintiffs' Petition for Attorneys' Fees and Costs incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings as set forth in the Settlement Agreement.

Lawsuit, including the cost of determining potential class members to receive notice.

2.    In connection with the award of $2 Million, the Court determines as follows:

    a.  Class Counsel engaged in protracted efforts over a period of seven years to obtain this settlement, which the Court considers to be an outstanding settlement. The court considers the results in this case to have been exceptional.

    b.  This was complex litigation, involving novel issues and extensive and novel use of expert, statistical evidence, including determination of potential class members and the size of the class. The effort that went into the case is reflected in the settlement. There is extensive documentation of the time spent by counsel to attest to the exceptional effort that went into this case, and the Court has reviewed the file, which also reflects the extensive work performed on both sides. Great effort went into the resolution of this case, not only through litigation, but through many hours of mediation. This case was hotly contested both on its merits and on whether the classes would be certified, including extensive summary judgment motions and a trial on one part of the Overdetention Class. In addition, there are unique challenges in litigating against the District of Columbia, of which the Court is well aware.

    c.  The outcome of this case was unclear and subject to serious risk of lack of success at the time the case was filed and as events unfolded, especially in light of post-filing strip search decisions from the United States Supreme Court and the D.C. Court of Appeals. The Court is

aware that cases of this nature are extremely risky and burdensome for plaintiffs' counsel.

d.  Class Counsel did an outstanding job and obtained exceptional results for the class. The hourly rates identified in Plaintiffs' Petition for Attorneys' Fees and Costs do not account for exceptional results, and are based on hourly rates for lawyers of the experience, skill and expertise of Class Counsel independently from the results obtained and from any contingent risk. In determining the appropriate fee, the Court has considered the outstanding results as well as the risks involved in this litigation. The Court notes that, in this case, a statutory fee award pursuant to 42 US.C. §1988 could, and likely would, exceed the size of this award.

e.  The Court considers that substantial benefits were conferred on the class beyond the monetary recovery for the class, in that this litigation ensured that the reforms established in the Bynum case would be fully implemented, and additional funds ($475,000, less any amounts deducted for review of claims) were committed under the Settlement Agreement to DOC programs for the benefit of inmates.

f.  Class Counsel are highly experienced and capable civil rights attorneys. The Court finds the hourly rates contained in the fee petition reasonable for attorneys of their skill, experience, reputation and expertise, before accounting for outstanding results or contingent risk. The Court also finds the hours expended (which are also set forth in estimated form in the Fee Petition) reasonable for litigation of this complexity and duration.

g. The Court notes that there were a total of 8 opt outs and 1 objection, which the Court considers low and to reflect the overwhelming satisfaction of the class with the settlement and the Class Counsel.

h. The Court awards the total expenses delineated by Class Counsel as a cost award in this case. Plaintiffs are awarded $425,000 in costs. This is explained further in ¶3, *infra*.

i. The Court has considered the objection of 1 class member. To the extent that the objection can be construed as an objection to the request for attorney's fees, the Court finds that it is not well taken. The Court has discussed this objection in the portion of this Final Approval Order discussing and overruling objections to the Settlement (¶13) and will not repeat that discussion here.

j. The Court has considered there to be a Total Fund of $6,000,000, and has analyzed the fee as a percentage of that Total Fund. The Court has determined to award one third of the $6,000,000 Class Fund as an attorneys' fee award in this case.

k. One third is within the range of what is customarily awarded. Chief Judge Hogan of this District found that the presence of the following factors warranted the higher fee award of 34% in *Vitamins Antitrust Litig.*, 2001 U.S. Dist. LEXIS 25067, 36 (D.D.C. 2001): exceptional benefits to a large class; extensive time and effort exerted by the attorneys and the existence of complex legal and factual issues. These factors are present in this case. In addition, the court notes that this percentage fee is the same as that granted in *Bynum v. Dist. of Columbia*, 412 F. Supp. 2d 73, 84-86 (D.D.C. 2006), and is equally appropriate here.

3.      The Court awards Class Counsel $425,000 in costs, the total amount provided for in the Settlement Agreement. The total amount of costs incurred by Class Counsel in the litigation of the Lawsuit was $411,983.36, and of that total, $298,901.29 were costs paid to experts, advanced by Class Counsel over the 7 years that it has taken for this Lawsuit to resolve. The Court finds it reasonable to award Class Counsel the full $425,000 (the maximum amount of costs allowable under the settlement agreement), when taking into account the total amount expert costs ($298,901.29), other litigation costs ($113,082.07) and interest on advanced expert costs ($33,796.13)[2]. These combined costs well exceed the $425,000 provided for in the Settlement Agreement.

4.      The Court believes that the foregoing cost and fee award is reasonable in light of all the factors involved, including the complexity of the case, the novelty of the legal issues, the exceptional efforts made by Class Counsel, the exceptional results obtained by Class Counsel, the outstanding monetary and non-monetary benefits visited upon the Class and the community at large through Class Counsel's efforts, the risky nature of the litigation for which Class Counsel received no compensation during the many years of litigation, and the market expectation in the legal market for an enhancement in contingent fee cases to compensate for litigation risk.

_____

[2] It is within the Court's discretion to award interest to address delay in payment. *See, e.g., Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283-84, 109 S. Ct. 2463, 2468-69 (1989) ("an appropriate adjustment for delay in payment-whether by the application of current rather than historic hourly rates or otherwise-is within the contemplation of the statute"). See also, e.g., *West Virginia v. United States*, 479 U.S. 305, 310, 107 S.Ct. 702 (1987) (prejudgment interest is a matter of discretion and "is an element of complete compensation.); accord, *Oldham v. Korean Air Lines* Co., 127 F.3d 43, 54 (D.C.Cir.1997) (quoting *Motion Picture Ass'n of Amer. v. Oman*, 969 F.2d 1154, 1157 (D.C.Cir.1992)) (decision to award, and how to compute, prejudgment interest rests within the sound "discretion of the court [subject to] equitable considerations"); *Forman v. Korean Air Lines*, Co., 84 F.3d 446, 450 (D.C.Cir.1996) (using prime rate for interest calculation).

7

IT IS SO ORDERED.

_3/18/14_
DATE

ROYCE C. LAMBERTH
United States District Judge