UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CARL BARNES, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 06-315 (RCL) |
| THE DISTRICT OF COLUMBIA | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Upon consideration of the plaintiffs' Motion to Extend Time [488] and the defendant's Opposition [489] thereto, the Court hereby GRANTS the plaintiffs' Motion and extends the deadline for filing claim forms to April 25, 2014.

### I. BACKGROUND

Prior opinions of this Court have detailed the complex factual and procedural background of this litigation at length. *See, e.g.*, *Barnes v. District of Columbia*, 793 F. Supp. 2d 260 (D.D.C. 2011). For present purposes, the Court will recount only those facts relevant to this opinion.

Plaintiffs—a class of individuals alleging improper detention and/or strip searching by the District of Columbia Department of Corrections—filed suit in 2006, claiming violations of the Fourth, Fifth, and Eighth Amendments. The parties reached a settlement agreement on November 4, 2013, which the Court preliminarily approved on November 8, 2013. *See* Joint Mot. For Prelim. Approval by the Court, ECF No. 465, Ex. 2 (Settlement Agreement, Nov. 4, 2013) [hereinafter Settlement Agreement]; Prelim. Order of Approval of Settlement, ECF No.

466 [hereinafter Prelim. Order]. As the class members include current or former prisoners widely dispersed throughout the District and beyond, the Court's Order required that the class administrator provide the "best notice practicable under the circumstances." Prelim. Order ¶ 10. To this end, the settlement agreement provided for notice via newspapers, the internet, and posting in correctional facilities. Settlement Agreement ¶ 50(a)–(c). Once class members were notified of the settlement, the agreement required that members submit a Proof of Claim and Release Form ("claim form") by April 11, 2014. *Id.* Following a fairness hearing on March 18, 2014, the Court entered final approval of the settlement agreement. Final Order of Approval of Settlement, ECF No. 484 [hereinafter Final Order].

On April 10, 2014, class counsel filed the present motion, notifying the Court that, despite making a good faith effort to obtain and submit claim forms prior to the deadline, fourteen putative class members were unable to do so. Mot. for Extension of Time 2–3, ECF No. 488 [hereinafter Pls.' Mot.]. Each of these claimants requested a form in advance of the deadline, but was unable to receive, complete, and return the form before April 11. To accommodate these class members, class counsel has requested that the Court modify the Final Order and extend the claims deadline until April 25. For the reasons explained below, the Court GRANTS the plaintiffs' motion.

## II. ANALYSIS

Collectively, Federal Rules of Civil Procedure 6(b) and 60(b) provide that a court may relieve a party from a final judgment in cases of "excusable neglect." In the class action context, the Court of Appeals has adopted the factors set forth by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), to determine whether excusable neglect exists. *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir.

2003). These factors include: "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id*. Significantly, excusable neglect "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 1210 (internal quotations omitted). Applying these factors to the present case, the Court finds that modification of its Final Order is appropriate.

First, any prejudice to the District is minimal. In its Opposition, the District argues that, because the settlement agreement permits any funds not distributed to class members to revert to the District, "even a few additional claims will reduce [the reversion amount] as a matter of simple math." Mem. in Opp. to Mot. for Extension of Time 3, ECF No. 489 [hereinafter Def.'s Opp.]. Though true, that fact does not equate to any significant prejudice under these circumstances. Based upon the class definition, there are between 5,000 and 10,000 persons who are class members by virtue of being strip searched or improperly detained by the District. Pls.' Mot. 5. To date, only 1,582 have submitted claim forms. *Id*. The inclusion of an additional fourteen claims, and thus the danger of prejudice to the District, is infinitesimal in comparison to the District's potential exposure. Prejudice to the District is further reduced by the fact that, despite not having completed formal claim forms, the District was notified of the additional claims within the proper time. This situation is therefore distinguishable from cases wherein a defendant is unfairly surprised by claimants who appear after the deadline has passed. Moreover, whatever prejudice the District faces is easily outweighed by the remaining *Pioneer* factors.

Second, the length of the delay—two weeks—will have no effect whatsoever on the judicial proceedings. This litigation has meandered for eight years. Allowing a mere two-week extension can only serve to enhance the fairness of these proceedings.

Combining the third and fourth factors, the Court finds that although the submission of claim forms was within the reasonable control of class members and class counsel, the reason for the delay was reasonable and motivated by a good faith effort to comply with the settlement agreement and subsequent order of this Court.

There is absolutely no evidence before the Court that the administrator, class counsel, or the class members have acted in bad faith; rather, it appears that the tardy submission of claim forms is a result of the necessarily imperfect method of notice in this case. Because many of the class members were incarcerated or difficult to locate, the settlement agreement provided for notice by publication in newspapers, on the internet, and paper postings in prisons. While such notice is generally adequate, it is not ideal. *See, e.g.*, *City of New York v. New York, N. H. & H. R. Co.*, 344 U.S. 293, 296 (1953) ("Notice by publication is a poor and sometimes a hopeless substitute for actual service of notice. Its justification is difficult at best."). Indeed, "[i]n too many instances notice by publication is no notice at all." *Walker v. City of Hutchinson, Kan.*, 352 U.S. 112, 117 (1956). Each of the tardy claimants indicated that while they were notified of the settlement, the notice did not include a claim form. The delay in submitting a timely claim form was not caused by bad faith but rather an honest attempt to comply with the settlement agreement. Accordingly, the Court finds that modification of the Final Order is proper as the failure to submit timely claim forms was due to excusable neglect.

The cases cited by the District are easily distinguishable. First, the District cites *Pigford v. Johanns*, 416 F.3d 12 (D.C. Cir. 2005) to support its position that it is entitled to "rely on the

hard-fought bargain struck between the parties." Def.'s Opp 6. Although the Court of Appeals in *Pigford* upheld the district court's refusal to extend the claim deadline in a class action, the Circuit noted that it would have been equally proper for the district court to grant an extension. 416 F.3d 12, 20 (D.C. Cir. 2005) ("Although the district court might have been warranted in modifying the deadlines based on class counsel's failure to meet deadlines, as we explained supra, the court did not abuse its discretion in declining to do so."). Indeed, the district court had twice extended the time for submitting claims at the request of class counsel, *Id*. at 14–15, and did not take the zero-tolerance position advanced by the District in this case.

The second case cited by the District, *Dahingo v. Royal Caribbean Cruises, Ltd.*, 312 F. Supp. 2d 440, 447 (S.D.N.Y. 2004), is a district court case from another jurisdiction that is contrary to the precedent in this Circuit. There, the court denied modification of a claims deadline based upon a strict application of contract law principles and dismissed the *Pioneer* factors as being "of little relevance . . . , since it concerned the construction of a term in the Federal Rules of Bankruptcy, not principles for implementing settlement agreements." *Dahingo* is clearly inapplicable as the D.C. Circuit has adopted the *Pioneer* framework for excusable neglect to determine whether modification of a class settlement agreement is warranted. *See In re Vitamins Antitrust Class Actions*, 327 F.3d at 1209.

For the foregoing reasons, paragraph twenty of the Court's Final Order shall be modified *nunc pro tunc* to read:

> 20. Proof of Claim Forms not received or post-marked by April 25, 2014, shall not be paid, although such persons shall nonetheless be bound by this Order.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on May 1, 2014.