UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL BARNES, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No. 06-0315 (RCL) |

In response to the Court's order of August 1, 2019, Dkt. 519, Plaintiffs'
counsel submits the following declaration.

## DECLARATION OF BARRETT S. LITT

1. I am an attorney duly licensed in the State of California, and a partner  in
   the law firm of Kaye, McLane, Bednarski and Litt in Pasadena, California.  I
   was admitted Pro Hac Vice as a counsel of record in the instant action.

2. Individual claimants who submitted a timely claim form were advised in
   writing by the Claims Administrator whether or not the claim had been
   accepted or rejected after validation by the D.C. Department of Corrections.

3. The formula for determining the amount of each payment was set out in
   detail in ¶10 of the Class and Settlement Notice which was distributed by
   mail to identified potential class members. They were potential because, only
   after a claim was submitted and their jacket reviewed by the independent
   auditors retained for that purpose under the settlement was it determined
   that they were actual class members.

1

4.  Additionally, the notice was posted on the Claims Administrator's web site, and was available in both English and Spanish. A copy of this notice is attached hereto as Ex. A.

5.  After several inquiries from Mr. Marcus Levi Brown concerning the status of his payment, my office began an investigation into the circumstances of his concerns which revealed the following:

    (a) A representative of the Claims Administrator's office advised that Mr Brown has an approved claim, and that his check had been mailed on May 22, 2019 to the address given by Mr. Brown.  He further advised that the check sent to Mr. Brown had not been returned by the post office, nor had it been cashed.

    (b) Several telephone calls were placed by my office to the administrative office and the mail room at Jessup Correctional Institution in Jessup, Maryland where Mr. Brown is housed.  According to the prison records and mail room logs, no evidence exists that Mr. Brown's check had ever been received by that institution.

    (c) Under the assumption that Mr. Brown's check was lost in the mails, inquiries began of the Claims Administrator as to the steps necessary to have this check re-issued.  We were advised that the first step to get this accomplished would be to verify Mr. Brown's Social Security number.

    (d) Since we had no document in our files with the necessary number, the

2

claims representative of the Attorney General's office was contacted and asked for the number appearing for Mr. Brown in their database. The Social Security number provided by the AG's office did not match the number on Mr. Brown's claim form. Nothing further could be done until this conflict had been resolved.

(e) After several unsuccessful attempts to reach Mr. Brown by phone, or to leave a message for him to call my office, a letter explaining the status of his payment was sent to him on July 24, 2019. A copy of that letter is attached hereto as Ex. B. Mr. Brown called the office on August 6 to give us his correct Social Security number, which was one digit different from that given by the AG's office.

(f) The number given by Mr. Brown was promptly forwarded to the Claims Administrator. This number was deemed to be correct and was verified as accurate by the Social Security Administration on August 27, 2019. Consequently, on September 5 a check is being issued payable to Marcus L. Brown in the amount of $2,633.52. This check will be sent overnight to my office to be delivered via priority mail to Mr. Brown.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on the 2nd day of September, 2019 at Pasadena, California

> /s/ Barrett S. Litt_____
> BARRETT S. LITT, Pro Hac Vice
> Kaye, McLane, Bednarski & Litt
> 975 East Green Street.
> Pasadena, CA 91106
> Phone (626) 844-7660
> Fax (626) 844-7670
> Email: blitt@kmbllaw.com
> *Counsel for Named Plaintiffs and the Classes*

**Exhibit A**

**Class and Settlement Notice**
NOTICE OF CLASS ACTION, PROPOSED CLASS SETTLEMENT AND HEARING
RE: *Barnes, et al. v. District of Columbia.,*
**United States District Court for the District of Columbia,**
**Case No. 06-0315 (RCL).**

This Class and Settlement Notice is available in Spanish. Call toll-free 1-877-258-3743 or visit the following website: www.gilardi.com/barnesvdcsettlement.

**If, between September 1, 2005, and July 31, 2013, you were released from the District Columbia Jail and either strip searched after the time you were ordered or entitled to release, or were not released by midnight of the day on which you became entitled to release, you may be a class member entitled to relief.** Therefore, you may be entitled to receive MONEY. To receive any money in this pending Settlement, **you must fill out and mail a Claim Form.**

There is currently pending a class action lawsuit involving such issues in the United States District Court for the District of Columbia. The Court has certified the case as a class action, and there is a proposed Settlement. If the proposed Settlement receives final court approval, CLASS MEMBERS are eligible to receive money.

**Your Claim Form** must be **postmarked** or received by the Administrator no later than **April 11, 2014**.

**If you wish to "opt out," or be excluded from the Settlement, your opt-out letter must be postmarked or received by the Administrator by February 25, 2014.**

**If You Wish to Claim Money, Fill Out and Mail the Enclosed Claim Form Today. Do Not Wait. If you do not submit a claim on time, you will not receive any money, but will still be bound by the Settlement.**

If you receive more than one Claim Form, sign and file all Claim Forms you receive.

<u>**NOTICE TO CLASS MEMBERS OF PROPOSED SETTLEMENT AGREEMENT**</u>

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. A SETTLEMENT HAS BEEN PROPOSED IN THE *BARNES* CASE THAT MAY AFFECT THE RIGHTS OF CERTAIN PERSONS WHO WERE INCARCERATED IN THE DISTRICT OF COLUMBIA JAIL AND OTHER FACILITIES.**

<u>**Why did you get this notice?**</u>

1.  You should read this notice because you may be entitled to claim money from a class action settlement. The purpose of this notice is to inform you about a proposed settlement in the *Barnes* lawsuit. The settlement may affect the rights of certain people who were incarcerated in facilities operated by the District of Columbia's Department of Corrections. The settlement is not final. In order for the settlement to be final, the judge in this case, the Honorable Royce Lamberth, will hear from class members who wish to be heard and will then decide if the settlement is fair, reasonable, and adequate. If this notice applies to you, you will have an opportunity to file a claim, and indicate in writing if you object to the settlement, before the judge decides whether to approve it. **However, to receive funds from this lawsuit, you must file the accompanying proof of claim within the time explained in this Notice.**

2.  The fact that you have been sent a notice does not mean that you qualify as a class member and are entitled to compensation, but only that you may be. This is because the District's database information is not detailed enough to determine if someone is a class member entitled to compensation. Thus, the notice is being sent to all those the database suggests could be class members, and more detailed information will be reviewed for those who file claims to decide if they are actually class members. ACCORDINGLY, IF YOU BELIEVE YOU ARE OR MAY BE A CLASS MEMBER, YOU SHOULD FILE A CLAIM FORM, BUT THIS DOES NOT MEAN YOU ARE ENTITLED TO MONEY. EACH CLAIM WILL BE ANALYZED BY AN INDEPENDENT REVIEWER, WHO WILL REVIEW ALL THE RELEVANT JAIL INFORMATION AND DETERMINE WHETHER THE CLAIMANT QUALIFIES AS A CLASS MEMBER OF EITHER CLASS. THIS PROCESS WILL LIKELY TAKE A FEW MONTHS TO COMPLETE. IF YOU FILE A CLAIM, YOU WILL BE SENT A LETTER TELLING YOU WHETHER YOU DO OR DO NOT IN FACT QUALIFY WHEN THE REVIEW IS COMPLETE; IF YOU DO NOT QUALIFY, YOU WILL NOT BE ENTITLED TO MONEY.

3.  The rest of this notice explains the *Barnes* lawsuit, how to determine whether this lawsuit applies to you, the key terms of the proposed settlement, and how you can file the appropriate papers regarding your participation in the settlement.

<u>**Does this notice apply to you?**</u>

4.  This notice applies to you if you were incarcerated in the D.C. Jail, the Correctional Treatment Facility ("CTF"), or any other facility operated by the Department of Corrections, at any time from September 1, 2005 through July 31, 2013 ("the Class Period"), and were not released by midnight on the date on which you were entitled to be released. This notice also applies to you if you were incarcerated during the time period above, were taken to court from a DOC facility, were ordered released by the court or otherwise became entitled to release by virtue of the court appearance, and were strip searched prior to your release.

<u>**What is this lawsuit about?**</u>

5.  The *Barnes* lawsuit was brought in 2005 by a group of former inmates who believed that the District of Columbia's Department of Corrections kept them incarcerated past the time they were supposed to be released, or subjected them to a strip search after they had been to court and were entitled to release because of the court appearance. The people who initially brought the lawsuit, called the "named plaintiffs," are Carl A. Barnes, Dernard Hawkins, David Peterson, Toney James Malloy, Maurice Williams, and Razina

Jones. They filed the lawsuit on their own behalf and on behalf of all other persons like them ("plaintiffs"). Carl A. Barnes is no longer a named plaintiff, and two additional named plaintiffs – Tyree Speight and Myra Diggs – have been added.

6. The plaintiffs sued the District of Columbia, whose agency, the Department of Corrections, operates the D.C. Jail and other facilities at which inmates are incarcerated. The District is the "Defendant" here, the party being sued.

7. The plaintiffs and the defendant have written down their agreement in a document called a "Settlement Agreement." Although, on November 8, 2013 the judge preliminarily approved the agreement, the settlement is NOT FINAL. The settlement will be final only after the judge approves it after holding a public hearing called a "fairness hearing." Before the judge decides to approve the settlement, you can tell the judge if you do not like any part of it by filing in writing what is called an "objection", and you can ask the judge to let you speak at the fairness hearing (although whether he will do so is strictly up to him) .

## What are the key terms of the Settlement Agreement?

8. The Settlement Agreement provides for monetary compensation for each plaintiff, based on the length of time they were "overdetained" and for qualifying strip searches. In exchange, the settlement class members are releasing all claims related to overdetentions or strip searches for the class period.

9. Without admitting any wrongdoing and to avoid litigating these claims, the Defendant has agreed to pay Six Million and Two Hundred Thousand Dollars and Zero Cents ($6,200,000.00) ("the Total Settlement Amount"), which is divided as follows

   a. Two Million and Nine Hundred Thousand Dollars and Zero Cents   ($2,900,000.00) to be paid to the settlement class members ("Distribution Fund");

   b. Two Million Dollars and Zero Cents ($2,000,000.00) for Plaintiffs' counsel for attorneys' fees and Four Hundred Twenty Five Thousand Dollars and Zero Cents ($425,000.00) for costs incurred by Plaintiffs' counsel;

   c. Seventy Five Thousand Dollars and Zero Cents ($75,000.00) for special payment to named Plaintiffs and other Plaintiffs who testified at trial, for their special assistance in the case;

   d. up to Seventy Five Thousand Dollars and Zero Cents ($75,000.00) for third-party review of disputed claims;

   e. Four Hundred Seventy Five Thousand Dollars and Zero Cents ($475,000.00) to the Department of Corrections to improve inmate processing; and

   f. up to Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00) for costs of administering the class settlement. Class Counsel's attorneys' fees and costs remain subject to Court approval. The Court will decide whether to approve these terms at the "Fairness Hearing."

10. The Distribution Fund will be distributed to Settlement Class Members who submit timely, valid Proof of Claim and Release Forms. The payments to Settlement Class Members who submit timely, valid Proof of Claim and Release Forms shall be determined and paid according to the following formula:

    a. Each Settlement Class Member who was subjected to an unlawful strip search during the Class Period will receive $1,000.00, no matter how many times he or she was strip searched.

    b. Each Settlement Class Member who was overdetained during the Class Period will receive $370.00 for the first day of overdetention, plus $250 per day for each succeeding full day of overdetention.

    c. *Each Settlement Class Member may receive lower amounts.* The Distribution Fund shall be distributed according to the number of valid and timely Proof of Claim and Release Forms received. The amounts to be paid Settlement Class Members (not including class representatives) will be adjusted if the amount to be awarded based on valid claims exceeds $2.9 million. In that event, the amount that Settlement Class Members receive will be adjusted on a pro-rated basis, which will result in payments to individual Settlement Class Members of amounts *lower* than those set forth above.

    d. Whether a claim is valid or not will be determined by review of records of the D.C. Department of Corrections. The proper and complete execution of your claim and release form is very important to that process because it will assist finding you in the D.C. records. If D.C. is unable to locate you in its records, your   claim cannot be evaluated, and therefore cannot be paid.   If D.C. is able to locate you and your incarceration in its records based on your claim form, it will forward them to a neutral group of third-party reviewers who will determine the validity of the claim.   Determinations by the third-party reviewers are final and not subject to appeal. **Because your claim form is so critical to determining the validity of your claim, please be sure to complete it correctly, as your claim may be able to be successfully processed if it is not accurate**.

    e. The settlement checks will be void if not cashed within six months.

11. The parties expect that the amount allocated for each class will be sufficient to pay each class member the amounts set forth previously based on the experience that not all class members file claims. However, it is possible that the parties are wrong, and that the amounts to be paid to class members will have to be adjusted. Thus, it is important that you understand that this is possible.

## Why Is This A Class Action?

12. In a class action, one or more persons, called the Class Representative(s), sue on behalf of a group of people who have similar claims – the Class Members.   One court then resolves the issues for all Class Members, except for those who exclude themselves from the class.

## Are There Lawyers Representing You?

13. The Court has approved lawyers (called "Class Counsel") to collectively represent you. You will not be asked to pay your own personal money for the services of these attorneys and their associates and staff in litigating this case and negotiating this Settlement. Instead, the lawyers have sought payment from the defendants, subject to final approval of the Court, as is described further below. Only Class Counsel may act on behalf of the class. However, that does not prevent you from hiring your own lawyer to advise you personally about your rights, options or obligations as a Class Member in this lawsuit. If you want to be represented by your own lawyer, you may hire one at your own expense.

## What Do I Need To Do To Collect Money?

14. To get money from the Settlement, you *must* complete the enclosed Proof of Claim and Release Form, sign it, and mail it to the Claims Administrator on or before **April 11, 2014**. By accepting the terms of this settlement, you will be waiving your right to assert a claim against the District of Columbia as it applies to overdetentions and strip searches during the Class Period. Therefore, if you do not want to waive these claims, you should opt-out of this settlement as described in section 17 of this Notice as set forth below.

15. The name and address of the Claims Administrator is:

*Barnes, et al. v. District of Columbia*
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael CA 94912-8060

16. The Class Administrator maintains a website titled www.gilardi.com/barnesvdcsettlement. You can go to it and obtain additional Claim Forms if you misplace yours. You can also obtain other information about the case on the website.

## What Happens If I Do Nothing?

17. If you do nothing, you will not receive any money. You will still be deemed part of the Class Action, and you will be releasing all claims you may have related to the allegations in the case. **Thus, it is very important that you act promptly to complete your claim form on time or you will not receive money but will still have no right to sue the District on these same issues.**

## What Do I Need To Do If I Want To Request Exclusion or "Opt Out" From the Settlement?

18. You may request to be excluded, or "opt out," from the Settlement. *Class Members who request to be excluded from the Settlement will NOT receive any money, nor will they have released their claims. They will then be entitled to pursue their claims individually.* To request to be excluded from the Settlement, you *must* prepare and submit a written request with your name and address. The request must state: "I do not want to be part of the plaintiff settlement class in the *Barnes* Class Action Case." The request must be signed by you and mailed to the Claims Administrator postmarked on or before **February 25, 2014**. The request for exclusion must be mailed to the Claims Administrator at *Barnes, et al. v. District of Columbia* C/O Gilardi & Co. LLC, P.O. BOX 6002 Larkspur, CA 94977-6002. *Note that the date to file an Opt Out is different from and earlier than, the date to file a claim.*

## What Must I Do To Object To the Settlement?

19. Any Settlement Class Member may object to the Settlement, or to any settlement term. Settlement Class Members must object in writing. You must file any objection by **February 12, 2014**. *Note that the date to file an Objection is different from and earlier than, the date to file a claim.* If you object to any part of the Settlement Agreement and you want to tell the Judge, you have to do the following things:

- You must write a letter to the Judge telling him what you do not like about the Settlement Agreement. Include your name, address, phone number, and signature in the letter.

- On the first page of your letter write in large or underlined letters: "Civil Action No. 06-cv-0315 (RCL): Objections to Settlement Agreement in *Barnes v. District of Columbia*."

- Mail your letter to:

The Honorable Royce C. Lamberth
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

- You must also mail copies of your letter to the lawyers for the plaintiffs and defendant at the following addresses:

| | | |
|---|---|---|
| *Barnes* Class Counsel<br>Barrett S. Litt<br>Attention: Paralegal Julia White<br>Kaye, McLane, Bednarski & Litt<br>234 Colorado Blvd., Ste 230<br>Pasadena, CA 91101<br>(Although there are other class counsel, it is<br>this office that will handle issues related to<br>the settlement.) | **AND** | Office of the Attorney General for the District of Columbia<br>Re: *Barnes* Class Action<br>Andrew J. Saindon, Assistant Attorney General<br>Attention: Robin Massengale<br>441 Fourth Street, NW, 6th Floor South<br>Washington, DC 20001 |

- If you need help writing your objections, you may ask someone to object on your behalf. The representative must state in the objection that he or she is your representative and explain the nature of the representation and the name of the class member.

20. You may object to all or any part of the settlement.

21. DO NOT CALL THE COURT. THE COURT WILL NOT ACCEPT PHONE CALLS ABOUT THIS. YOU MUST SUBMIT YOUR OBJECTIONS IN WRITING.

## What Is the Release of Claims?

22. If you are a class member and have not excluded yourself from the class as described above, you are waiving all your rights to all claims during the class period related to strip searches and overdetentions, including even those you are not aware of at present or do not suspect, in exchange for a monetary payment.   By participating, you will not be giving up any other claim(s) that you may have against the District of Columbia not covered by this Settlement.

## Background of Settlement.

23. Plaintiffs' lawyers believe that this Agreement is fair, reasonable, adequate, and is in the best interest of the class because it provides compensation for past injuries, while acknowledging that the DOC has substantially eliminated the problems the lawsuit was intended to address. Although Defendant denies that it has committed any wrongdoing, it believes that further litigation would be protracted, expensive, and contrary to its best interests. Thus, the Parties entered into settlement negotiations which resulted in the settlement. The Honorable Royce C. Lamberth has determined on a preliminary basis that the settlement is fair, reasonable, and adequate and in the best interests of the Class.

24. The judge will retain jurisdiction over the case to decide any disputes about compliance with the Settlement Agreement.

25. You may obtain a copy of the entire Settlement Agreement on the Department of Corrections' website at www.doc.dc.gov.

26. The lawyers for the plaintiffs are Barrett S. Litt and William Claiborne. Class members do not pay any fees to these lawyers. The fees are approved by the Court. The contact information for Plaintiffs' counsel is contained in paragraph 19 (referring to *Barnes* Class Counsel)

## When and where will the judge decide whether to approve the Settlement Agreement?

27. A final fairness hearing will be held on **March 17, 2014** at 10:00 a.m. before the Honorable Judge Royce C. Lamberth of the U. S. District Court for the District of Columbia, at the E. Barrett Prettyman United States Courthouse. The courthouse is located at 333 Constitution Avenue, NW, Washington, DC 20001. The hearing will be held in courtroom 22A.

28. At the final fairness hearing, the judge will consider whether the settlement is fair, reasonable, and adequate. The judge will consider any objections that were made according to the procedures described above. Plaintiffs' and defendant's lawyers will be available to answer any questions that the judge may have.

29. You may speak at the hearing only if you sent your objections to the judge in writing, and if the judge determines he will allow those who object to speak. If he does, he may decide to allow some and not others to do so.

30. If the judge decides to approve the settlement, his decision is final and the Lawsuit will end. The class members will no longer be able to petition the courts for the same things they sued about in the *Barnes* lawsuit.

31. If the judge does not approve the settlement, the Lawsuit will continue.

## When Will I Receive Money From the Settlement?

32. No money will be paid until after the Settlement is approved and all possibilities of appeal are completed.   After that, it will likely take two to three months, and quite possibly more, to process all the claims, calculate the amount due to each Class Member and receive the money to send to the Class Members.   If you file a claim and do not receive money within eight months after **April 11, 2014**, which is the last day to mail or file a claim, check the website for this case about when mailings are expected, or contact the Class Administrator by either calling 1-877-258-3743 or writing to the Class Administrator, whose contact information is contained in paragraph 15. Remember that some people who file claims will not be receiving money at all because they do not qualify as class members, and those individuals will be notified that they do not qualify as class members.

**Exhibit B**

## KAYE, McLANE, BEDNARSKI & LITT, LLP
ATTORNEYS AT LAW
975 East Green Street
Pasadena, California 91106
Phone: 626-844-7660
Fax: 626-844-7670

RONALD O. KAYE
DAVID S. McLANE
MARILYN E. BEDNARSKI
BARRETT S. LITT

KEVIN LaHUE
CAITLIN S. WEISBERG
LINDSAY BATTLES
LAURA DONALDSON

July 24, 2019

Marcus Levi Brown, #422800
Jessup Correctional Institution
Housing Unit C-A #101
Post Office Box 534
Jessup, Maryland 20794

Re: Barnes, et al. v. District of Columbia, et al.

Dear Mr. Brown:

This letter will bring you current on our efforts to resolve the problem with your check in the Barnes matter. Checks to the class members were mailed from the claims administrator on May 22, 2019.  I have spoken with personnel in the JCI mail room, and have been advised that your check was never received by the institution.  I have attempted to get a message to you to call our office, but have been unable to have that message delivered.

Since your check has never been returned to the claims administrator, and since it was never delivered to you, it is reasonable to assume that it has been lost in the mail.  With this in mind, the claims administrator has agreed to reissue your check and send it directly to our office to ensure proper delivery to you. HOWEVER your Social Security number must be verified before a second check can be issued.  We encountered a problem with this requirement.  We do not have a copy of your original claim form and do not know what your Social Security number is.  The number provided by the District of Columbia's records does not match the number on your claim form.  The number given to us is 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.  **It is imperative that you clarify your accurate Social Security number before your check can be reissued**.  Please call the office at the number above, or send us the proper number as soon as possible.

Yours truly,

Julia C. White

Paralegal

**KAYE, McLANE, BEDNARSKI & LITT, LLP**
Attorneys at Law
975 East Green Street
Pasadena, California 91106

FIRST-CLASS

US POSTAGE
02 1P          $ 000.50⁰
0002602020      JUL 24 2019
MAILED FROM ZIP CODE 91106

**LEGAL MAIL**

Marcus Levi Brown #422800
Jessup Correctional Institution
Housing Unit C-A #101
Post Office Box 534
Jessup, Maryland 20794